# CIVIL COVER SHEET

JS 44 (Rev. 12/96)

**04-00036**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pedro Agravante
Corita Agravante

## DEFENDANTS
Japan Airlines International

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Guam
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Foreign Corp
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William Gavras
208 Route 4
Hagatna   472-2302

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☒ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Warsaw Convention

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ $250,000
JURY DEMAND: CHECK YES only if demanded in complaint

RECEIVED JUL 20 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiffs
PEDRO P. AGRAVANTE, JR. and
CORITA B. AGRAVANTE



FILED
DISTRICT COURT OF GUAM
JUL 2 0 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

PEDRO P. AGRAVANTE, JR. and
CORITA B. AGRAVANTE,

Plaintiffs,

vs.

JAPAN AIRLINES INTERNATIONAL
CO., LTD.,

Defendant.

CIVIL CASE NO. 04-00036

COMPLAINT FOR DAMAGES
and DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE, by and through their counsel and by way of their Complaint, allege as follows:

### GENERAL ALLEGATIONS

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1332.

2.  At all times material hereto Plaintiffs PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE were and are Citizens of the United States of America and residents of Guam and husband and wife.

**Agravante et. al. v. Japan Airlines International, et. al.,**
Complaint For Damages and Demand for Jury Trial
July 20, 2004

3. Upon information and belief, at all times material hereto, Defendant JAPAN AIRLINES INTERNATIONAL CO. LTD., was and is a foreign corporation incorporated in Japan and authorized to do business in Guam and was actively engaged in the business of airline transportation.

4. At all times mentioned herein and upon information and belief, said Defendant JAPAN AIRLINES INTERNATIIONAL CO. LTD. is liable herein as principle, officer, agent, master, servant, employer, employee and partner. Furthermore, the corporate Defendant is liable for the acts of its employees and agents under the theory of Respondeat Superior.

## COUNT I

5. Plaintiffs re-adopt and re-allege each and every allegation as stated in paragraphs 1 through 4 as if fully set forth herein.

6. Upon information and belief, on July 20, 2002, at all times material hereto, Defendant JAPAN AIRLINES INTERNATIONAL CO. LTD. was a common carrier engaged in the business of transporting paying passengers in aircraft it owned, leased, operated, managed, maintained, and/or controlled. As a common carrier, Defendant JAPAN AIRLINES INTERNATIONAL CO. LTD. was obligated to provide the highest degree of care to its passengers.

7. Upon information and belief, on July 20, 2002 and at all times material hereto, Defendant JAPAN AIRLINES INTERNATIONAL CO. LTD. was authorized to do and was doing business in Guam for the purpose of providing transportation/aircraft to passengers and as a common carrier was obligated to provide the highest degree of care to its passengers.

**Agravante et. al. v. Japan Airlines International, et. al.,**
**Complaint For Damages and Demand for Jury Trial**
**July 20, 2004**

8. On or about July 20, 2002, Defendant owned, leased and/or was responsible for Flight #981, which was used to transport its passengers as a common carrier, and which aircraft Defendant operated, maintained, and/or otherwise controlled by and through agents and/or employees, acting within the course and scope of their employment.

9. On or about July 20, 2002, Defendant accepted Plaintiff PEDRO P. AGRAVANTE, JR. as a ticketed passenger for said flight #981 originating in Japan, ultimately destined for Guam.

10. On or about July 20, 2002, said aircraft had departed from Japan, carrying PEDRO P. AGRAVANTE, JR as a ticketed passenger on said flight.

11. While on said flight PEDRO P. AGRAVANTE, JR suffered severe injuries which were proximately caused by the negligence and wrongdoing of the Defendant JAPAN AIRLINES INTERNATIONAL CO. LTD..

12. Defendant through its employees and agents, was negligent and breached its duty to PEDRO P. AGRAVANTE, JR in the following manner:

    a. Defendant through its agents and/or employees, failed to take adequate measures to secure the airlines' equipment during flight operations.

    b. Defendant through its agents and/or employees, failed to take adequate measures to protect the safety and well-being of PEDRO P. AGRAVANTE, JR.

    c. Defendant through its agents and/or employees, failed to render, provide and/or secure necessary immediate medical attention for PEDRO P. AGRAVANTE, JR.

**Agravante et. al. v. Japan Airlines International, et. al.,**
**Complaint For Damages and Demand for Jury Trial**
July 20, 2004

      d.    Defendant failed to furnish the subject aircraft with sufficient medical equipment and safety devices and measures.

      e.    Defendant by and through its agents and or employees, departed from accepted airline industry standard practice in failing to take adequate measures to protect the safety and well-being of the ticketed passenger, PEDRO P. AGRAVANTE, JR.

13.    As a direct and proximate result of the negligence and carelessness of the Defendant, PEDRO P. AGRAVANTE, JR suffered severe and grievous injuries and/or the aggravation of a pre-existing condition and sustained physical and mental pain and suffering, anguish, grief, humiliation, personal inconvenience, loss of the capacity for the enjoyment of life.

14.    The cause of the severe and grievous injuries, the injuries themselves and/or the aggravation of the aforementioned pre-existing condition suffered by PEDRO P. AGRAVANTE, JR constitutes an "accident" within Article 17 of the Warsaw Convention.

15.    The accident was the result of willful misconduct on the part of Defendant.

16.    The accident caused the aforementioned injuries and/or the aggravation of the aforementioned pre-existing condition.

17.    The above described actions of the Defendant was a cause of the aforementioned injuries and/or the aggravation of the aforementioned pre-existing condition.

**Agravante et. al. v. Japan Airlines International, et. al.,**
**Complaint For Damages and Demand for Jury Trial**
**July 20, 2004**

18. PEDRO P. AGRAVANTE, JR as a proximate result has incurred medical expenses, and suffered emotional and physical grievous pain and discomfort, loss of enjoyment of life, and lost income, all in an amount to be determined at trial:

    a. as a direct and proximate result of the Defendant's negligence described herein;

    b. as a causational result of the accident;

    c. as a direct and proximate result of the accident; and/or

    d. as a causational result of the above-described actions and conduct of the Defendant.

19. The foregoing actions and conduct by Defendant through its employees and agents, exhibited a callous, cruel, careless, oppressive, willful and/or reckless indifference to the safety, welfare, and well being of PEDRO P. AGRAVANTE, JR. By reason of the conduct described herein, Defendant should be compelled to compensate Plaintiff in the amount of $250,000.

20. As a direct and proximate result of the injuries suffered by Plaintiff PEDRO P. AGRAVANTE, JR, his wife Plaintiff CORITA B. AGRAVANTE lost the services, affection, consortium and companionship of her husband and therefore is entitled to judgment against Defendant in the amount of $150,000.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief against the Defendant as follows:

1. In all Counts, for General and Special Damages to be determined according to proof at the time of trial;

Agravante et. al. v. Japan Airlines International, et. al.,
Complaint For Damages and Demand for Jury Trial
July 20, 2004

2. In Count II for exemplary and punitive damages.

3. For costs of suit, attorney fees according to law, and pre-judgment interest according to law;

4. For such other and further relief as the Court deems just and proper.

/////

/////

/////

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in the above-entitled action.

LAW OFFICES OF GORMAN & GAVRAS

Date: July 2̲0̲, 2004.

By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Plaintiffs
PEDRO P. AGRAVANTE, JR. and
CORITA B. AGRAVANTE