CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
DEC - 8 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; DECLARATION OF SERVICE** |

### DEFENDANT'S ANSWER TO COMPLAINT

1. Paragraph 1 regarding federal question jurisdiction is admitted.

2. Paragraph 2 regarding citizenship and residency of Plaintiffs is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Japan Airlines International Co., Ltd. admits it is a corporation authorized to conduct airline transportation business but denies it operated the flight in question, Flight 981 from Narita, Japan to Guam, in July 2002.

4. Paragraph 4 is denied.

5. The forgoing paragraphs 1 - 4 are by reference re-stated here in answer to Paragraph 5.

6. Paragraph six (6) is denied. On July 20, 2002 passengers on Flight No. JO981 were entitled to and did receive due care. All other allegations not specifically admitted are denied.

7. Paragraph seven (7) is denied. On July 20, 2002 passengers on Flight No. JO981 were entitled to and did receive due care. All other allegations not specifically admitted are denied.

8. Paragraph eight (8) is denied. On July 20, 2002 passengers on Flight No. JO981 were entitled to and did receive due care. All other allegations not specifically admitted are denied.

9. Pedro P. Agravante was a passenger on Flight 981 on the date stated. All other allegations not specifically admitted are denied.

10. Pedro P. Agravante was a passenger on Flight 981 on the date stated.

11. Paragraph 11 is denied.

12. Paragraphs 12(a) - (e) are denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraphs 18 (a) - (d) are denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

## DEFENSES

1. The complaint fails to state a cause of action under the applicable law.

2. The complaint fails to state a claim upon which relief may be granted.

3. Defendant neither caused nor contributed to cause any harm to Plaintiffs.

4. Defendant neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained nor breached any duty owed to Plaintiff as an aircraft passenger or otherwise.

5. Plaintiffs' claims are barred or must be reduced to the extent that the acts or omissions of Plaintiffs, other parties or one or more third parties were partially or fully the proximate cause of any damages alleged and sustained by Plaintiffs.

6. Plaintiffs' claims are barred or must be reduced in accordance with Plaintiffs' failure to mitigate any damages they may have sustained.

7. Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the law applicable to the aircraft flight in question.

8. Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the international convention(s) governing the aircraft flight in question.

9. Plaintiffs' claims are barred or must be reduced in accordance with fault attributable to Plaintiffs and others, said fault being partially or fully the proximate cause of any alleged loss or damages.

10. Plaintiffs' prayer for relief and damages lacks sufficient specificity and seeks compensation for damages not available under applicable law and international conventions.

11. Plaintiff Pedro Agravante was not injured.

12. Plaintiff Corita Agravante has no cognizable claim.

13. Defendant reserves the right to assert additional defenses that may become apparent as discovery and investigation continues. No such defense shall be deemed to have been waived.

DATED: Hagåtña, Guam, December 8, 2004.

CARLSMITH BALL LLP

*[signature]*
DAVID LEDGER
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## **DECLARATION OF SERVICE**

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 8th day of December 2004, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; DECLARATION OF SERVICE

upon Plaintiffs Counsel of record as follows:

William L. Gavras, Esq.
Law Offices of Gorman & Gavras, P.C.
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910

Executed this 8th day of December 2004 at Hagåtña, Guam.

_____
DAVID LEDGER