ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM

DEC 1 5 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE.<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' "PETITION" REGARDING "CONFLICT OF INTEREST"; DECLARATION OF SERVICE |

I.  Introduction.

Plaintiffs seeks to disqualify Carlsmith Ball LLP ("Carlsmith") as legal counsel for Defendant Japan Airlines on grounds that do not exist in the law or the Guam Rules of Professional Conduct. Instead, Plaintiffs seek disqualification on the grounds that Carlsmith represents Japan Airlines in another matter pending in this Court, CIV04-00028, *Del Rosario vs. Japan Airlines*. Plaintiffs' Motion is understood to contend that the same lawyer may not represent the same Defendant in multiple lawsuits by different Plaintiffs. Plaintiffs' Motion should be denied because (1) Carlsmith does not nor has it ever represented Plaintiffs; and (2) the grounds alleged in the "Petition" do not otherwise show any disqualifying "conflict of interest."

In short, Plaintiffs have failed to carry the burden of proving any basis for disqualification so as to deprive Japan Airlines of its choice of counsel in this action.

II.  The Pertinent Facts Do Not Support Disqualification.

Civil Case No. CIV04-00028, *Robert Del Rosario vs. Japan Airlines*, alleges Mr. Del Rosario was injured on Japan Airlines Flight No. 981 from Narita, Japan to Guam on July 20, 2002. That action is set for Trial in this Court on March 13, 2005. This action, CIV04-00036, *Agravante vs. Japan Airlines*, alleges the same thing. Japan Airlines considers this action to be a baseless "copy-cat" lawsuit, and will offer proof at Trial to show this. Japan Airlines will also offer proof it contends will show complicity between Mr. Del Rosario and Mr. Agravante, in particular that they cooperated in efforts to embellish their respective claims and to otherwise attempt to impose liability for unfounded damages on Japan Airlines. Agravante now is heard to complain that it is "unfair" for Japan Airlines to use the same lawyer to defend both cases because that lawyer will have "sensitive" information regarding each lawsuit. However, that contention is meaningless because even if Japan Airlines chose to use a different lawyer for each lawsuit, those lawyers could lawfully share information regarding the lawsuits.

III.  The Legal Standard for Disqualification.

Rule 1.9(a) of the Guam Rules of Professional Conduct, states in relevant part:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Rule 1.9(a) does not apply here because Carlsmith has never had an attorney-client relationship with either plaintiff. Furthermore, "Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by

counsel of his or her choosing." Schwartz v. Cortelloni, supra, 685 N.E.2d at 877 (citation omitted). Therefore, disqualification should be imposed only when "absolutely necessary." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982); Phillips v. Haidet, 119 Ohio App.3d 322, 324, 695 N.E.2d 292, 294 (1997).

Moreover, Courts are wary that a party may use a motion to disqualify opposing counsel for tactical purposes or as a technique of harassment. For those reasons, "disqualification motions should be subjected to 'particularly strict judicial scrutiny.'" [1] Optyl Eyewear Fashion Inter. v. Style Companies, 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted); Freeman v. Chicago Musical Instrument Co., supra, 689 F.2d at 721-22.

In this action, Plaintiff has failed to establish any grounds for the Court to disqualify Japan Airlines' Legal Counsel. Instead, the circumstances support a finding that the "petition" is motivated by tactical and harassment reasons. Accordingly, the court should apply the strict scrutiny standard, deny the "petition", and for the reasons given below in Section IV, award Japan Airlines its costs and attorneys fees to oppose the "petition" and appear for the hearing on December 19, 2005.

IV. Sanctions Are Warranted Because Pro Se Plaintiffs Are held to The Same Standard As A Represented Party.

It is clear that Plaintiffs have filed a baseless "petition." Moreover, it is readily apparent that the "petition" is for the purpose of harassment and "retaliation" in response to certain recent correspondence between undersigned counsel and Plaintiffs. In particular, Plaintiffs recently wrote and delivered settlement demands *directly to Japan Airlines*. That correspondence also contained allegations that undersigned counsel had "refused to discuss settlement with Plaintiffs

---

[1] We submit that the totality of the circumstances are sufficient to cause this court to find that Plaintiff's motion is motivated by tactical and harassment reasons. Accordingly, the Court should subject the motion to "particularly strict judicial scrutiny," deny the motion, and award Japan Airlines sanctions for defending the motion.

4843-7354-5728.1.051729-00007                 3.

for the purpose of "running of defense costs and earning fees." Japan Airlines did not respond and instead forwarded Plaintiffs' correspondence to undersigned counsel for a response. In response, undersigned counsel wrote to Plaintiffs and explained that all communications to a represented party, such as Japan Airlines, must be through counsel. Undersigned counsel also understandably expressed disgust over Plaintiffs' allegations of "running up fees." In response, Plaintiffs filed the instant "petition to remove defense counsel from this case." In the circumstances, a reasonable conclusion is that the "petition" is for harassment and retaliation. Even so, the court ordered Japan Airlines to prepare this opposition and appear for a hearing. Japan Airlines should not be held to bear the expense of compliance with the Court's Order because a pro se party is held to the same standards as a represented party. In this instance, pro se Plaintiffs have filed a "petition" in violation of Fed. R. Civ. P. 11 (b), (1), (2) and (3), and should be sanctioned under Rule 11 (c).

Courts hold that *pro se* litigants in civil cases should not be treated more favorably than a party represented by an attorney. In other words, "a litigant who chooses *himself* as legal representative should be treated no differently." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986). See also United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977) (hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* layman through the trial thicket). This Court should apply this standard to the pro se plaintiffs in this case, and impose the appropriate sanction for filing a baseless pleading intended to retaliate and harass.

## IV. Conclusion.

It is impossible for Plaintiff to show any present or former attorney-client relationship with Carlsmith, or to otherwise allege good grounds for disqualification. Therefore, there is no basis for disqualifying Carlsmith from representing Japan Airlines in this action. Plaintiffs "petition" must be denied.

In addition, for the reasons discussed above, the Court should award Japan Airlines its attorneys fees and costs for these proceedings.

DATED: Hagåtña, Guam, December 15, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 15th day of December 2005, I served, via certified mail with return receipt requested, a true and correct copy of the DEFENDANT'S RESPONSE TO PLAINTIFFS' PETITION TO TAKE-OFF FROM THE CASE DEFENDANT'S COUNSEL DUE TO CONFLICT OF INTEREST upon Pro Se Plaintiffs as follows:

>PEDRO P. AGRAVANTE
>CORITA B. AGRAVANTE
>Post Office Box 22281
>Guam Main Facility
>Barrigada, Guam 96910

Executed this 15th day of December 2005 at Hagåtña, Guam.

_____
DAVID LEDGER