PEDRO P. AGRAVANTE, JR., Pro se
CORITA B. AGRAVANTE, Pro se
213 Calamendo Street, Liguan Terrace
Mailing Address:
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671.646-8453/4537

**FILED**
DISTRICT COURT OF GUAM

JAN 11 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| Pedro P. Agravante, Jr. and<br>Corita B. Agravante<br><br>Plaintiffs<br><br>Vs.<br><br>Japan Airlines International Co. Ltd. | Civil Case No. CIV04-00036<br><br>MOTION FOR THE COURT<br>RECONSIDERATION TO HEAR<br>PLAINTIFF PETITION REGARDING<br>CONFLICT OF INTEREST |

1. Background.

On December 7, 2005, the parties were ordered to appear before the court on Monday, December 19, 2005 at 10:15 a.m. to discuss Plaintiffs' "Petition" to remove the present defense counsel, Mr. David Ledger and the submission of an amended Scheduling Order and Discovery Plan. Defendant, Japan Airlines shall file a response to Plaintiffs' "Petition" to remove its counsel by December 13, 2005.

The Court Order was directed to the parties attention, namely; Plaintiffs Agravante, Mr. David Ledger, who was representing himself to respond to "Petition" and defendant Japan Airlines.

On December 19, 2005, the day of the hearing, in attendance were Plaintiffs Agravante and Mr. David Ledger. Defendant Japan Airlines did not appear in court and was not represented.

And because Plaintiffs' had not received the copies of Mr. David Ledger's response to "Petition" on a timely basis, Plaintiffs' had experienced difficulties understanding the Court questions and the parameter of the discussions. In that hearing, the Court informed the Plaintiffs' Mr. David Ledger asked the Court to deny the "Petition" and Plaintiffs' should be sanctioned under Rule 11(c). The response of the Court was to give a chance to Plaintiffs' because it was their first time in Court. But at the same time warned Plaintiffs' should the same situation happen, sanction may be allowed in favor of Defendant.

The Court has also scheduled a conference between the Plaintiffs and Counsel for Defendant in the Chamber of Honorable Magistrate Judge Joaquin V.E. Manibusan, Jr. at the 3rd Floor of the District Court regarding confirming the dates of the Scheduling Order and the Discovery Plan on January 18, 2005 at 10:30 a.m., and the submission on January 26, 2005.

2. Rebuttals to Mr. David Ledger response to "Petition".

Plaintiff's believe Mr. David Ledger misunderstood the Court Order and that he is the subject of the "Petition" whose status is in "Question". That his presence in Court is for himself and not to represents Defendant Japan Airlines. The "Petition" is not a part of their Attorney/Client Contract under Civil Case No. CIV04-00036 and this is the reason, Mr. David Ledger was asking the Court to Award Japan Airlines its cost and attorneys fees to oppose the "Petition". His opposition for Japan Airlines to appear for the hearing on December 19, 2005 was just a suggestion to the Court and not representation.. Therefore, based on this logic, Japan Airlines is in Contempt of the Court Order for not appearing for the hearing.

Mr. David Response to "Petition" was not sufficient to justify for the Court to deny his disqualification. That Rule 1.9 (a) covers only specific issue related to Attorney/Client relationships. There are other issues in this court action of CIV04-00036 that can be grounds as conflict to Mr. David Ledger as counsel for Defendant Japan Airlines. Such as:

1. Plaintifff Pedro P. Agravante, Jr. is a witness in Mr. Del Rosario's case that will be on trial on March 13, 2006.
2. The announcement made by Mr. David Ledger in Court on December 19, 2005 Plaintiff Agravante is not a witness in Mr. Del Rosario's case is an affirmation of a Conflict of Interest. This announcement was intentional and with a purpose, because this information is no where can be found in his opposition response to Plaintiffs' "Petition". Could be a planted issue that would be useful against Mr. Del Rosario case CIV04-00028 or Plaintiffs Agravante case CIV04-00036.
3. To reduce the award for damages or to retard Mr. Del Rosario's case is simply to take out the main witness. Plaintiff Pedro P. Agravante, Jr. was injured with Mr. Del Rosario on Board Japan Airlines Flight no. JO981, on July 20, 2002. He wrote the Incident Report and submitted to Japan Airlines Office at the Airport immediately after arrival in Guam.

Plaintiff Pedro P. Agravante, Jr. witnessed the negligence and causation of the accident. To remove him out from Mr. Del Rosario case as material witness could largely affect the outcome of the award for punitive damages.

At present time, Plaintiff Agravante was told he may not be a witness for Mr. Del Rosario case. This might be the reason Mr. Del Rosario does not want talk to Plaintiff Agravante lately. Plaintiff believe they are now being manipulated to Defendant Japan Airlines Advantage.

3. Analysis.

Mr. David Ledger 's response to Plaintiff's "Petition" was convoluted with information and reasoning that has nothing to do with the "Petition".

He said: Plaintiffs Agravante Civil Case no. CIV04-00036 is a baseless "Copy Cat" lawsuit.

Plaintiff case is not a "Copy Cat" case because the causation and negligence that cause Plaintiff Agravante injuries are different from Mr. Del Rosario's. Mr. Del Rosario was injured because of unattended metal food carts that roled down the aisle and broke his two (2) kness and left foot.

While Plaintiff Pedro P. Agravante was injured due to the aircraft "Static take-off", the manner the aircraft was flown causing spinal injury, narrowing of the disc spaces and encroachment into the neuroffomina and injury of the right shoulder rotator cap.

He said: The "Petition" is for the purpose of harassment and retaliation in response to certain recent correspondence between the undersigned counsel and Plaintiffs. The truth is, Plaintiffs were complaining how he handled the first preparation of the Scheduling Order and Discovery Plan as ordered by the Court on December 1, 2005. Plaintiffs refused to sign because of Mr. David Ledger harassment and discrimination by telling Plaintiff Pedro P. Agravante, Jr. to separate the wife Plaintiff Corita B. Agravante's Trial. Plaintiff Pedro Agravante cannot represent the wife, he is not a lawyer and a member of the Guam Bar.. These Statements are personal insults and an infringement of Plaintiffs' Civil Rights granted to them as U.S. Citizens by the United States Constitution and a violation of his Oath of Admission, GR 17.1 (b) (2), partly states:

"I Solemnly swear that I will support the Constitution of the United States of America...
That I will demean myself uprightly as an attorney"

He Said: Plaintiffs' "Petition" is for "Harassment and retaliation". How can Plaintiffs' harass Japan Airlines. A very large international entity with unlimited funding, manpower, great resources with a Big Name in the Airline Industry and connections all over the world, while the Plaintiff is a flea without resources, simple people except with dignity and integrity. Plaintiffs wants only to be compensated for his injury as paying passenger aboard Japan Airlines and nothing more. It is wrong for Mr. David Ledger to say Plaintiffs are harassing Japan Airlines.

He said: he wanted for the Court to award Japan Airlines Sanctions for depending the motion. To sanction Plaintiff s is a Violation of their Civil Rights granted by the Constitution to speak and fight for their rights as a U.S. Citizens

He said: Japan Airlines opposes the "Petition" and appear for the hearing on December 1, 2005. However, the Court Ordered Japan Airlines to respond to Plaintiff s' "Petition" to remove its counsel by December 13, 2005. Japan Airlines did not appear as ordered nor respond. Japan Airlines relying to Mr. David Ledger response is a misrepresentation on the part of Mr. David Ledger because he is the subject of the "Petition" and whose status in the case is in "Question". Because of this, his position as counsel is in "limbo", until the decision comes out from the Court that he can represent the Defendant, Japan Airlines. Therefore, Japan Airlines is in Contempt of Court.

4. Conclusion:

Plaintiff believe this motion for reconsideration to hear again the "Petition" should be granted by the Court to give opportunity for Plaintiffs' to respond at par with Defendant counsel in a court hearing. This is also an opportunity for the Court to show to counsel for Defendant, Japan Airlines that " the Lady is blindfolded". That the Trial Court does not exercise favoritism, is not under no obligation to become an "advocate" for or to assist and guide the Pro se layman through the Trial Thicket.

Plaintiffs also believe this is also the time to prove themselves that they are capable to handle their Civil Rights to dispose of their legal affairs granted by the Constitution.

Therefore, Plaintiffs are asking the court for a new hearing for the "Petition" to bring this action to an even keel.

Respectfully submitted this____day of January, 2006

PRO SE

_____
PEDRO P. AGRAVANTE, JR
Plaintiff


Respectfully submitted this ____day of January, 2006

PRO SE

_____
CORITA B. AGRAVANTE
Plaintiff