DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INT'L CO., LTD.,<br><br>Defendant. | Civil Case No. 04-00036<br><br><br><br>ORDER |

On November 28, 2005, the Plaintiffs filed a petition to remove the Defendant's counsel (David Ledger) from further representing the Defendant herein due to an alleged conflict of interest. (Docket No. 23.) On December 19, 2005, the Court orally denied the petition on the basis that there was no conflict of interest posed by Mr. Ledger's continued representation of the Defendant Japan Airlines ("JAL"). (Minutes, Docket No. 33.)

On January 11, 2006, the Plaintiffs filed the instant Motion for Reconsideration (Docket No. 34). Therein, the Plaintiffs reasserted that Mr. Ledger had a conflict of interest because he represented JAL in a suit brought by his business partner Robert J. Del Rosario, who was also injured on the JAL flight which is the subject of this litigation. See Robert J. Del Rosario v. Japan Airlines, Civil Case No. 04-00028. Mr. Agravante claimed that he was a witness to Mr. Del Rosario's injuries and is expected to testify at said trial scheduled for March 13, 2006. Furthermore, the Plaintiffs asserted that Mr. Ledger mistakenly acted on behalf of JAL when the Court's Order issued on December 7, 2005 (Docket No. 26) specifically directed "the

Defendant" to file a response to the Plaintiff's petition.

## DISCUSSION

Pursuant to Local Civil Rule 7.1(I), a party may seek the reconsideration of a decision by the Court. Specifically, Rule 7.1(I) provides:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(I) (emphasis added).

The Plaintiffs' motion does not state or otherwise suggest that there is a basis for reconsideration under any of the foregoing grounds recognized under the Local Rule 7.1. The Plaintiffs have failed to demonstrate a material difference in fact or law, or the emergence of new facts or a change in law, nor have the Plaintiffs established a manifest showing of a failure to consider material facts presented to the Court. While the Plaintiff seeks to supplement and/or reargue their prior arguments, the Court finds no basis to reconsider its prior decision.

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

Urtuzuastegui v. U.S., 2001 WL 175940, *1 (D. Ariz. 2001) (citations omitted). The facts as presented in the Plaintiffs' motion does not persuade the Court that this is one of those rare cases where reconsideration of the Court's decision is warranted.

## CONCLUSION

As noted above, the Plaintiffs' motion for reconsideration neither discloses any new facts or law of which the Court was unaware, nor does it reveal any manifest error of law in the Court's ruling. Because the Court does not find that the Plaintiffs have made any kind of showing justifying the relief sought, the Court must DENY the Plaintiffs' motion.

SO ORDERED this 26th day of January 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge