CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
OCT 17 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO B. AGRAVANTE and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV004-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO SEEK NEW COUNSEL OR FOR THE COURT TO APPOINT ADVISING COUNSEL TO ASSIST PLAINTIFF IN THIS ACTION; DECLARATION OF ELYZE J. MCDONALD; EXHIBITS A-C; DECLARATION OF SERVICE** |

Pro se Plaintiffs Pedro P. Agravante and Corita B. Agravante do not provide the Court with any sustainable legal grounds to support their motion that the Court appoint counsel to assist them in this case. In particular, they do not exhibit proof of poverty, the inability to articulate their claims, or a likelihood of success on the merits. Defendant Japan Airlines International Co., Ltd. therefore requests that the Court deny Plaintiffs' motion.

The standards for obtaining court-appointed counsel in a civil matter are well-established. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres*

Pedro B. Agravante, et al. vs. Japan Airlines International Co., Ltd.
District Court of Guam Civil Case No. CV04-00036
DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO SEEK NEW COUNSEL OR FOR THE COURT TO APPOINT ADVISING COUNSEL TO ASSIST PLAINTIFF IN THIS ACTION; DECLARATION OF ELYZE J. MCDONALD, EXHIBITS A-C; DECLARATION OF SERVICE

*of Land,* 795 F.2d 796, 801 (9th Cir.1986). The Court, pursuant to 28 U.S.C. § 1915(d), has the discretionary authority to appoint counsel to represent indigent civil litigants. *Id.* at 798. The exercise of the district court's power to appoint counsel is limited, however, to exceptional circumstances. *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980). In determining whether exceptional circumstances exist, the Court may look at both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983).

Plaintiffs' motion makes no statement as to their poverty, their inability to articulate their claims, or their likelihood of success. Plaintiffs' only grounds in support of their motion are that because there are two counsels representing Defendant and Plaintiffs are laymen with limited knowledge of the law, as a result, their right to due process is violated. As already noted, however, Plaintiffs do not have a constitutional right to counsel in this civil case. Also, the number of attorneys retained by Defendant at its own cost play no part in the consideration of whether to appoint counsel for Plaintiffs. Moreover, Plaintiffs do not state any grounds - nor do any exist in the record - that constitute "exceptional circumstances" so as to compel the Court to allow them counsel in this case.

In the Ninth Circuit, it is essential for a claimant to provide affidavits demonstrating poverty with particularity, definiteness and certainty. *United State v. McQuade,* 647 F.2d 938 (9th Cir.1981). Absent such proof, the Court has no discretion to appoint counsel. Here, Plaintiffs make no statement as to their level of poverty, thereby depriving the Court of any discretion to appoint counsel based on their situation as indigents.

In addition, Plaintiffs demonstrate an ability to understand the local rules and filing

Pedro B. Agravante, et al. vs. Japan Airlines International Co., Ltd.
District Court of Guam Civil Case No. CV04-00036
DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO SEEK NEW COUNSEL OR FOR THE COURT TO APPOINT ADVISING COUNSEL TO ASSIST PLAINTIFF IN THIS ACTION; DECLARATION OF ELYZE J. MCDONALD, EXHIBITS A-C; DECLARATION OF SERVICE

requirements, as evident by the January 26, 2006 Discovery Plan *they prepared*, and Expert and Initial Disclosures they prepared and exchanged. Exs. A, B. In these documents, Plaintiffs provide no indication that they have difficulty articulating their claims or litigating their case.

As to the nature of this case, this is not a complicated case, but rather a simple personal injury matter involving no complicated issues of law or fact. The Ninth Circuit has recognized that "any pro se litigant certainly would be better served with the assistance of counsel," and as such the Plaintiff must "show that because of the complexity of the claims he was unable to articulate his positions." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir.1998) (en banc). Plaintiffs have shown an ability to understand the case and the evidence, as evident by a "Presentation of Evidence Preliminary Discovery and Rebuttal" ("Presentation") submitted to Defendant on September 3, 2006. Ex. C. The Presentation: (1) discusses coverage by the Warsaw Convention Treaty; (2) recognizes the need for proof of negligence and causation; (3) presents and analyzes the factual evidence; (4) reviews the discovery exchanged to date; and (5) examines the witness list. *See* Ex. C. As the Presentation reveals, Plaintiffs demonstrate an ability to understand the legal and factual components of their case.

Finally, Plaintiffs provide no unique circumstances demonstrating a likelihood of success on the merits. This case is still in the discovery phase, and Plaintiffs have produced no evidence, either to this court or to Defendant in discovery, showing a likelihood of success on the merits.

For the foregoing reasons, Defendant requests that the Court deny Plaintiffs' motion. To the extent Plaintiffs rebut Defendant's arguments with substantive affidavits or proof to supplement their sparsely supported motion, Defendant respectfully requests a further

opportunity to present a response.

DATED: Hagåtña, Guam, October 17, 2006.

CARLSMITH BALL LLP

*[signature]*

───────────────────────────────
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO B. AGRAVANTE and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV004-00036<br><br>**DECLARATION OF ELYZE J. MCDONALD** |

I, ELYZE J. McDONALD, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Japan Airlines International Co., Ltd.

5. I make this declaration in support of Defendant Japan Airlines International Co., Ltd.'s Memorandum in Opposition to Plaintiffs' Motion to Seek New Counsel or for the Court to

Appoint Advising Counsel to Assist Plaintiff in this Action. If called upon to testify as to the contents herein I could and would competently do so.

6. On July 17, 2006 Plaintiffs' served to Defendant with Plaintiff's Expert Witness Disclosure and Plaintiff's Initial Disclosures. True and correct copies of these documents are attached hereto marked Exhibits A and B respectively.

7. On September 13, 2006 Plaintiffs' served Defendant with their Presentation of Evidence Preliminary Discovery and Rebuttal. A true and correct copy is attached hereto marked Exhibit C.

8. I attest to the authenticity of Exhibits A, B, and C.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Hagåtña, Guam, October 17, 2006.

*/s/ Elyze J. McDonald*
ELYZE J. MCDONALD

PEDRO P. AGRAVANTE, JR. Pro se
and CORITA B. AGRAVANTE Pro se
213 Calamendo street, Liguan Terrace
P.O. Box 22281
GMF, Guam 96921
Telephone no. (671) 788-7291
Work Phone no, (671) 646-8453/4537

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and<br>CORITA B. AGRAVANTE<br><br>Plaintiff<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL<br>CO., LTD.<br><br>Defendant<br>_____/ | CIVIL CASE NO.04-00036<br>PLAINTIFF'S EXPERT WITNESS<br>DISCLOSURE;<br>DECLARATION OF SERVICE |

Plaintiffs' provide the following expert witness mandatory disclosure as set forth in Rule 26(a)(1).

        CAPTAIN ANTONIO B. TUANO
        139 N. Mansanita Court, Liguan Terrace
        Dededo, Guam 96913
        Telephone no. (671) 632-1920
        Work Phone (671) 472-8009

DATED: Hagatna, Guam July 17, 2006.

                                                  PEDRO P. AGRAVANTE, JR.
                                                  Plaintiff

RECEIVED
CARLSMITH BALL
DATE: 07-17-06 TIME: 2:34pm

# DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of the laws of the United Sates, that on the 17th of July 2006, I have served via Hand Delivery, a true and correct copy of PLAINTIFF'S EXPERT WITNESS DISCLOSURE; DECLARATION OF SERVICE upon Defendant at the following address:

> JAPAN AIRLINES INTERNATIONAL CO., LTD.,
> C/O CARLSMITH BALL LLP
> Suite 401, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagatna, Guam 96910
> Telephone no. (671) 472-6813

Executed this 17th day of July 2006 at Hagatna, Guam.

_____
PEDRO P. AGRAVANTE, JR.
Plaintiff

PEDRO P. AGRAVANTE, JR. Pro se
and CORITA B. AGRAVANTE Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671. 788-7291
           671. 646-8453/4537

IN THE DISTRICT COURT OF GUAM

PEDRO P. AGRAVANTE, JR and          CIVIL CASE NO. CIV04-00036
CORITA B. AGRAVANTE                 PLAINTIFF'S INITIAL DESCLOSURES;
                                    DECLARATION OF SERVICE
           Plaintiff

vs.

JAPAN AIRLINES INTERNATIONAL,
CO., LTD.,

           Defendant
_____/

Plaintiffs' hereby provides the following initial disclosure pursuant to Federal Rules of Civil Procedure 26(a)(1).

A. Persons with discoverable information

    Corita B. Agravante
    P.O. Box 22281
    GMF, Guam 96921
    Telephone no. (671)788-7291
    Office Phone  (671)646-8453/4537


    Mariecor B. Agravante
    P.O. Box 22281
    GMF, Guam 96921
    Telephone no. (671) 788-7291
               (671) 646-8453/4537

RECEIVED
DATE: 07.17.06    TIME: 2:34pm

Dominador C. Bruan
182 Salisbury Street
Dededo, Guam 96913
Home Phone: 671-637-5408

Lani Del Rosario
110 Calamendo Lane, Dededo, Guam 96913

Two Unnamed JAL pilots
of Flight no. JO981 on July 20, 2002, bound for Guam
JAPAN AIRLINES INTERNATIONAL CO., LTD.,
C/0 CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910
Telephone no. (671)472-6813

DATED: Hagatna, Guam July 17, 2006.

                                                    _____
                                                    PEDRO P. AGRAVANTE, JR.
                                                    Plaintiff

## DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of the laws of the United States, that on the 17th of July 2006, I have served via Hand Delivery, a true and correct copy of PLAINTIFF'S INITIAL DISCLOSURES; DECLARATION OF SERVICE upon Defendant at the following address:

JAPAN AIRLINES INTERNATIONAL CO. LTD.,
C/O CARLSMITH BALL LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910
Telephone no. (671) 472-6813

Executed this 17th day of July 2006 at Hagatna, Guam.

PEDRO P. AGRAVANTE, JR.
Plaintiff

PEDRO P. AGRAVANTE, JR., Pro se
And CORITA B.AGRAVANTE, Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone 671.646.8453/4537
Celephone. 671.788.7291


IN THE DISTRIC COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR and. CORITA B. AGRAVANTE<br><br>        Plaintiffs<br><br>VS.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.<br><br>_____/ | CIVIL CASE NO. CIV04-00036<br><br>PRESENTATION OF EVIDENCE PRELIMINARY DISCOVERY and REBUTTAL;<br>DECLARATION OF SERVICE |

1. OPENING STATEMENT.

    THE WARSAW COVENTION TREATY OF 1929. The United States adhere to This convention in 1934, which will provides the basic rules of Liability To Airlines in "International Transportation".

    International Transportation is simple terms, mean any Transportation by aircraft for hire that starts and ends in countries Adhering to the Warsaw Convention or that start and ends in the same Warsaw Adhering country with an agreed stopping place in any other country. Because of the great amount of Countries that adhere to the Convention, the WARSAW CONVENTION applies to almost all airline transportation, including Japan.

    The core complaint of the Plaintiff against Defendant Japan Airlines International Co., Ltd., are as follows;

Exhibit C

Case 1:04-cv-00036   Document 62   Filed 10/17/2006   Page 12 of 20

RECEIVED
CARLSMITH BALL
DATE:

1. Plaintiff was a paying passenger in this flight JAL JO981 bound for Guam on July 20, 2002.

2. Plaintiff was injured aboard JAL JO981 on July 20, 2002.

3. Plaintiff is a resident of Guam, U.S.A. and a citizen of the United States of America.

The Warsaw Convention Articles 17 and 25 are aviation rules that cover this incident.

"Because many aviation accident are caused by improper operation, the starting point of any aviation case should be a simple consideration of whether the aircraft was properly operated. Japan Airlines Pilot in this case did not properly operate the aircraft that caused the Plaintiff injuries, that was the manner the Pilot operated the craft when taking-off the ground at Narita Airport, Japan on July 20, 2002".

PLAINTIFFS recognize the two crucial elements to establish in this case CIV04-00036 is Japan Airlines agents on board JAL flight no JO0981 Negligence and Causation (the act or process of causing)

NEGLIGENCE. It was obvious the pilot when operating the aircraft did not Take in consideration several factors; He is flying a commercial aircraft In full gross weight, which means, full passenger capacity, full cargo and Full fuel. Also that Narita Airport is an International Airport with a longer runway than smaller airports of more than 8 thousand feet. For a Pilot to use "STATIC TAKE-OFF" or sudden take off to the air without Considerations of these dangerous elements that may impede his operations Of the aircraft is totally irresponsible and intentional.

Page 2.

That the pilot of the aircraft has failed or neglected to recognize and to follow established in-house rules and regulations to ensure the safety and well-being of paying passengers on board JAL JO981 on July 20, 2002.

CAUSATION. The pilot's Error of Judgment or purposely flying the aircraft With sudden take-off injuring passengers is the ultimate reasons for the Accidents on board JAL 0981.

2. Background.

On July 20, 2002, at about 10:20 p.m., Narita, Japan time, Japan Airlines flight no. JO981 was on the runway waiting for instruction from The tower. The Plaintiff was talking to Mr. Robert J. Del Rosario about the outcome of their meeting in Yokohama, Japan with their Japanese business partner, Mr. Suehiro and Mr. Ando. Plaintiff at that Time, because of aircraft engine sound and passengers talking, he leaned Forward about 1 foot to hear Mr. Del Rosario's responses at the opposite side of the aisle seated at 1H. Plaintiff was seated at 2G. Suddenly, there was rattling followed by the aircraft body shaking hard and scary banging sounds all over inside the aircraft, then the aircraft move fast forward and took-off. This sudden take-off classified as Static Take-off to the air, caused the Plaintiff to slam hard backward to his seat giving him strong tingling sensation, climbing to his spinal cord, shoulder, neck and head like a whiplash. Plaintiff felt numbness in those areas.

When the craft reached its proper elevation, Plaintiff called JAL lady Flight attendant for JAL writing pad to write an incident report. She went

Page 3.

And came back and asked Plaintiff how any sheets. Plaintiff said, 4 sheets And mentioned to the female flight attendant, this incident is a wrongful deeds. Plaintiff warned her, one metal food cart may be a minor incident, but 3 food carts are already complete negligence and violations of safety to protect Japan Airlines paying passengers. Plaintiff did not complain about the numbness in his back, neck, shoulder and arms because there was no laceration or cuts, no visible fracture or dislocation, bruises or visible injuries.

On April 12, 2006, Mr. David Ledger, counsel for Defendant sent the First Request for Production of Documents and First Request for Answer to Interrogatories.

On May 4, 2006, Defendant Counsel has provided Plaintiffs listings Of persons with Discoverable Information.

On May 22, 2006, to follow mandatory disclosure as set forth in Rule 26(a)(1) Plaintiff responded and provided Mr. David Ledger, Defendant Counsel First Request for Answers to Interrogatories and response for Production of Document that Plaintiff reminded these documents were all Already submitted at his office after Plaintiffs terminated Mr. Gavras as His counsel. Plaintiff have not changed any of the submitted data.

On July 13, 2006, Defendant Counsel has provided Plaintiffs Japan Airlines Expert Witness Disclosures.

On July 17, 2006, Plaintiffs provided Defendant counsel listings of Persons with Discoverable information, including Expert Witness disclosure.

4. REBUTTAL

   1. Defendant Persons with Discoverable Information

      -Reiko Asatani, Cabin Attendant-           ACCEPTED

      -Rumi Fujihara, Cabin Attendant-           ACCEPTED

      -Hayao Suehiro, Bussiness Partmer          ACCEPTED

      -Heihachiro Ando, Business Partmer         ACCEPTED

      -Robert J. Del Rosario, Business Partner   REJECTED

         Reason: Conflict of Interest, I will be a witness in his Appeal
            In the 9th Circuit Court.

      -William Gavras, Esq.                      REJECTED

         Reason: He was my counsel, a violation of Ethical Rules to
            Witness against me in Court.


   2. Defendant Japan Airlines International Co., Ltd
      Expert witness Disclosure:

      -Dr. Richard T. Gill, Ph.D.                ACCEPTED

   The appearance of Dr. Gill in this case can be construed as defendant
Japan Airlines accepted that there is a possibility that Plaintiff was
Injured in that Flight JAL JO981 on July 20, 2002, because of the manner
The aircraft was flown.

   This is also about comparing, Cybernetics, Robotic and Human Factors.
The comparison between Human factors and these non-human objects are two
World that nobody exactly knows. Science is always variable not exact and
Striving to Continue to know more about human factors.

The court will see a human being trying to survive to live vs. Denying him with his very existence. This case will come down as David vs. Goliath.

DATED: Hagatna, Guam September 13, 2006.

                                                                   _____
                                                                   PEDRO P. AGRAVANTE, JR
                                                                   Plaintiff

DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of The laws of the United States, that on the 13th of September, 2006, I have Served via Hand Delivery, a true and correct copy of PLAINTIFFS PRESENTATION, PRELIMINARY DISCOVERY AND REBUTTAL; DECLARATION OF SERVICE Upon Defendant at the following address:

>JAPAN AIRLINES INTERNATIONAL CO., LTD.
>C/O CARLSMITH BALL LLP
>Suite 401 Bank of Hawaii Building
>134 West Soledad Avenue
>Hagatna, Guam 96910
>Telephone bo. 671.472.6813

Executed this 13th day of September 2006 at Hagatna, Guam.

_____
PEDRO P. AGRAVANTE, JR.
Plaintiff

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO B. AGRAVANTE and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV004-00036<br><br>**DECLARATION OF SERVICE** |

## DECLARATION OF SERVICE

The undersigned hereby certifies that on the 17th day of October 2006, I will cause to serve, via certified mail, returned receipt requested, a true and correct copy of Defendant Japan Airlines International Co., Ltd.'S Opposition To Plaintiffs' Motion To Seek New Counsel Or For The Court To Appoint Advising Counsel To Assist Plaintiff In This Action; Declaration Of Elyze J. Mcdonald; Exhibits A-C; Declaration Of Service upon Pro Se Plaintiffs as following:

> PEDRO P. AGRAVANTE, JR.
> CORITA B. AGRAVANTE
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam 96921

DATED: Hagåtña, Guam, October 17, 2006.

_____
ELYZE J. MCDONALD

Pedro B. Agravante, et al. vs. Japan Airlines International Co., Ltd.
District Court of Guam Civil Case No. ⬛V04-00036

4848-9006-6689.1.051729-00007

2.

Case 1:04-cv-00036   Document 62   Filed 10/17/2006   Page 20 of 20