PEDRO P. AGRAVANTE, JR. , Pros se
And CORITA B. AGRAVANTE, Pros se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671.646-8453/4537
Cell Phone no. 671.788/7291



FILED
DISTRICT COURT OF GUAM
OCT 1 8 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>And CORITA B. AGRAVANTE<br><br>Plaintiffs<br><br>Vs.<br><br>JAPAN AIRLINES INTERNATIONAL<br>CO., LTD., | CIVIL CASE NO. CIV04-OOO36<br><br>MOTION TO HEAR: VIOLATIONS<br>OF ETHICAL RULES AND<br>MISCONDUCT:<br>DECLARATION OF SERVICE |

_____/

I. BACKGROUND.

On October 4, 2006, at about 2:45 p.m., Plaintiffs received from the District Court a

Copy of an Order granting Defendant Supplemental Motion Extending Scheduling Order

Deadlines.   Accordingly, Defendant filed the Motions:  1) On September 1, 2006, a

Motion to Extend Scheduling Order Deadlines (Docket no. 41) 2) On September 13,

2006, a Supplemental Motion to Extend Scheduling Order Deadlines (Docket no. 43).

The Defendant intention for filing the Motions:

> " Sought extensions to certain deadlines in order to permit it to locate certain
> Data for its experts to allow its experts the time necessary to analyze said data
> And form their opinions and for the Parties to conduct discovery thereon."

The Plaintiff to date, according to Court have not filed an objection to either the Motion

Or  Supplemental Motion, and for a good cause shown, the Court grants the Defendant

ORIGINAL

Supplemental Motion amending the following deadlines contained in the Original Scheduling Order (Docket no.36) and/or Discovery Plan (Docket no. 37) approved by The Court on January 26, 2006, however now is amended as follows:

| Description | From | To |
| --- | --- | --- |
| Expert Disclosures: | July 13, 2006 | November 30, 2006 |
| Rebuttal Expert Disclosures: | September 13, 2006 | December 14, 2006 |
| Discovery Cutoff : | December 5, 2006 | December 29, 2006 |
| Discovery Motion Deadlines: | November 14, 2006 | January 5, 2007 |
| Dispositive Motion Deadlines: | January 3, 2007 | January 30, 2007 |

II. RESPONSE.

The Plaintiffs have not filed objections to either Motion or Supplemental Motion Because Defendant counsel as usual did not provide copies of the Motions for Plaintiffs To respond to. The Plaintiffs upon receiving the Order were caught by surprise.

Plaintiffs believe Defendant counsel intentionally did not provide copies of either Motions because he expected to meet objections from the Plaintiffs that will jeopardize The Court's to grant his Supplemental Motion. Furthermore, the Defendant's Supplemental Motion was not for a good cause for the Parties to conduct discovery Thereon, but for Defendant counsel advantage to give him time to prepare to respond to Rebuttal that was due on September 13, 2006, the same day Defendant counsel Filed the Supplemental Motion (see the original Discovery Plan, Part D) of January 26, 2006. This action taken by Defendant counsel withholding information from Plaintiffs Mislead the Court that there was no objection and allow grant the Supplemental Motion Amending certain deadlines in the Scheduling Order and Discovery Plan, knowingly a Violation of LR 16.5 and Professional Rules of Conduct and a Misconduct, Conduct

Prejudicial to Administration of Justice, Model Rule 8.4 Misconduct (d)(e) and Model Code DR1-102 (A)(5) and Rule 44(a)

The original Scheduling Order and Discovery Plan signed on January 26, 2006 pursuant to Rule 26(f)of the Federal of Civil Procedure and local Rule 16.2 was the product of the binding of 3 minds, namely; Plaintiffs Agravante, Mr. David Ledger, counsel for Defendant, and the Honorable Magistrate Judge Joaquin V.E. Manibusan, Jr.,

Therefore, any changes that will take place in the original Scheduling Order and Discovery Plan should be a group decision, particularly, Plaintiffs Agravante and Mr. David Ledger, counsel for Defendant. Furthermore, Plaintiffs believe tampering or changing any information in the "Documents" without the knowledge of the other party violates his legal rights and question the integrity of the new Scheduling Order and Discovery Plan.

## III. DEFENDANT COUNSEL OTHER VIOLATIONS

The procedure of sending Notices to other party Plaintiffs believe was established By the Court for transparency purposes, such as Notices with signed Declaration Of Service send through the Post Office or Via Hand Delivered Mail, or upon filing, The Court's Administration Office a copy for the other party to respond to, specially With regards Motions that needs the response by either party. In this particular Situation, Plaintiffs left unaware of the action being taken by Defendant is again violate Plaintiffs legal rights.

It can be recalled, on December 15, 2005, Defendant counsel file a response to Plaintiffs "Petition" regarding "CONFLICT OF INTEREST", Plaintiff informed the Court, he did not received the response to "Petition" on a timely basis, and during the Hearing had experienced difficulty understanding the Courts questions and the Resulting discussions. Plaintiffs believe this lead the Court Ruling to Defendant's favor.

There were also issues mentioned in Plaintiffs "MOTION FOR THE COURT RECONSIDERATION TO HEAR PETITION REGARDING DEFENDANT'S CONFLICT OF INTEREST that the Court did not take for consideration, such as Mr. David Ledger's statements; (1) Plaintiff Pedro Agravante, Jr., cannot represents the Wife he is not a lawyer and a member of the Guam Bar. Plaintiffs believed these Statements are personal insults regarding educational attainment, disparaging or humiliating treatment of litigants or discriminatory. Violation of Rule 8.4 Model Code DR-102(a).

The Defendant counsel, Mr. David Ledger has used other methods to discourage Plaintiffs to pursue this case, CIVIL CASE NO.CIV04-00036 vs. JAPAN AIRLINES INTERNATIONAL CO., LTD., that were Wanton, Reckless, or Malicious behavior That has no substantial purpose than to embarrass, delay or burden the Plaintiffs. Violation of Rule 4.4, Respect for the Rights of a Third Person.

The Supplemental Motion Defendant counsel filed on September 13, 2006 to Extend Scheduling Order Deadlines, is a delaying tactics to give him time to make Adjustments to whatever purpose he intends to do but with complete disregard to harm

Entities that are involved in this case, namely, (1) The Court for forcing to err in its Decision and Order. (2) Plaintiff, for various violations of Ethical Rules and Misconduct. (3} Japan Airlines International Co., Ltd., for hiring additional Counsel and Experts that Will run defense costs and earning fees when Plaintiffs should not be accorded this Attention, and are not legal experts as they are, and are just claiming what is right for the Injury suffered on board Japan Airlines on July 20, 2002. Plaintiffs are also open for Discussion of Settlement.

IV. THE CASE CURRENT STATUS AND PROGRESS

Plaintiffs believe, the filing of Supplemental Motion is more apparent to meet Defendant counsel some schedules. Because before the changes or Extending Scheduling Deadlines the case Status and Progress are running according to activity Schedules Of the Original Scheduling Order and Discovery Plan Approved by the Parties, The Plaintiff, Defendant and the Court, on January 26, 2006, as follows;

-On April 12, 2006, Mr, David Ledger, Defendant counsel sent Plaintiff the First Request for Production of Documents and First Request for Answer to Interrogatories.

-On May 4, 2006, Defendant counsel provided Plaintiffs listing of persons with Discoverable information.

-On May 22, 2006, Plaintiffs responded and provided Defendant counsel answers To First Request to Interrogatories and Response for Production of Documents.

-On July 13, 2006 Defendant counsel provided Plaintiffs Japan Airlines Expert Witness Disclosure (1) Richard T. Gill PhD, Expert in the Field of Human Factors from

Applied Cognitive Science of Spokane, Washington. (2) Dr. Peter E. Diamond, M.D., From Honolulu Sports Medical Clinic.

    -On July 17, 2006, Plaintiffs provided Defendant counsel listings of persons with Discoverable information, including Expert Witness Disclosures, Captain Antonio Tuano, Pilot with Philippine Airlines for 20 years, Aircraft Operating: B747-200, B747-400 and Airbus A330-300.

    -On September 13, 2006, Plaintiff provided Defendant counsel Presentation of Evidence, Preliminary Discovery and Rebuttal, Facts supporting the nature of the Claim And defenses.

## V. DEFENDANT COUNSEL ACTIONS ARE IN VIOLATION OF THE FOLLOWING RULES OF PROFESSIONAL CONDUCT.

1. Rule 4.4  Respect for the Rights of a third person.

    (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person or use methods of obtaining evidence that violate the legal rights of such a person.

2. Rule 8.4, Misconduct.

    It is Professional Misconduct for a lawyer to:

    (a) Engage in conduct that is prejudicial to the administration of Justice.

    (b) State or employ an ability to influence, to achieve results by means that violates the Rules of Professional Conduct or the law.

3. Rule 8.4 Model code DR-102(a)

> Model Rule provisions, a prohibitions against discrimination or disparaging or Humiliating treatment of litigants on the bases or race, nationality, ethnicity, Gender, religion, national origin, disability, marital status, employment or Physical characteristic.

## VI. ANALYSIS.

The filing of Defendant's counsel Supplemental Motion to Extend Scheduling Order Deadlines on September 13, 2006 was triggered by Plaintiffs Presentation of Evidence, Preliminary Discovery and Rebuttal submitted to Defendant's counsel on the same date as a part of Discovery and mandatory disclosures as set forth in Rule 26(a)(c). The Defendant counsel was not ready to respond to Rebuttal. He was forced to go back to Court to file the Supplemental Motion to change and to meet some deadlines.
It was ironic, the Deadlines was on this day, September 13, 2006.

Plaintiffs believe any changes made in the original Scheduling Order and Discovery Plan should be a group decision, and not by one party only. The absence of one party when changes are made will automatically question the integrity of the new Scheduling Order and Discovery Plan
Also, Plaintiffs believe allowing the Defendant counsel selecting Specific action or Deadlines and changing to another time is tantamount to changing the
Rules of the game in Defendant's favor, therefore prejudicial in whatever form and Intentions.

Plaintiffs believe Defendant counsel by not informing or notifying Plaintiffs of his action, cause Plaintiffs not to file an objection. Because of this underlying Circumstances, mislead the Court to err to grant the Supplemental Motion.

The Totality of Defendant counsel actions are intentional to harm Plaintiffs and to Suffer pain, mental Anguish and undermine its efforts to pursue this case in Court.

As precedence of this case is Robert J. Del Rosario and Melanie Del Rosario vs. Japan Airlines International Co., Ltd., CIVIL CASE CIV04-00028, handled by the same Defense counsel, is currently filing an appeal with the 9th Circuit Court because they Believe the Court has erred in its ruling.

VII. CONCLUSION:

IN GENERAL, Conduct Prejudicial to Administration of Justice, Rule 8.4 (d) Identifies; "Conduct that is prejudicial to administration of justice" as a form of Misconduct that violates a lawyer duty to maintain the integrity of the legal profession. That the practice of law is a Public Trust and Lawyers are trustee of the Judicial System.

Plaintiffs believes the court has to look into this violation as exemplary because the Plaintiffs are ordinary people who have very little knowledge of law and very limited Resources in comparison to Defendant and its counsel.

That these violations are compensatory because of the harm done to Plaintiffs, but Leave the Court to decide the proper penalty for other violations.

DATED: Hagatna, Guam, October 18, 2006.

PRO SE

_____
PEDRO P. AGRAVANTE, JR.

PRO SE

_____
CORITA B. AGRAVANTE

## DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of the laws of The United States, that October 18, 2006, I have Served via Hand Deliver, a true and Correct copy of MOTION TO HEAR VIOLATIONS OF ETHICAL RULES AND MISCONDUCT: DECLARATION OF SERVICE upon Defendant counsel at the following address:

>JAPAN AIRLINES INTERNATION CO., LTD.,
>c/o CARLSMITH BALL LLP
>Mr. David P. Ledger
>Suite 401, Bank of Hawaii Building
>134 West Soledad Street
>Hagatna, Guam 96910
>Telephone no. 671.472/6813

Executed this _18th_, day of October, 2006, Hagatna, Guam.

_____
PEDRO. P. AGRAVANTE, JR.
Plaintiff