CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM
OCT 3 1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE and CORITA B. AGRAVANTE,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>        Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO HEAR VIOLATIONS OF ETHICAL RULES AND MISCONDUCT; DECLARATION OF ELYZE J. MCDONALD; EXHIBITS A, B; DECLARATION OF SERVICE** |

I.    **INTRODUCTION**

Plaintiffs Pedro P. Agravante and Corita B. Agravante once again present an unfounded

and unnecessary motion before the Court.  In their Motion to Hear Violations of Ethical Rules

and Misconduct, the Agravantes assert that Defendant Japan Airlines International Co., Ltd.

("JAL") purposefully failed to serve them with JAL's Motion and Supplemental Motion to

Extend the Scheduling Order Deadlines.  As will be shown, as proper under Federal Rule of

Civil Procedure 5, JAL served the Agravantes at their last known mailing address listed on

documents the Agravantes filed with the Court.  As service was properly made, the Agravantes'

claims have no merit.

Moreover, the Agravantes allege that JAL's counsel have engaged in violations of ethical rules, an assertion that the Court has previously rejected. Again, the Agravantes' claim that a conflict of interest exists has no merit.

For these reasons, and those stated herein, the Court should deny the Agravantes' Motion and enter an Order that addresses their repetitive frivolous filings with the Court.

## II.  **BACKGROUND**

In their filings with the Court, the Agravantes list their address as P.O. Box 22281, GMF, Guam 96921. *See, e.g.,* Motion to Hear: Violations of Ethical Rules and Misconduct, filed Oct. 18, 2006, and Second Petition for 60 Days Extension to Prepare Proposed Scheduling Order and Discovery Plan, filed Nov. 29, 2005.

On September 1, 2006, JAL filed a "Motion to Extend Scheduling Order Deadlines; Memorandum in Support Thereof; Declaration of Elyze J. McDonald; Exhibits A, B." On that same day, JAL mailed the Motion, certified mail and return receipt requested, to the Agravantes at the address they have provided in their pleadings. *See* Ex. A. According to postal stamps on the envelope, the parcel was noticed for pickup on September 7, 2006, and again on September 27, 2006. *See* Ex. A. However, the parcel was unclaimed and returned to sender on October 2, 2006. *See* Ex. A.

On September 13, 2006, JAL filed a Supplemental Motion to Extend Scheduling Order Deadlines; Supplemental Declaration of Elyze J. McDonald. On the following day, JAL mailed the Supplemental Motion, certified mail and return receipt requested, to the Agravantes at the address they have provided in their pleadings. *See* Ex. B. According to postal stamps on the envelope, the parcel was noticed for pickup on September 15, 2006, and again on September 27, 2006. *See* Ex. B. However, the parcel was unclaimed and returned to sender on October 2,

2006. *See* Ex. B.

III. **DISCUSSION**

Mailing a filed document to a party at their last known address constitutes complete and proper service. Fed. R. Civ. P. 5(b)(2)(B). JAL has complied with its obligations to serve filed documents on the Agravantes by mail at the address they have provided to the Court and to counsel. If the Agravantes fail to pick up their mail, they have done so at their own peril and prejudice. JAL has no further responsibility to ensure that the Agravantes make it to their mail box or to ensure that the Agravantes are not "surprised" when the Court proceedings ensue after they have been given proper notice to participate but have failed to be diligent.

The Agravantes also argue that changes to the Scheduling Order should be a group decision. Had the Agravantes picked up their mail, however, they would have had a full opportunity to present objections to changes in the Scheduling Order. Their objections should be disregarded as untimely.

Aside from arguments pertaining to service of the Motion and Supplemental Motion, the Agravantes reiterate arguments previously presented to and rejected by the Court, specifically, arguments presented on their "'Petition' Regarding 'Conflict of Interest'" filed on December 15, 2005, and the Motion to Reconsider the Court's oral ruling on the Petition. With regard to these arguments, first, the Court rejected the Agravantes' arguments that a conflict of interest existed with David Ledger's representation in this case. Accordingly, no ethical rule has been violated.

Second, the Court may recall that at the hearing on the Petition Regarding Conflict of Interest, it warned the Agravantes that they were required to follow the Federal Rules of Civil Procedure and that they should not present any groundless motions or would be subject to sanctions. The Court should disregard consideration of arguments that have no merit and that have already been rejected by the Court. Moreover, by raising these same arguments and

wasting the Court's time and resources, the Agravantes potentially violate the requirement that a motion presented to the Court be warranted by existing law and not raised for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11(b). On its own initiative, the Court may sanction such conduct. Fed. R. Civ. P. 11(c)(2)(B).[1]

## IV.   **CONCLUSION**

The record demonstrates that JAL properly served its Motion to Extend Scheduling Order Deadlines and Supplemental Motion to Extend Scheduling Order Deadlines. Accordingly, the Court should disregard the Agravantes' untimely objections to the extension of the Scheduling Order deadlines. In addition, the Agravantes' arguments pertaining to ethical rule violations have no merit. For these reasons, the Court should deny the Agravantes' Motion to Hear Violations of Ethical Rules and Misconduct.

DATED: Hagåtña, Guam, October 31, 2006.

CARLSMITH BALL LLP

*Elyze Mcdonald*

ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

---

[1] Upon the Court's request, JAL is willing to submit an estimate of time spent and fees incurred in responding to this Motion, and if appropriate, the previous Petition Regarding Conflicts of Interest.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE and CORITA B. AGRAVANTE, <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV04-00036 <br><br> **DECLARATION OF ELYZE J. MCDONALD** |

I, ELYZE J. McDONALD, declare under penalty of perjury that the following statements are true and correct:

1.     I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2.     I would testify competently as to these facts if called by the Court.

3.     I am licensed to practice law before all courts in Guam.

4.     I am an attorney for Defendant Japan Airlines International Co., Ltd. ("JAL").

5.     I make this declaration in support of JAL's Opposition to Plaintiffs' Motion to Hear Violations of Ethical Rules and Misconduct.  If called upon to testify as to the contents herein I could and would competently do so.

6.     Attached hereto as Exhibit A is a true and correct copy of the unclaimed and unopened envelope mailed and addressed to Plaintiffs Pedro B. Agravante and Corita B. Agravante on September 1, 2006, containing JAL's Motion to Extend Scheduling Order Deadlines; Memorandum in Support Thereof; Declaration of Elyze J. McDonald; Exhibits A, B.

7.     Attached hereto as Exhibit B is a true and correct copy of the unclaimed and unopened envelope mailed and addressed to the Agravantes on September 14, 2006, containing JAL's Supplemental Motion to Extend Scheduling Order Deadlines; Supplemental Declaration of Elyze J. McDonald.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Hagåtña, Guam, October 31, 2006.


_____
ELYZE J. MCDONALD

CERTIFIED MAIL

7002 0460 0001 3854 3054

155
0481 06.080 PB87 47385
2896 SEP 01 06
BARRIGADA GU

18ccc

RECEIVED
OCT 31 06

UNCLAIMED

DPLjmcb051729-00007

CARLSMITH BALL LLP
BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027

TO:

Mr. Pedro P. Agravante, Jr.
Mrs. Corita B. Agravante
P.O. Box 22281
GMF, Guam 96921

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Mr. Pedro Agravante
Mrs. Corita Agravante
P.O. Box 22281
GMF, Guam 96921

(Jalways-Agravante)
051729-00007

2. Article Number      7002 0460 0001 3854 3054
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                              □ Agent
                               □ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
   ☑ Certified Mail    □ Express Mail
   □ Registered        ☑ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

102595-02-M-1540



CERTIFIED MAIL™

EJM/mtc051729-00007

**CARLSMITH BALL LLP**
BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027

7004 1350 0004 1793 0512

RETURN TO SENDER

UNCLAIMED

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

PEDRO P. AGRAVANTE
CORITA B. AGRAVANTE
Post Office Box 22281
Guam Main Facility
Barrigada, Guam USA 96921

OCT 04 2006

P B 8 7 4 7 3 8 5
SEP 14 06
96921

UNITED STATES
04.880
BARRIGADA GU

130
0411
2952

RECEIVED
SEP 2006

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PEDRO P. AGRAVANTE
CORITA B. AGRAVANTE
Post Office Box 22281
Guam Main Facility
Barrigada, Guam USA 96921

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☒ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7004 1350 0004 1793 0512

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam  96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE<br>and CORITA B. AGRAVANTE,<br><br>      Plaintiffs,<br><br>  vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO.,<br>LTD.,<br><br>      Defendant. | CIVIL CASE NO. CIV04-00036<br><br><br>**DECLARATION OF SERVICE** |

## DECLARATION OF SERVICE

The undersigned hereby certifies that on the 31st day of October 2006, I will cause to

serve, via certified mail, returned receipt requested, a true and correct copy of **Defendant Japan**

**Airlines International Co., Ltd.'s Opposition To Plaintiffs' Motion to Hear Violations of**

**Ethical Rules and Misconduct; Declaration Of Service** upon Pro Se Plaintiffs as following:

        PEDRO P. AGRAVANTE, JR.
        CORITA B. AGRAVANTE
        Post Office Box 22281
        Guam Main Facility
        Barrigada, Guam 96921

DATED: Hagåtña, Guam, October 31, 2006.

_____
ELYZE J. MCDONALD