CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
NOV 15 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., INC.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT'S SECOND MOTION TO EXTEND SCHEDULING ORDER DEADLINES; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE** |

I.    **INTRODUCTION**

Defendant Japan Airlines International Co., Inc. ("JAL") hereby submits its Second Motion to Extend Scheduling Order Deadlines, filed September 13, 2006. As explained below, although JAL acted quickly and diligently in procuring aircraft flight and take-off data for its experts to analyze, circumstances beyond JAL's control delayed the process and necessitated this second request for an extension. Good cause exists and justifies additional time for JAL to meet its expert witness disclosure obligations.

## II. FACTUAL BACKGROUND AND DEVELOPMENTS SINCE THE ORIGINAL MOTION TO EXTEND DEADLINES WAS GRANTED.

JAL previously moved the Court to extend the Scheduling Order deadlines in order to permit sufficient time to locate difficult-to-find aircraft flight and take-off data for its expert witness to analyze. One of the reasons such data is rare is that the flight in question was in 2002, and under normal circumstances, JAL retains the flight data for only six months after the flight.

In particular, the flight data at issue relates directly to Plaintiff's contention that the flight in question departed Narita, Japan, by what is referred to as a "static take-off." A static take-off differs from a rolling take-off in that that the aircraft set its brakes, spools the engines to a sufficient power level, releases the brakes, and accelerates quickly to take-off speed. A rolling take-off utilizes a more gradual acceleration to reach take-off speed. Plaintiff alleges the static take-off in question caused his injuries. JAL believes that proper analysis of the flight data regarding the static take-off will show that Plaintiff's allegations lack merit.

JAL then supplemented the motion asking for a further extension of the Scheduling Order deadlines because of the unavailability of the aircraft captain and leading flight attendant to assist in locating, obtaining, and explaining the data. Ledger Decl., ¶ 5. On October 4, 2006, the Court granted JAL's Supplemental Motion and allowed the extension of deadlines.

JAL promptly took advantage of the Court's extension, and acted diligently to complete the expert witness disclosure process. In particular, JAL was able to determine the identity of the captain and the leading flight attendant on the flight in question (no small task in that the flight was four years ago and JAL employs an enormous number of people) and arranged for Defense Counsel David Ledger to meet with them at JAL headquarters in Tokyo. Mr. Ledger met with the captain, leading flight attendant, and other JAL officials on October 12, 2006. Ledger Decl., ¶ 6. At that time, the captain was able to provide the necessary flight data and related

information because he had surprisingly entered the data in his personal diary. Ledger Decl., ¶ 7. What's more, the captain interpreted the data which otherwise would have been meaningless to lay persons not well-versed in aviation and aeronautics. Mr. Ledger departed Tokyo the following day with the understanding that the captain's data and related information could be released to JAL'S expert, Dr. Laura Liptai, who was standing by to receive and evaluate the information for purposes of preparing expert witness disclosures. Ledger Decl., ¶ 8.

Ledger's permission to release the data to Dr. Liptai was provided by JAL's Department of Legal Affairs upon Ledger's departure from Tokyo. However, just the day before Ledger was going to release the information to Liptai, he was instructed by JAL's Department of Legal Affairs to hold the data and await further instructions. Ledger Decl., ¶ 9.

Subsequent to JAL's Legal Affairs Department authorizing Ledger to release the data, JAL's Department of Flight Operations informed the Legal Affairs Department that the data to be released to Liptai (and eventually to the Plaintiff in Liptai's disclosures) contained information considered by the aircraft's manufacturer, Boeing, to be confidential trade information. Ledger Decl., ¶ 10.

It took a few weeks for Boeing to examine the issue and to give approval for JAL to disclose certain data based on the simulation of the flight that occurred four years ago by use of a flight simulator. Ledger Decl., ¶ 11. This delay pushed back the time that JAL's expert could begin analyzing the data. Ledger Decl., ¶ 12. JAL sent the data to Ledger on November 14, 2006, and the data is now (November 15, 2006) on its way for review by Dr. Liptai. Ledger Decl., ¶ 13. JAL anticipates that it will take another two to four weeks to allow Dr. Liptai to analyze the data and prepare her disclosures. Ledger Decl., ¶ 14.

## III. DISCUSSION

Local Rule 16.5 states that a "deadline established by a Scheduling Order will be extended only upon a good cause finding by the Court." LR 16.5; *see also* Fed. R. Civ. P. 16(b). Furthermore, a "motion to extend the deadline in a Scheduling Order must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered Scheduling Order." LR 16.5. "Good cause" in this context primarily refers to the diligence of the party seeking the extension. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

JAL has discussed at length the efforts it has exerted in order to obtain the requested data, which included requiring counsel to travel to Japan to interview witnesses and review four year-old flight data. The record demonstrates that JAL has been diligent and prompt in taking advantage of the opportunity for further discovery provided by the Court.

This recent and wholly unexpected development concerning Boeing and trade-secret confidentiality of the data was not JAL's making and beyond its control. JAL's Legal Affairs did not anticipate it and was advised to hold the data from disclosure only when its Flight Operations Department was alerted that certain confidential aircrafts information was about to be released. Normally, JAL Legal Affairs makes decision and instructs outside counsel with regard to production and disclosure of documents. During the entire time Leger has represented JAL, no other department within JAL has intervened to overrule Legal Affairs. Ledger Decl., ¶ 15. In the circumstances JAL respectfully asks that certain Scheduling Order deadlines be further extended in order to allow Dr. Liptai additional sufficient time to prepare her report and disclosures. JAL will continue to exert diligence and promptness in complying with new

deadlines set by the Court. JAL requests an extension of the deadlines as follows:[1]

    Expert Disclosures: December 30, 2006 (from November 30, 2006)

    Rebuttal Expert Disclosures: January 14, 2007 (from December 14, 2006)

    Discovery Cutoff: January 29, 2007 (from December 29, 2006)

    Discovery Motions Deadline: February 7, 2007 (from January 5, 2007)

    Dispositive Motions Deadline: February 15, 2007 (from January 30, 2007)

Though JAL is not adverse to a continued trial date should the Court deem such appropriate under the circumstances, this request for extended deadlines does not touch the present trial date.

## IV. **CONCLUSION**

For the foregoing reasons, JAL respectfully request the Court to grant the requested extensions.

DATED: Hagåtña, Guam, November _15_, 2006.

CARLSMITH BALL LLP

_____
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

---

[1] None of these proposed dates interfere with the trial date as established by the January 26, 2006 Scheduling Order.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., INC.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DECLARATION OF DAVID LEDGER IN SUPPORT OF DEFENDANT'S SECOND MOTION TO EXTEND SCHEDULING ORDER DEADLINES** |

I, DAVID LEDGER, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Japan Airlines International Co., Inc.

5. JAL previously moved the Court to extend the Scheduling Order deadlines in order to locate aircraft flight and take-off data for its experts to analyze. In particular, this data probed into Plaintiff's contention that the flight from Narita to Guam utilized "static take-off," meaning that the plane set its brakes, spooled the engines to sufficient power, released the brakes and accelerated quickly, causing Plaintiff's injuries. JAL then supplemented the motion asking for a further extension of the Scheduling Order deadlines because of the unavailability of the captain who commanded the flight in question and leading flight attendant then on board to assist in locating and obtaining the data.

6. JAL was able to determine the identity of the captain and the leading flight attendant on the flight in question (no small task in that the flight was four years ago) and arranged for me to meet with them at JAL headquarters in Tokyo. I met with the captain, leading flight attendant, and other JAL officials on October 12, 2006.

7. At that time, the captain was able to provide the necessary flight data and related information because he had surprisingly entered the data in his personal dairy.

8. I departed Tokyo the following day with the understanding that the data and related information could be released to JAL'S expert, Dr. Laura Liptai, who was standing by to receive and evaluate the information for purposes of preparing expert witness disclosures.

9. I was given permission to release the data to Dr. Liptai by JAL's Department of Legal Affairs. However, just the day before I was going to release the information to Liptai, I was instructed by JAL's Department of Legal Affairs to hold the data and await further instructions.

10. I then learned that JAL's Department of Flight Operations informed the Legal Affairs Department that the data to be released to Liptai (and eventually to the Plaintiff in

Liptai's disclosures) contained information considered by the aircraft's manufacturer, Boeing, to be confidential trade information.

11. It took a few weeks for Boeing to examine the issue and to give approval for JAL to disclose certain data based on the simulation of the flight that occurred four years ago by use f a flight simulator.

12. This delay pushed back the time that JAL's expert could begin analyzing the data.

13. The data was received on November 14, 2006, and is being supplied to the expert on the next day, the same date of this motion.

14. JAL anticipates that it will take another two to four weeks to allow Dr. Liptai to analyze the data and prepare her disclosures.

15. During the entire time I have represented JAL no other department with JAL has intervened to overrule JAL Legal Affairs with regard to use of JAL documents and other information for litigation. The delay imposed by JAL Department of Flight Operations could not have been anticipated under these circumstances.

16. Defendant therefore supplements its motion and requests that the following deadlines be approved by the Court:

    Expert Disclosures: December 30, 2006 (from November 30, 2006)

    Rebuttal Expert Disclosures: January 14, 2007 (from December 14, 2006)

    Discovery Cutoff: January 29, 2007 (from December 29, 2006)

    Discovery Motions Deadline: February 7, 2007 (from January 5, 2007)

    Dispositive Motions Deadline: February 15, 2007 (from January 30, 2007)

17. If in the circumstances the Court believes that in fairness to the Plaintiffs a new trail date is warranted, JAL would not oppose a new trial date.

DATED: Hagåtña, Guam, November 15, 2006.

_____
DAVID LEDGER

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DECLARATION OF SERVICE** |

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 15th day of November 2006, I will cause to serve, via certified mail with return receipt requested, a true and correct copy of **Defendant's Second Motion to Extend Scheduling Order Deadlines; Declaration of David Ledger; Declaration of Service** upon Pro Se Plaintiffs as follows:

> PEDRO P. AGRAVANTE
> CORITA B. AGRAVANTE
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam 96921

DATED: Hagåtña, Guam, November 15, 2006.

CARLSMITH BALL LLP

*[signature]*
_____
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.