FILED
DISTRICT COURT OF GUAM
NOV 15 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

PEDRO P. AGRAVANTE, JR. and
CORITA B. AGRAVANTE,

Plaintiffs,

vs.

JAPAN AIRLINES INT'L CO., LTD.,

Defendant.

Civil Case No. 04-00036

ORDER

Presently before the Court are two pending motions filed by the Plaintiffs: (1) a Motion to Seek New Counsel or for the Court to Appoint Advising Counsel to Assist Plaintiff[s] in this Action, and (2) a Motion to Hear[] Violations of Ethical Rules and Misconduct. (See Docket Nos. 60 and 63 respectively.) The Defendant filed a separate opposition brief to each motion. (See Docket Nos. 62 and 64.) To date, the Plaintiffs have not filed a reply brief in response to either opposition. Pursuant to Rule LR 7.1(e)[1] of the Local Rules of Practice for the District Court of Guam, these matters are appropriate for decision without the need for oral argument.

---

[1] The pertinent provisions of this rule dealing with the setting of motions for oral argument are as follows:

(1) Oral argument must be requested by the parties and may be denied in the discretion of the judge, except where oral argument is required by statute or the Federal Rules of Civil Procedure.

. . .

(3) In cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file.

After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby issues the following decision on the motions.

## BACKGROUND

This action was filed on July 20, 2004. (See Compl., Docket No. 1.) The Plaintiffs' Complaint alleged negligence on the part of the Defendant, resulting in injuries to Mr. Agravante while onboard a flight from Japan to Guam. Mrs. Aggravante also brought a loss of consortium claim against the Defendant. At the onset of this action, the Plaintiffs were represented by attorney William Gavras.

On September 7, 2005, Mr. Gavras filed a motion to withdraw as counsel for the Plaintiffs. On September 27, 2005, the Court granted Mr. Gavras's motion to withdraw. Because the Plaintiffs were then proceeding *pro se* and certain pretrial deadlines were quickly approaching,[2] the Court granted the parties' request to submit an amended scheduling order.

On November 1, 2005, at the parties' request, the Court granted an additional 30 days to submit an amended scheduling order and discovery plan. (Docket No. 21.)

On November 28, 2005, the Plaintiffs filed a petition requesting an additional 60 days to prepare a proposed scheduling order and discovery plan.[3] (Docket No. 22.) Additionally, the Plaintiffs filed a petition to remove the Defendant's counsel from further representing the Defendant herein due to an alleged conflict of interest. (Docket No. 23.)

The following day – November 29, 2005 – the Plaintiffs filed a second petition requesting a 60-day extension to prepare a proposed scheduling order and discovery plan. (Docket No. 24.)

On December 1, 2005, the Defendant submitted – without the Plaintiffs' signatures – a proposed scheduling order and discovery plan. The submission stated the Plaintiffs refused to sign the proposal.

On December 19, 2005, the Court denied the request to disqualify the Defendant's

---

[2] Following a Scheduling Conference held on March 7, 2007, a jury trial was set for March 13, 2006, with a discovery cut-off date of December 16, 2005. See Scheduling Order and Discovery Plan, Docket Nos. 11 & 12.

[3] The basis for the request was the Plaintiffs were still attempting to hire counsel to represent them. (Id.)

counsel.[4] (See Minutes, Docket No. 33.) Additionally, the Court denied the Plaintiffs' request for a 60-day extension but granted the Plaintiffs an additional 30 days to submit an amended scheduling order and discovery plan. (Id.)

On January 26, 2006, the parties appeared before the Court for a Scheduling Conference to discuss the proposed scheduling order and discovery plan prepared by the Plaintiffs and approved by the Defendant. (See Minutes, Docket No. 39.) After discussing various dates and times needed in the parties' submissions, the Court made the necessary changes and signed the Scheduling Order and Discovery Plan.

On September 1, 2006, the Defendant filed a Motion to Extend Scheduling Order Deadlines. (Docket No. 41.) On September 13, 2006, the Defendant filed a Supplemental Motion to Extend Scheduling Order Deadlines. (Docket No. 43.) The Defendant sought extensions to certain deadlines in order to permit it to locate certain data for its experts, to allow its experts the time necessary to analyze said data and form their opinions, and for the parties to conduct discovery thereon. Since the Plaintiffs had not filed an objection to either the motion or supplemental motion[5] and for good cause shown, the Court granted the Defendant's supplemental motion. (See Docket No. 61.)

On October 3, 2006, the Plaintiffs filed their Motion to Seek New Counsel or for the Court to Appoint Advising Counsel (Docket No. 60.) The Defendant filed an opposition to this motion on October 17, 2006. (Docket No. 62.) Pursuant to Local Rule LR 7.1(d)(2)(B), the deadline for the Plaintiffs to serve and file a reply to the opposition was October 24, 2006. No reply was filed.

On October 18, 2006, the Plaintiffs filed a Motion to Hear[] Violations of Ethical Rules and Misconduct. (Docket No. 63.) The Defendant filed an opposition to said motion on

---

[4] On January 11, 2006, the Plaintiffs filed a motion requesting the Court to reconsider its denial of the motion to disqualify the Defendant's counsel based on an alleged conflict of interest. See Docket No. 34. The Court denied this motion on January 26, 2006. See Docket No. 35.

[5] Pursuant to Local Rule LR 7.1(d)(2), since neither the motion nor supplement motion to extend deadlines was set for oral argument, the Plaintiff had fourteen (14) days from the date of the filing of the motion and the supplemental motion to serve and file an opposition.

October 31, 2006. (Docket No. 64.) Pursuant to Local Rule LR 7.1(d)(2)(B), the deadline for the Plaintiffs to serve and file a reply to the opposition was November 7, 2006. No reply was filed by the Plaintiffs.

## DISCUSSION

The Plaintiffs filed two separate motions, and the Court will discuss each motion in turn.

1. <u>Motion to Seek New Counsel or for the Court to Appoint Advising Counsel</u>

The Plaintiffs' first motion appears to assert that their due process rights are being violated because the Defendant now has two attorneys representing it – David Ledger and Elyze McDonald, attorneys at the same law firm – whereas the Plaintiffs are merely "laymen with limited knowledge of law." (Mot., Docket No. 60, at ¶1.) Accordingly, the Plaintiffs request "for a new [c]ounsel or for the Court to appoint advising counsel to provide legal assistance" to them. (Id. at 2.)

The Plaintiffs' request is unclear. The Court is not certain whether the Plaintiffs seek the opportunity to retain new counsel themselves, or whether the Plaintiffs want the Court to appoint counsel to either represent them in this action or to provide advice and legal assistance. The Plaintiffs were previously represented by counsel – Mr. Gavras. Unfortunately, the Plaintiffs discharged Mr. Gavras and elected to represent themselves in this action. The Court previously informed the Plaintiffs of the disadvantages of proceeding *pro se* (on one's own behalf without the benefit of counsel), advised them to retain new counsel and gave them ample opportunity to do so. At this stage of the proceedings, if the Plaintiffs still wish to retain counsel to assist or represent them in this matter, they may do so. However, the Court will not permit this renewed search for counsel to unreasonably delay the proceedings herein. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.1986) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."); <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1364-65 (9th Cir.1986) (stating that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record").

If instead what the Plaintiffs' seek is the appointment of an attorney to represent them or assist them in this matter, the Court notes that unlike a defendant in a criminal case, a plaintiff in

a civil action generally has no right to the effective assistance of counsel. Nicholson v. Rushen 767 F.2d 1426, 1427 (9th Cir. 1985). A court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, this statute does not authorize a court to *require* counsel to represent a litigant proceeding *in forma pauperis*, but only to *request* such representation on a *pro bono* basis. Mallard v. United States District Court, 490 U.S. 296, 304-07 (1989).

In this case, there is no evidence that the Plaintiffs are indigent or otherwise unable to afford the services of counsel. Actually, it appears that the opposite may be true, since the Plaintiffs had retained the services of Mr. Gavras initially. There is no indication that Mr. Gavras was discharged or withdrew from further representing the Plaintiffs on the basis that the Plaintiffs were unable to afford his services. The Plaintiffs have not submitted any information about their financial resources to establish the need for the appointment of counsel.

Even if the Plaintiffs could show they were indigent, the Court must still evaluate both the likelihood of success on the merits and the Plaintiffs' ability to articulate their claims *pro se* in light of the complexity of the legal issues involved. Wilborn v. Escakderon, 789 F.2d 1328, 1331 (9th Cir. 1986). At this stage of the proceedings, the Court is unable to accurately assess the Plaintiffs' likelihood of success on the merits. Nevertheless, the Court notes the Plaintiffs' Complaint only involves two claims with issues that appear straightforward. Furthermore, the record demonstrates the Plaintiffs have had no real difficulty in articulating and defending their claims. The Plaintiffs essentially have been representing themselves since the early stages of this action. The Plaintiffs prepared the Scheduling Order and Discovery Plan and filed numerous motions on their own. While the assistance of counsel would be helpful, there simply is no constitutional or statutory right to the appointment of counsel in this civil action. Accordingly, the Court must deny the Plaintiffs' motion in its entirety.

2. <u>Motion to Hear[] Violations of Ethical Rules and Misconduct</u>

The Plaintiffs' second motion asserts that counsel for the Defendant has committed ethical violations that should be further investigated by the Court. One specific allegation of misconduct was that defense counsel failed to serve the Plaintiffs with copies of its two motions

– the Motion to Extend Scheduling Order Deadlines (Docket No. 41) and the Supplemental Motion to Extend Scheduling Order Deadlines (Docket No. 43) – filed in September 2006. The Plaintiffs contend that had they been provided with copies of either motion, they would have filed an objection thereto. However, the Plaintiffs argue they were prejudiced by the Defendant's alleged non-service since the Court eventually granted the Defendant's request to extend certain previously-established deadlines after the Court realized that the Plaintiffs had not filed an opposition to either motion.

In response to the Plaintiffs' accusation, the Defendant asserts that it did serve the Plaintiffs by sending copies of its motions via certified mail, return receipt requested, to the Plaintiffs' address of record as provided in their pleadings. See Certificate of Service (Docket No. 42), Declaration of Service (Docket No. 44), and Decl. E. McDonald (appended to Defendant's opposition brief, Docket No. 64). Notations on each envelope indicate that the postal service made two separate attempts to notify the Plaintiffs of the certified parcels, however, the unopened parcels were eventually returned to defense counsel as unclaimed. See Decl. E. McDonald (Docket No. 64) and Exhs. A & B thereto. The Defendant claims it has done its duty by having properly served the Plaintiffs and contends that it should not be held accountable for the Plaintiffs failure to check their mailbox or pick up their mail.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, "every pleading subsequent to the original complaint . . . shall be served upon each of the parties." FED. R. CIV. P. 5(a). Service under Rule 5(a) may be accomplished by various methods, including "[m]ailing a copy to the last known address of the person served." FED. R. CIV. P. 5(b)(1)(B). Additionally, "[s]ervice by mail is complete on mailing." Id.

The Court has examined the exhibits attached to Ms. McDonald's declaration. These exhibits indicate that the envelopes were correctly addressed to the Plaintiffs and bear appropriate notations of the dates indicating when the postal service provided notice to the Plaintiffs. Whether the Plaintiffs intentionally ignored these notices is unknown, but having litigated this case *pro se* for some time now, the Plaintiffs must be aware of the fact that they must be accessible by mail. The Plaintiffs have not contradicted or rebutted the Defendant's

evidence with regard to service. Thus, based on the evidence presently before it, the Court concludes that the Defendant did indeed serve the Plaintiffs with copies of its motions.

Another allegation of misconduct or wrongdoing by defense counsel is that changes to the Scheduling Order should have been a "group decision" and that the motions to extend the deadlines were merely "delay[] tactics" by the Defendant which had "no substantial purpose [other] than to embarrass, delay or burden the Plaintiffs." (Mot., Docket No. 63, at 3-4.) The Court agrees with the Plaintiffs' contention that all parties should have the opportunity to be heard on an issue that affects the pretrial deadlines. The Plaintiffs were afforded that opportunity to be heard, but they failed to file an objection or an opposition to either motion although attempts were made to serve them with copies. The Court has already concluded that counsel for the Defendant acted in accordance with Rule 5, as discussed above. Furthermore, the Court found good cause for granting the Defendant's request and does not believe the request was made for any improper purpose. If however the Plaintiffs still believe the Court somehow erred in granting the Defendant's request, they may file a motion for reconsideration which specifically sets forth the grounds for reconsideration. See Local Rule LR 7.1(i).[6]

The Plaintiffs also complain that Mr. Ledger said that Mr. Agravante cannot represent his

---

[6] The Local Rules of Practice for the District Court of Guam are available on the Court's website at www.gud.uscourts.gov. For the Plaintiffs' convenience, Rule 7.1(i) provides as follows:

**Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

wife since he is not a lawyer nor a member of the Guam Bar. The Plaintiffs characterize this statement as a "personal insult" about Mr. Agravante's "educational attainment," and they consider said statement "disparaging or humiliating . . . or discriminatory." (Mot., Docket No. 63, at 4.) While the Court cannot be certain of Mr. Ledger's intent, it is highly unlikely that his comment was meant to belittle Mr. Agravante. Perhaps instead Mr. Ledger was merely warning Mr. Agravante about the unauthorized practice of law, since the Court's rules provide that "[o]nly an active member of the bar . . . or an attorney . . . may enter appearances for a party." See Local Rule GR 18.1(a). Without more, the Court finds nothing improper about this statement.

Finally, the Plaintiffs' motion reasserts arguments previously raised in their motion to disqualify Mr. Ledger from representing the Defendant and again in their motion for reconsideration. The Court found no impropriety then, and it continues to find no impropriety in such representation at this juncture. While the Court will not impose sanctions upon the Plaintiffs for their repeated attempts to re-litigate this issue, the Court's tolerance is not infinite. The Court warns the Plaintiffs that although they are proceeding *pro se*, they will not be treated more favorably than parties who are represented by counsel, nor must they ignore the rules of procedure that govern all litigants. The Court will not hesitate in imposing reasonable sanctions if warranted.

## CONCLUSION

Based on the analysis above, the Court hereby DENIES the Plaintiffs' motions.

SO ORDERED this 15th day of November 2006.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge