CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



**FILED**
DISTRICT COURT OF GUAM
NOV 29 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE. <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV04-00036 <br><br> **DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S REPLY TO PLAINTIFFS RESPONSE TO DEFENDANT'S SECOND MOTION; DECLARATION OF SERVICE** |

The matters raised in Plaintiffs' Response to Defendant's second request to extend certain Scheduling Order deadlines have been rendered moot by the Court's ruling on November 20, 2006 granting the requested extensions. *See* hearing Minutes filed November 20, 2006. Furthermore, at the hearing of the Motion on November 20, 2006, Plaintiffs stated they had no objection to the requested extensions (id.), hence Plaintiffs' Response is entirely superfluous and unnecessary. Yet, Plaintiffs' response does warrant this Reply with regard to other matters.

In particular, Defendant and especially Defendant's legal counsel have been the undeserving targets of repeated vituperative attacks on their character and integrity including accusations of misleading and insulting the Plaintiffs, filing false and misleading pleadings,

4823-3469-1841.1.051729-00007

ORIGINAL

Case 1:04-cv-00036    Document 76    Filed 11/29/2006    Page 1 of 4

repeated violations of ethical rules, and other accusations of "sharp practice." It is painfully apparent that this unprofessional, indeed amateurish, tirade of verbal abuse must stop and stop now. It is equally obvious that the Court's previously issued warnings to Plaintiffs that they must conduct themselves as other legal counsel are expected to conduct their affairs in this Court are either insufficient or simply being ignored by the Plaintiffs. In fact, during the hearing on November 20, 2006 the Court noted that the Plaintiffs appear well-capable of proceeding *pro se*. In the circumstances it is difficult to give Plaintiffs any further benefit of doubt on the issue of whether or not Plaintiffs have understood the Court's warnings that *pro se* Plaintiffs are held to the same standard as represented parties, which is the same thing as saying that *pro se* Plaintiffs are held to the same standards of conduct as the attorneys practicing in this Court. It is self-evident that this Court would not for one minute tolerate from attorneys admitted to this Court the sort of unprofessional conduct which has been has been tolerated on the part of the Plaintiffs.

In its order dated November 15, 2006 this Court stated as follows:

*"While the court will not impose sanctions upon Plaintiffs for their repeated attempts to re-litigate this issue, the Court's tolerance is not infinite. The Court warns the Plaintiffs that although they are proceeding pro se, they will not be treated more favorably than parties who are represented by counsel, nor must they ignore the rules of procedure that govern all litigants. The Court will not hesitate in imposing reasonable sanctions if warranted."* Order dated November 15, 2006, p. 8, ll. 13-18.

It is clear that the time has come to put teeth into this warning and impose a reasonable sanction on the Plaintiffs. Defendant has over the past several months endured repeated unjustified personal attacks on integrity and character and spent thousands of dollars in legal fees responding to "motions" and other unjustifiable pleadings filed by Plaintiffs. Legal fees have

likewise been needlessly incurred for Court appearances related to such pleadings. It is more than a little fair to say that this has only served to galvanize hard feelings between the parties and, what's more, essentially do away with what little hope had existed for a compromise settlement of this action. Last, it is clear that Court resources have been needlessly consumed as a result of the Plaintiffs' repeated failure to conduct themselves in accordance with Court rules of practice and the expected level of civility toward opposing counsel and parties.

Just the same as the Court, Defendant and Defendant's legal counsel have patience but it is not infinite. To put teeth in the warning to Plaintiffs to conduct themselves according to the rules that govern attorneys and all litigants in this Court requires difficult and decisive action by the Court. Such action is now clearly warranted. Defendant requests the Court to impose a reasonable sanction on Plaintiffs, to include an amount sufficient to reimburse Defendant's fees and costs for this Reply memorandum.

RESPECTFULLY SUBMITTED: Hagåtña, Guam November 29, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

4.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 29th day of November 2006, I will cause to be served, via Certified Mail with Return Receipt Requested, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S REPLY TO PLAINTIFFS RESPONSE TO DEFENDANT'S SECOND MOTION; DECLARATION OF SERVICE upon Plaintiff at the following address:

> Mr. Pedro P. Agravante, Jr.
> Mrs. Corita B. Agravante
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam USA 96921

Executed this 29th day of November 2006 at Hagåtña, Guam.

_____
DAVID LEDGER