PEDRO P. AGRAVANTE, JR., Pro se
and CORITA B. AGRAVANTE, Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671.646/8453,4537
Cell. Phone no. 671.788/7291



FILED
DISTRICT COURT OF GUAM
DEC 12 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

PEDRO P. AGRAVANTE, JR.
and CORITA B. AGRAVANTE

    Plaintiffs

Vs.

JAPAN AIRLINES INTERNATIONAL
CO., LTD.,

    Defendant

_____/

CIVIL CASE NO.CIV04-00036

MOTION FOR RECONSIDERATION
TO HEAR PLAINTIFFS RESPONSE
TO DEFENDANT SECOND MOTION:
DECLARATION OF SERVICE

I.    Background.

During the hearing on November 20, 2006 Defendant's JAL Second Motion to Extend Scheduling Order Deadlines has explained that because of the process of securing the data that is beyond JAL's control, the delay has necessitated the second request for an extension.

At that time of the hearing, the Court specifically asked the Plaintiffs if they had received the Defendant's copy of the Second Motion request to extend Scheduling Order Deadlines. The Plaintiffs responded, they have not received a copy. The Court provided a copy to Plaintiffs Agravante. The Plaintiffs went through the summary of the new deadlines with the Honorable Magistrate Judge Joaquin V.E. Manibusan, Jr and Mr. David Ledger, counsel for Defendant. Together, they reviewed, changed some dates and agreed.

ORIGINAL

The Plaintiffs indicated they have no objections to the requested extensions.

On November 29, 2006, the Plaintiffs received the Order from the Court in relation to the hearing on November 20, 2006. It said; the Plaintiffs raised various untimely objections. The Plaintiffs were surprised.

The Plaintiffs response to the Defendant Second Motion was misunderstood. In fact, that stage, objections has already passed. It was resolved by the parties in Court. The parties are now meeting and anticipating a new Trial date.

II.     The Emergence of New Material Facts.

Before leaving the Court, Mr. David Ledger, counsel for Defendant JAL verbally informed the Plaintiffs Agravante for the first time, should they have any questions, they could Contact Ms. Elyze McDonald. According to him, she also handles our case and both of them have the same level of positions.

On December 5, 2006, CARLSMITH BALL LLP office in Hagatna called Plaintiff Corita B. Agravante to inform the husband to pickup the mail. The content of the mail is about the extension of the Trial date. Then on December 6, 2006, Wednesday at 9:37 a.m., Plaintiff Pedro P. Agravante, Jr. had a meeting with Ms. Elyze McDonald at her office at CARLSMITH BALL LLP in Hagatna to discuss the current schedule of Trial. Ms. Elyze McDonald asked Plaintiff Agravante if agreeable to hold the trial on June 25, 2007 she will prepare the documents for Plaintiffs to sign.

At that meeting, Plaintiff Agravante asked Ms. Elyze McDonald why Defendant filed an Order in Court that Plaintiff had untimely objections in their response to November 27, 2006 Motion. The purpose of the November 27, 2006 motion was to document in writing

what has occurred in Court. Her response: "I did not know about it."

With this internal sharing of responsibilities occurring between Mr. David Ledger and Ms. Elyze McDonald, information flow may have cause the misunderstanding. Plaintiffs believe, part of case familiarity for a new counsel is to be in court action about the case. Ms. Elyze McDonald was not in court during the hearing on November 20, 2006.

The Emergence of New Material Facts showed these scenarios;

1. Counsel I, his function is to develop material strategies and approaches.
2. Counsel II, her responsibility to do the research, documentation and response.
3. While Defendant JAL is eyeing the approach to present the case in court with a substituted data from a certain Captain who admitted he had surprisingly entered the flight data and related information in his diary.

The Plaintiffs believe for the Defendant to coordinate these different functions to come with intended purposes will be difficult and will need extraordinary efforts and time. Therefore, the Plaintiffs further believe because of this, the argument stated in Defendant requested Order was misunderstood by the Court.

The Plaintiffs response to Defendant Second Motion was layered into 4 categories as follows;

1. to allow the Defendant request for extensions without objections and to document in writing what has occurred in Court.
2. to declare the written testimony of Captain Antonio Tuano concerning the issues that JAL pilot had made the error of judgment or purposely flying the aircraft on flight JO981 with

"Static Take-off".

3. To clarify Defendant JAL reasons and intentions with the new data as alternative information to provide to its expert, Dr. Laura Liptai to evaluate for the purpose in preparing Expert Witness Disclosures.

4. and a conclusion after the facts.

The first category was allowed by the parties and granted by the Court. There is no record in that hearing on November 20, 2006 that Plaintiffs objected. But the Defendant used the first category to argue with conflicted reasoning that caused the court made a decision outside the adversarial issues.

Pursuant to Local Civil Rule 7.1(I), a party may seek the reconsideration of a decision by the Court. Specifically, Rule 7.1(I) provides;

MOTION FOR RECONSIDERATION. A motion for reconsideration of the decision on any motion may be made only on the grounds of

(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

NO MOTION FOR RECONSIDERATION SHALL IN ANY MANNER REPEAT ANY ORAL OR WRITTEN ARGUMENT MADE IN SUPPORT OF OR IN OPPOSITION TO THE ORIGINAL MOTION.

Motion to reconsider are appropriate only in rare circumstances;

Motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or had made an error not of reasoning but apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since submission of the issue to the court.

## CONCLUSION

As noted above, the Plaintiffs motion for reconsideration discloses new material facts. That, the basis of Defendant JAL argument was about the Plaintiffs raised various untimely "objections" to its Second Motion. That, Plaintiffs responded, this situation had not occurred during the course of the hearing on November 20, 2006. The Plaintiffs had not objections. Because of this Defendant conflicted reasoning, the court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the court by the parties.

Therefore, on the basis of these grounds, the Plaintiffs pray the Court should reconsider its motion for reconsideration and reverse the Order granted to the Defendant on November 29, 2006.

DATED: Hagatna, Guam, December 12th, 2006.

PRO SE

_____
PEDRO P. AGRAVANTE, JR.

PRO SE

_____
CORITA B. AGRAVANTE

DECLARATION OF SERVICE

I, PEDRO P. AGRAVANTE, JR., hereby declare under penalty of perjury of the laws of the United States, that on December 12th, 2006, I have served via Hand Deliver, a true and correct copy of the MOTION FOR RECONSIDERATION TO HEAR PLAINTIFFS RESPONSE TO DEFENDANT SECOND MOTION:

DECLARATION OF SERVICE upon Defendant counsel at the following address:

>JAPAN AIRLINES INTERNATIONAL CO., LTD.
>C/O CARSMITH BALL LLP
>Mr. David Ledger
>Ms. Elyze MCdonald
>Suite 401, Bank of Hawaii Building
>134 West Soledad Street
>Hagatna, Guam 96910
>Telephone no. 671.472/6813

Executed this 12th, of December 2006, Hagatna, Guam.

PEDRO P. AGRAVANTE, JR.
Plaintiff