CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM

DEC 22 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION TO HEAR PLAINTIFFS RESPONSE TO DEFENDANT SECOND MOTION; DECLARATION OF SERVICE** |

Defendant Japan Airlines International Co., Ltd. experienced extreme difficultly in understanding what Plaintiffs Pedro P. Agravante and Corita B. Agravante's latest motion contends. Defendant seeks the imposition of sanctions to prevent Plaintiffs from continuing to waste the Court's resources with frivolous filings.

Defendant can make no sense of the Motion. Plaintiffs discuss a conversation between Attorney Elyze McDonald and Mr. Agravante whereby Mr. Agravante alleges he asked "why Defendant filed an Order in Court that Plaintiff had untimely objections in their response to November 27, 2006 Motion." This portion of the conversation did not occur. McDonald Decl. (filed concurrently herewith), ¶ 10. Even if it did, Defendant does not understand the relevance

of the conversation to the Court's November 20, 2006 Order, or the justification for reconsidering that Order. Finally, Defendant also points out that it never filed an Order with the Court. Technically, his statement does not comport with the facts of this case.

In addition to failing to present any clear arguments, the Motion does not meet the standard of a motion to reconsider. Under the Court's local rules of practice, reconsideration of a decision may only occur if (1) there is a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or, (2) an emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. LR 7.1(i).

Plaintiffs fail to point to any material difference in law or fact that would otherwise require the Court to reconsider its ruling. Plaintiffs fail to point to any emergence of new material facts or a change of law occurring after the time of the decision. Plaintiffs fail to make a manifest showing of a failure to consider material facts presented to the Court before it issued its decision. Plaintiffs' claim that the Court has misunderstood its position provides no clear or justifiable grounds upon which the Court should reconsider its decision or upon which the Court erred in its November 29, 2006 Order.

More important, this frivolous conduct must come to an end. Plaintiffs inundate the Court's docket with untimely and unnecessary filings, and continue to avoid meaningful participation in this case. Plaintiffs continue to fail to pick up their mail, in spite of the Court's numerous admonitions in this regard. McDonald Decl., ¶ 11, Ex. A; Civil Minutes filed Nov. 20, 2005. Plaintiffs potentially fabricated illnesses in order to avoid being deposed.

Also, both Plaintiffs were scheduled for depositions on December 14, 2006. McDonald Decl., ¶ 6. Two days prior to the depositions, Plaintiffs advised that they would not appear because they were sick that week with the flu. McDonald Decl., ¶ 6. However, Mrs. Agravante called Attorney McDonald from her workplace, American Bakery, to provide this information. McDonald Decl., ¶ 6. On the following day, December 13, 2006, Attorney McDonald called Mrs. Agravante again at her workplace (the only contact number provided to defense counsel) to confirm whether or not Plaintiffs intended to appear at their depositions. McDonald Decl., ¶ 7. Although at work and not sounding sick on the phone, Mrs. Agravante stated they were sick with the flu and would not be attending the depositions. McDonald Decl., ¶ 7. On December 15, 2006, Defense counsel called Mrs. Agravante, again at her workplace, regarding the trial date in this case. Mrs. Agravante was present at work and said she would pass on her message to her husband. McDonald Decl., ¶ 9. The delayed depositions hamper Defendant's ability to complete their expert reports and to prepare this case for trial.

This pattern of frivolous conduct is also evident by the numerous filings to disqualify Carlsmith Ball LLP and for sanctions. In addition to the present motion, Plaintiffs have filed:

- A Petition to Take-Off from the Case Defendant's Counsel due to Conflict of Interest, filed November 28, 2005

- A Motion to Seek New Counsel or for the Court to Appoint Advising Counsel to Assist Plaintiff in this Action, filed on October 2, 2006

- A Motion to Hear; Violations of Ethical Rules and Misconduct, filed on October 18, 2006

The Court has warned the Agravantes that they should not present any groundless motions or would be subject to sanctions. Plaintiffs have disregarded the Court's warnings, wasted the Court's resources, and engaged in conduct warranting Rule 11 sanctions. This conduct cannot continue to the expense of the Court's resources and time and Defendant's time

and attorneys fees. Defendant respectfully urges the Court to award it its attorneys fees for responding to this and any further frivolous filings.

For the foregoing reasons, Defendant respectfully requests that the Court deny the Motion for Reconsideration, and award sanctions to include Defendant's attorneys fees..

DATED: Hagåtña, Guam, December 22, 2006.

_____
ELYZE J. MCDONALD

## DECLARATION OF SERVICE

The undersigned hereby certifies that on the 22nd day of December 2006, I will cause to serve, via certified mail, returned receipt requested, a true and correct copy of **Defendant Japan Airlines International Co., Ltd.'s Opposition To Plaintiffs' Motion for Reconsideration to Hear Plaintiffs Response to Defendants Second Motion; Declaration Of Service** upon Pro Se Plaintiffs as following:

> PEDRO P. AGRAVANTE, JR.
> CORITA B. AGRAVANTE
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam 96921

DATED: Hagåtña, Guam, December 22, 2006.

_____
ELYZE J. MCDONALD