CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM
DEC 29 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., INC.,<br><br>　　　　　Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**SUPPLEMENTAL DECLARATION OF ELYZE MCDONALD IN SUPPORT OF DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MOTION TO CONTINUE DISCOVERY AND TRIAL DATES; DECLARATION OF SERVICE** |

I, ELYZE MCDONALD, declare under penalty of perjury the following:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Japan Airlines International Co., Inc. ("JAL").

5. I provide this Supplemental Declaration in Support of JAL's Motion to Continue

4824-6976-3073.1.051729-00007



Discovery and Trial Dates, and JAL's Opposition to Plaintiffs Motion for Reconsideration to Hear Plaintiffs' Response to Defendant's Second Motion, both filed on December 22, 2007.

6. At the time of the filing of JALs Motion and Opposition, and until December 28, 2006, Plaintiffs were scheduled to be deposed on December 28, 2006. As noted in my original Declaration filed concurrently with JAL's Motion and Opposition, the deposition date of December 28 was continued from December 14 due to the Plaintiffs' illness, and the December 28 date was chosen by both parties.

7. On December 27, 2006, I received a letter from Plaintiff Pedro Agravante stating that because JAL had filed a Motion to continue discovery dates and trial dates, he was unilaterally holding off the depositions until further notice from me. The letter contained no other justification for taking off the deposition date.

8. I immediately called Plaintiff Corita Agravante at her workplace (the only contact number available to defense counsel) to advise her that the depositions were proceeding as scheduled, that she should advise her husband that he should appear for his deposition, and that if they do not appear, they would be subject to a motion to compel discovery and for sanctions. She repeatedly stated that because JAL filed a motion to extend the discovery and trial dates, that they were waiting for a decision from the Court and would not appear for their depositions.

9. Plaintiffs did not file a motion to quash the notices of deposition or a motion for a protective order.

10. On the date of the depositions, December 28, 2006, at 8:15 a.m., I received a phone call from Mr. Agravante. Mr. Agravante stated that he could not appear for his deposition because he is a member of the Superior Court grand jury, and the grand jury meets every Thursday. I asked Mr. Agravante why he did not mention his grand jury service earlier, even

though he had known of his Thursday December 28 deposition date for two weeks and never tried to reschedule the depositions, and he responded that he was advised not to disclose his grand jury service. However, the *contents* of a grand jury proceeding are secret, not one's membership on a grand jury. 8 Guam Code Ann. § 50.34. In other words, Mr. Agravante had the authority, *not to mention the obligation*, to disclose his grand jury service in order to alleviate scheduling conflicts. *See* 8 Guam Code Ann. § 50.34.

11. I advised Mr. Agravante that since he was not in grand jury service on Friday, December 29, 2006, the depositions could proceed on that date. He asked that the depositions be taken on January 1, 2007. I advised him that date was a holiday. We then agreed that the depositions would be taken on Tuesday, January 2, 2007.

12. Mr. Agravante called me at 8:30 a.m. on December 28, 2006, to advise that his wife asked that the depositions be taken on Friday, January 5, 2007. I agreed. JAL has issued Second Amended Notices of Deposition.

13. As evident from the above, Mr. Agravante's dilatory and evasive discovery tactics in this case continue, providing further grounds in support of JAL's motion to extend the discovery and trial deadlines in this case. The inconsistent and shifting rationale for postponing their depositions makes it extremely difficult to have this case prepared for trial by March. They also represent further grounds for exacting sanctions on Plaintiffs. For example, there has been no valid justification why Mrs. Agravante failed to appear for her deposition on December 28, 2006. Sanctions are appropriate to ensure that Plaintiffs do not continue to waste the Court's time and resources on this case.

Executed this 29th day of December, 2006 at Hagåtña, Guam.

CARLSMITH BALL LLP

                                /s/ Elyze J. McDonald
                                ELYZE J. MCDONALD
                                Attorneys for Defendant
                                Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 29th day of December 2006, I will cause to serve, via certified mail with return receipt requested, a true and correct copy of SUPPLEMENTAL DECLARATION OF ELYZE MCDONALD IN SUPPORT OF DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MOTION TO CONTINUE DISCOVERY AND TRIAL DATES; DECLARATION OF SERVICE upon Pro Se Plaintiffs as follows:

> PEDRO P. AGRAVANTE
> CORITA B. AGRAVANTE
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam 96921

Executed this 29th day of December, 2006 at Hagåtña, Guam.

*[signature]*
ELYZE J. MCDONALD