PEDRO P. AGRAVANTE, JR., Pro se
and CORITA B. AGRAVANTE, Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671.646/8453, 4537
Cell. Phone no 671.788/7291



FILED
DISTRICT COURT OF GUAM
JAN -3 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>CORITA B. AGRAVANTE<br><br>Plaintiffs<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.<br><br>Defendant<br>_____/ | CIVIL CASE NO. CIV04-00036<br><br>RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION TO HEAR PLAINTIFFS RESPONSE TO DEFENDANT SECOND MOTION: DECLARATION OF SERVICE |

Defendant JAL has mentioned of having experienced extreme difficulty in understanding the Plaintiffs latest motion contends. And that Defendant can make no sense of the Motion, and for this, Defendant JAL seeks the imposition of sanctions to prevent Plaintiffs from continuing to waste the Court's resources with frivolous filings.

The issues that were discussed in the Motion for reconsideration actually happened that the Defendant was trying to ignore for the Court not to notice them. These issues are as as follows;

1. Defendant argues that Plaintiffs raised various untimely objections. Plaintiffs Responded, this situation has not occurred during the course of the hearing on November 20,

2006. In fact, the Plaintiffs explained in their Motion, they went through the summary of the requested Scheduling Deadlines with Honorable Magistrate Judge Joaquin V.E. Manibusan, Jr., and Mr. David Ledger counsel for the Defendant. Together, the parties reviewed, changed some dates and agreed, but the court recommended the parties should meet first, determine the trial date, agree and submit it in Court.

2. On November 27, 2006, Plaintiffs filed a Response to Defendant Second Motion (Docket no. 74) to document in writing what has occurred in Court. A copy of this Motion was provided by Plaintiffs to Defendant on November 28, 2006 at 9:16 a.m..

A day after, on November 29, 2006, Plaintiffs received a copy of an Order, (Docket no.77-1) explaining, the Plaintiffs had raised various untimely objections. The Plaintiffs were surprised. Furthermore, this Order was granted by the Court without the parties proper deliberation or weighing facts and arguments and without the Plaintiffs knowledge. This lead for the Plaintiff Agravante to ask Defendant counsel, Ms. Elyze J. Mcdonald during their Meeting at her Office, on November 26, 2006, Wednesday, at 9:37 a.m. why Defendant filed a Propose Order in Court the Plaintiffs had untimely objections. Plaintiffs did not have any.
Ms. Elyze J. Mcdonald said; the Defendant never filed a Propose granting Order with the Court. (Docket 81, 2nd page, 1st, paragraph) and even mentioned this portion of conversation did not occur. It did occur because Plaintiff even noted the time of the meeting and conversation that occurred. It is a complete denial on the part of the Defendant's counsel.

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a decision by the Court, Specifically, Rule 7.1(i) provides;

MOTION FOR RECONSIDERATION. A motion for reconsideration of the decision on any motion may be made only on the grounds of;

1. A material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

2. The emergence of a new material facts or a change of law occurring after the time such decision, or

3. A manifest showing of a failure to consider material facts presented to the Court before such decision.

MOTION TO RECONSIDER ARE APPROPRIATE ONLY IN RARE CIRCUMSTANCES;

Motion to reconsider would be appropriate where, for example the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or had made an error not of reasoning but apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since submission of the issue to the court.

As outlined, the Plaintiffs motion for reconsideration discloses new material facts applicable Pursuant to Local rule 7.1(i), a party may seek the reconsideration of a decision by the Court.

CONCLUSION

The Defendant JAL argument that Plaintiffs has a pattern of frivolous conduct is another undermining action by defendant, either to discourage the Plaintiffs to pursue this case in court, or to say we do not know about the law. The fact is, this argument cannot fly because the issues we are addressing actually happened in court, the Plaintiffs never had objections to extend Scheduling Order Deadlines on November 20, 2006.

That the main reason of the Defendant proposed Order and granted by the court without proper deliberation or argument between the parties, was to address two issues, Plaintiffs constant motion noticing Defendant actions of "diversionary tactics that will increase the cost of litigation" and continuous asking for extensions for different reasons that mangled the very existence of the Scheduling Order and Discovery Plan. The Plaintiffs has been asking the Court should declare it "null and void" and should further find Defendant technically in Default for causing these delays.

The Defendant used the window of opportunity opened to them by Plaintiffs Response to Defendant Second Motion to address these two (2) crucial issues. The fact is the Defendant knew there were no objections. Its action is a sleek way of touching and addressing these issues permanently. Because of the granting of the Order, Defendant has now the opened field to continue whatever it is asking in this case. There will be no more JUSTICE left for the Plaintiffs.

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant the Motion for Reconsideration and deny Defendant sanctions to include attorneys fees.

DATED: Hagatna, Guam, January 3, 2007.

PRO SE

_____
PEDRO P. AGRAVANTE. JR

PRO SE

_____
CORITA B. AGRAVANTE

## DECLARATION OF SERVICE

I, PEDRO P. AGRAVANTE, JR., hereby declare under penalty of perjury of the laws of the United States, that on January 3rd, 2007, I have served via Hand Deliver, a true and correct copy of the RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION TO HEAR PLAINTIFFS RESPONSE TO DEFENDANT SECOND MOTION:

DECLARATION OF SERVICE upon Defendant counsel at the following address;

>JAPAN AIRLINES INTERNATIONAL CO., LTD.
>C/O CARLSMITH BALL LLP
>Mr. David Ledger
>Ms. Elyze J. MCdonald
>Suite 401, Bank of Hawaii Building
>134 West Soledad Street
>Hagatna, Guam 96910
>Telephone no. 671.472/6813

Executed this 3rd, of January, 2007, Hagatna, Guam

*[signature]*
PEDRO P. AGRAVANTE, JR
Plaintiff