PEDRO P. AGRAVANTE, JR., Pro se
And CORITA B. AGRAVANTE, Pro se
P.O. Box 22281,
GMF, Guam 96921
Telephone no, 671.646/8452, 4537
Cell Phone no. 671.788/7291



**FILED**
DISTRICT COURT OF GUAM
JAN -5 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>CORITA B. AGRAVANTE<br><br>Plaintiffs<br><br>Vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO. LTD. | CIVIL CASE NO. CIV04-00036<br><br>PLAINTIFFS OPPOSITION TO DEFENDANT MOTION TO CONTINUE DISCOVERY AND TRIAL DATES;<br>DECLARATION OF SERVICE |

I.  INTRODUCTION

The summary of filings of Motions by Defendant show is trying to adjust the Scheduling Order Deadlines to meet it s own targeted requirements and for different reasons. These are listed as follows:

Subject: Expert Witness Disclosures (Original Deadline July 13, 2006)

   1. Supplemental Motion to Extend Scheduling Deadlines (Docket no. 43) filed On September 13, 2006 and the reason for filing the motion: "Sought extensions to certain deadlines in order to permit to locate certain data for its experts the time necessary to analyze said data and form their opinions and for the parties to

conduct discovery thereon". The deadline was extended to November 30, 2006, the trial date scheduled on March 6, 2007.

2. Second Motion to Extend Scheduling Order deadlines (Docket no. 65), filed on November 15, 2006 and the reason for filing the motion; "Because of the process of securing data beyond JAL's control, the delay is necessitated the second request for an extension to meet its experts witness disclosures". The deadline was extended from November 30, 2006 to December 19, 2006, the trial date on March 20, 2007.

3. Motion to Continue Discovery and Trial Dates (Docket no. 82) filed on December 22, 2006 and the reason for filing the motion; "the Defendant motivation to continue the trial date primarily relates to allowing both parties more time to prepare for trial. Furthermore, the Defendant suggest that Pro se Plaintiffs will face even greater difficulty as they are laypersons who do not have usually undergo Trial preparations, which includes meeting the courts numerous requirements and deadlines. The propose extended date from December 19, 2006 to January 31, 2007, and the propose trial date on June 25, 2007.

Therefore, it took about 5 months for Defendant to conclude the process of its Expert Witness Disclosures obligations and this do not include the preparation time

needed for Defendant's Proposed Trial and Discovery schedule to meet,

such as; Rebuttal Expert Disclosures, Discovery Cutoff, Discovery Motion

Deadlines, Preliminary Trial Conference, Pretrial Materials, Discovery Material,

Witness List, designations and exhibits list, Proposed Pretrial Order and Final

Trial Conference.

And by looking at these schedules, it can be expected the Defendant will

again be requesting for another extension in the future.

II. Plaintiffs Opposition to Defendant's Motion to Continue Discovery and Trial

Date.

1) The Plaintiffs believe the Defendant will never be able to meet its expert

witness disclosures obligations even with all these extensions.

2) The Defendant even admitted the data and information sought for has

already been purged out or erased from the aircraft computer files permanently.

There is absolutely no substitute for this missing data for its expert witness

rebuttal.

4. The Defendant current Motion (Docket no 82) is the third time requested

in a row, is a third strike situation, therefore, Plaintiff is hesitant to participate

in it without Defendant allowing the Plaintiffs be a part in the planning of the new

Scheduling Order Deadlines.

III. Analysis.

The Defendant Supplemental Motion (Docket no. 43), the Second Motion, (Docket no. 65) and the current Motion to Continue Discovery and Trial Date (Docket no 82) are all requesting for extensions to Scheduling Order Deadlines.

By looking back at these Motions, the Plaintiffs and the Court were very lenient and understanding to allow Defendant to do it wanted to do and to meet its Expert Witness Disclosures Obligations but it failed. The reason it failed because Defendant forgot the Court's recommendation, the parties should meet, determine the Trial Date, agree and submit it in court. The Plaintiff and the Defendant should work harmoniously together to have these deadlines workout for the good of both parties. The Defendant is now looking at Plaintiff to blame for not participating in the discovery process or appear at their scheduled depositions. This so called depositions should have been completed by Defendant and Plaintiffs at the later part of August 2006 and Rebuttal Expert Disclosures the early part of September 2006. The parties did not coordinate their efforts because Defendant JAL had a new counsel added to this case. Ms. Elyze J. Mcdonald came in as lead counsel and had different approach and idea about the the case and Mr. David Ledger did not formally introduced her to the Plaintiffs.

This changing of counsel interrupted the momentum and the information flow.

The Plaintiffs believe the current situation going on between the parties should not be blame to the Plaintiffs but to the Defendant itself.

## CONCLUSION

The burden of proving that the Plaintiff was injured during the Flight on Board JAL JO981 on July 20, 2002 is on the shoulder of the Defendant. The Proof submitted to Defendant that the Plaintiff was injured were documented with Expert Witness Disclosures and written testimony from Captain Antonio Tuano, that JAL pilot flying the aircraft made an error of judgment or purposely flying the aircraft by Static Take Off that injured the Plaintiff.

The Defendant JAL even at present time could not present its Expert Witness Rebuttal. Instead still trying to submit a substitute data and information from a certain Captain's Diary.

The court should look into allowing the parties to work together and try to iron out differences and concentrate the closing of this action in court.

DATED: Hagatna, Guam, January 5, 2007

PRO SE

_____
PEDRO P. AGRAVANTE, JR.

PRO SE

_____
CORITA B. AGRAVANTE

DECLARATION OF SERVICE

I, PEDRO P. AGRAVANTE, JR., hereby declare under penalty of perjury of the laws of the United States, that on January 5, 2007, I have served via Hand Deliver, a true and correct copy of PLAINTIFFS OPPOSITION TO DEFENDANT MOTION TO CONTINUE DISCOVERY AND TRIAL DATES; DECLARATION OF SERVICE upon Defendant counsel at the following address;

> JAPAN AIRLINES INTERNATIONAL CO., LTD
> C/O CARSLMITH BALL LLP
> Mr. David Ledger
> Ms. Elyze J. Mcdonald
> Suite 401, Bank of Hawaii Building
> 134 West Soledad Street
> Hagatna, guam 96910
> Telephone no. 671.472/6813

Executed this 5th day of January, 2007, Hagatna, Guam.

_____
PEDRO P. AGRAVANTE, JR.