CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM
JAN 10 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., INC.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD'S MOTION TO COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELYZE J. MCDONALD; DECLARATION OF SERVICE** |

Defendant Japan Airlines International Co., Inc. ("JAL") hereby moves the Court for an Order compelling Plaintiffs Pedro G. Agravante and Corita B.Agravante to attend their depositions at the earliest possible date and warning the Agravantes that failure to appear at their depositions may result in dismissal of their case. This motion is supported by Federal Rules of Civil Procedure 30 and 37, the Declaration of Elyze J. McDonald attached hereto, the Supplemental Declaration of Elyze McDonald in Support of JAL's Motion to Continue Discovery and Trial Dates, filed on December 29, 2006, the Declaration of Elyze McDonald, filed on December 22, 2006, the attached Memorandum of Points and Authorities, and the

records and files for this action.

DATED: Hagåtña, Guam, January 10, 2007.

CARLSMITH BALL LLP

*Elyze McDonald*
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Agravantes have failed to appear for their depositions, which have been scheduled and rescheduled three times. Their appearance is mandatory under Federal Rule of Civil Procedure 30. JAL seeks an Order compelling their appearance at depositions and warning that their non-appearance may result in a dismissal of their case. JAL also seeks the reimbursement of its fees and costs incurred in preparing this discovery motion and supporting declarations, and communicating with the Agravantes regarding their failure to appear at their depositions.

## II. BACKGROUND

The current discovery and trial schedule established by the Court's Order on November 20, 2006, states that the current discovery cutoff date is January 29, 2007. JAL has a pending motion to continue the discovery cutoff date, however, the Court has not yet ruled on that motion. JAL continues to comply with the current scheduling order.

For the past several weeks, JAL has kept the Court abreast of the developments concerning the Agravantes' failure to attend their depositions through declarations in support of JAL's Motion to Continue Trial and Discovery Dates and JAL's request for sanctions as stated in its Opposition to Plaintiffs' Motion for Reconsideration to Hear Plaintiffs' Response to Defendant's Second Motion, both filed on December 22, 2007. *See* Suppl. Decl. of Elyze McDonald in Support of JAL's Mot. to Continue Discovery and Trial Dates, filed on Dec. 29, 2006 ("McDonald 12/29 Decl."), and the Decl. of Elyze McDonald, filed on Dec. 22, 2006 ("McDonald 12/22 Decl."). As those Declarations and the Declaration attached hereto ("McDonald 1/10 Decl.") reveal, there exists a consistent pattern by the Agravantes of willful disobedience of the discovery obligations in this case.

JAL first noticed the Agravantes' depositions for December 14, 2006, which it

rescheduled and renoticed due to the Agravantes' claims of illness, even though Mrs. Agravante did not sound ill and continued to appear for work during the week she claimed to be ill. McDonald 12/22 Decl., ¶¶ 6-7, 9. Accommodating the Agravantes' schedules JAL rescheduled and renoticed the depositions for December 28, 2006. The day before the December 28 deposition, Mr. Agravante informed JAL that he was unilaterally holding off the deposition because JAL had filed a motion to continue the discovery and trial dates. McDonald 12/29 Decl., ¶¶ 7-8. The Agravantes were put on notice that their depositions would proceed as scheduled. McDonald 12/29 Decl., ¶ 8. On the day of the December 28 deposition, Mr. Agravante called JAL and advised that he could not attend his deposition because of his service on the Superior Court grand jury which meets on Thursdays. McDonald 12/29 Decl., ¶ 10. Until the day of the December 28 deposition, Mr. Agravante had never advised JAL of his unavailability to be deposed on a Thursday because of his grand jury service. McDonald 12/29 Decl., ¶ 10. Again accommodating the Agravantes' schedules, JAL renoticed the depositions for January 5, 2007. Again, the Agravantes unilaterally canceled their depositions because they believed they did not have to appear while the motion to extend deadlines was pending. McDonald 1/10 Decl., ¶ 5.

The Agravantes have never filed motions for protective orders.

JAL has incurred attorneys fees and costs in coordinating the depositions, preparing amended notices of depositions, preparing this motion to compel and declarations. McDonald 1/10 Decl., ¶ 6.

### III. THE AGRAVANTES MUST BE COMPELLED TO ATTEND THEIR DEPOSITIONS.

If a party fails to attend a deposition, the Court may order that party to appear at a deposition and award attorneys fees and costs resulting from the failure to appear. Fed. R. Civ.

P. 37(d). A party may only be excused from appearing for a deposition if it has filed a motion for protective order prior to the date of the deposition. Fed. R. Civ. P. 37(d).

JAL has a right to depose the Agravantes and to prepare its defense. This case involves whether Mr. Agravante has suffered damages during a JAL flight, and whether Mrs. Agravante has suffered loss of consortium as a result. In order to discover facts related to their claims, JAL has scheduled depositions of the Agravantes. Although the Agravantes continually promise that they are not trying to avoid their depositions, their actions speak otherwise. JAL attempted to hold the Agravantes' depositions three times, the latter two re-scheduled in order to accommodate the Agravantes' excuses for non-attendance and their schedules. On all three occasions, the Agravantes waited until the very last moment to inform JAL that they had no intention of appearing for their depositions. First they were sick, even though Mrs. Agravante continued to go to work. Their second excuse was the Court's consideration of JAL's Motion to extend the trial and discovery deadlines. Even though they were informed that their depositions would proceed, the Agravantes ignored their obligation to attend their depositions. Their third excuse was Mr. Agravante's grand jury service, *which was never disclosed until 45 minutes before the second scheduled deposition.* The fourth excuse, again, was the Court's consideration of JAL's Motion to extend the trial and discovery deadlines.

Notably, the Agravantes have not filed a Motion for Protective Order. Therefore, they have not validly registered an objection for their failure to appear at their depositions. Nevertheless, the Agravantes' final excuse - the pending motion to continue trial and discovery deadlines - provides no sustainable basis for their failure to attend their depositions. The discovery cutoff date has not passed, and thus, there was no impropriety in scheduling the Agravantes' depositions in violation of any Court-imposed deadlines. JAL fails to see how the

4813-9903-6161.1.051729-00007                        3.
Case 1:04-cv-00036    Document 91    Filed 01/10/2007    Page 5 of 9

pending motion for continuance affects the Agravantes' obligations to appear for their depositions.

JAL asks for an Order from the Court requiring the Agravantes to appear for their deposition at the earliest possible opportunity in order to avoid further delays of this case which is scheduled for trial on March 20, 2007. JAL also asks for an award of their attorneys fees and costs, as allowed under Rule 37. JAL's counsel has expended hours communicating with the Agravantes and preparing this motion to compel and the declarations documenting the parties' communications. These fees and expenses should be reimbursed.

JAL also asks that the Court's order include a warning that dismissal will result if the Agravantes fail to appear for their deposition. This remedy is permitted under Rule 37(b)(2)(C) and (d). An order of dismissal is appropriate in instances of "willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Courts also look to factors such as the court's need to manage its docket, the public policy favoring deciding cases on their merits, the public's interest in an expeditious resolution of litigation, the risk to the party seeking sanctions, and the availability of less drastic sanctions. *Id.* at 433.[1] When the party is pro se, the severe sanction of dismissal with prejudice may be imposed as long as a warning has been given that noncompliance may result in dismissal. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). *See also Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 766 (2d Cir.

---

[1] This case is very similar to *Gallegos v. Woolworth*, 980 F.2d 737, 1992 WL 355488 (9th Cir. 1992) (unpublished), in which the Ninth Circuit affirmed the dismissal of a case because of the pro se plaintiff's willful failure to attend three scheduled depositions. The pro se plaintiff had consulted with the defendant and provided dates on which she would be available. The defendant scheduled depositions for those dates. The plaintiff failed to appear for the deposition because she was scared of heights, and the deposition was to be taken at the defendants' 31st floor office. The defendant rescheduled and renoticed the deposition for the following day at a first-floor office. The plaintiff failed to appear because she claimed that the deposition notice did not state a time; the Court found that it did. The defendant rescheduled and renoticed the deposition for a third time. For the third time, the plaintiff failed to appear claiming she never received notice of the deposition. Based on the plaintiff's consistent and willful failure to appear for her deposition, the District Court dismissed the case (without issuing a warning beforehand). This case is no different. Just as in *Gallegos*, JAL scheduled the Agravantes depositions three times; just as in *Gallegos*, none of the Agravantes' justifications have any merit; and just in *Gallegos*, dismissal is proper.

1990).

JAL's counsel has cooperated and generously accommodated Agravantes' schedules. Once the Agravantes are given a warning, their failure to comply may result in the dismissal of this case. JAL strongly urges the Court to give the Agravantes this warning.

## IV. CONCLUSION

JAL seeks an Order compelling the Agravantes to appear at their depositions, after their failure to appear three times, and with a warning that failure to appear at the Court-ordered deposition may result in dismissal of their case. JAL also request reimbursement of its attorneys fees and costs incurred for preparing this motion, preparing supporting declarations, and communicating with the Agravantes on their failures to attend their depositions.

DATED: Hagåtña, Guam, January 10, 2007.

CARLSMITH BALL LLP

*[signature]*
DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF ELYZE J. MCDONALD

I, ELYZE J. MCDONALD, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Japan Airlines International Co., Inc. ("JAL")

5. On January 4, 2007, I received a phone call from Pedro Agravante informing me that because the Court is considering JAL's Motion to Continue the Trial Date and other deadlines, he was not going to appear for his deposition on January 5, 2007. The January 5 deposition date was rescheduled from December 28, as discussed in the Supplemental Declaration of Elyze McDonald filed on December 29, 2006.

6. JAL has incurred attorneys fees and costs in coordinating the depositions, preparing amended notices of depositions, preparing this motion to compel and declarations.

I declare under penalty of perjury under the laws of Guam that the foregoing is true, correct and complete.

DATED: Hagåtña, Guam, January 10, 2007.

_____
ELYZE MCDONALD

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 10th day of January 2007, I will cause to serve, via certified mail with return receipt requested, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37, OR IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELYZE J. MCDONALD; DECLARATION OF SERVICE upon Pro Se Agravantes as follows:

> PEDRO P. AGRAVANTE
> CORITA B. AGRAVANTE
> Post Office Box 22281
> Guam Main Facility
> Barrigada, Guam 96921

Executed this 10th day of January, 2007 at Hagåtña, Guam.

_____
ELYZE J. MCDONALD