PEDRO P. AGRAVANTE, JR., Pro se
CORITA B. AGRAVANTE, Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671.646/8453, 4537
Cell. Phone no. 671.788/7291


FILED
DISTRICT COURT OF GUAM
JAN 24 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>CORITA B. AGRAVANTE<br><br>Plaintiffs<br><br>Vs.<br><br>JAPAN AIRLINES INTERNATIONAL<br>CO. LTD.,<br><br>Defendant<br>_____/ | CIVIL CASE NO. CIV04-00036<br><br>PLAINTIFFS RESPONSE TO<br>DEFENDANT JAL MOTIONS TO<br>TO COMPEL DISCOVERY AND TO<br>CONTINUE DISCOVERY AND TRIAL<br>DATES;<br>DECLARATION OF SERVICE |

I. INTRODUCTION.

Plaintiffs believe Defendant JAL compelling arguments and reply Memorandum in support of Motions to continue Discovery and Trial Dates are again "diversionary tactics" to bring the real issues to different focus and put clouds to confuse the Plaintiffs and even the court.

The real situation of this action in court, CIV04-00036 is unstable and prone to changes because of the Defendant JAL continuous Motions to Extend Scheduling Order Deadlines for different reasons. These are having proven by its Supplemental Motion (Docket no. 43) filed on

September 13, 2006, the Second Motion (Docket no. 65) filed November 15, 2006 and now the Motion to Continue Discovery and Trial Dates (Docket no. 82) filed on December 22, 2006. These are all Defendant JAL request for extensions, with the cover that the requests are for both parties and for a good cause, to meet their respective deadlines. The Plaintiffs now know, these unusual activities of Defendant JAL constantly extending the Scheduling Order is about catching up what are logged behind without regard to the enormous cost, manpower and the Court's time. The Plaintiffs are puzzled of these activities because they noticed it started sometime in earlier part of September 2006, when a new counsel came to be a part with this action in Court.

In spite of all these extensions, Defendant JAL was not able to accomplish what it intended to do. It failed and blamed this failure to the Plaintiffs accusing them of not cooperating.

II.     BACKGROUND.

On November 15, 2006, Defendant JAL filed the Second Motion (Docket no. 65), and Plaintiffs filed response to Defendant Second Motion (Docket no. 74) to document in writing what had occurred in court. This motion created an argument between the parties, because Defendant filed in court that Plaintiffs had filed an untimely objections. The Plaintiffs responded, this situation had not occurred during the course of the hearing on November 20, 2006. On November 29, 2006, a proposed Order was filed by Defendant JAL regarding these issues. On November 29, 2006, the court granted the Order (Docket no. 77-1). On December 12, 2006. Plaintiffs filed Motion for Reconsideration to hear Plaintiffs response to Defendant

Second Motion (Docket no. 78). The Plaintiffs are now waiting for the Court's response for reconsideration.

III. RESPONSE TO SPECIFIC ALLEGATIONS BY DEFENDANT

1. The Case Local Issues:

Presently, the structure of the Scheduling Order is unstable. Constantly, deadlines are changing because of the Defendant asking for extensions. For this reason, the Plaintiffs cannot project the direction the parties would go. Meanwhile, the Defendant JAL is trying to meet its Scheduling Order deadlines. When there is slack in its movement, it looks around to blame the Plaintiffs.

The question what is the reality in our situation? The Plaintiffs believe the parties do not have disputes in any phase of the Scheduling Order. The Defendant JAL thinks it is otherwise. The Defendant is making smaller issues bigger, to get the attention. In fact, the issues Defendant are complaining are just certain requirements that could be easily corrected in normal circumstances by the parties on its own. Therefore, LR 37.1 is not applicable in this situation.

The Plaintiffs believe, Defendant JAL instead should concentrate in its act as a responsible member of a team to conclude this action in court. Pursuant to LR 16.1B, paragraph 3, " that the Plaintiff pros se must take the lead in the preparation of the Scheduling Order and arrange a meeting to comply with the Rule in appropriate time frame". The Defendant JAL had never respected this protocol accorded to Plaintiff by this Rule. Instead, the Defendant JAL file motions to Extend Scheduling Order Deadlines bye passing the

Plaintiffs leadership. The Rule requires the parties shall meet in person in good faith effort to eliminate the necessity of hearing the motion. And Pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rule of Practice for the District of Court of Guam, it is understood, the parties actions after signing the Scheduling Order and Discovery Plan, in matters of court's procedures, become binding to both parties. Defendant JAL had repetitiously violated these Rules. And to use the Medium of court forum or hearing through Motions to implement extension, without discussions with Plaintiffs is actually a violation of LR 37.1. Based on this, the Court should disregard these Defendant motions as irrelevant issues because they did not pass through the proper channel or established Rules.

2. The Case International Issues:

The incident that happened on July 20, 2002 is an international incident involving a U.S. citizen injured aboard JAL aircraft bound for Guam. In this situation, Plaintiffs believe in asking for Scheduling Order Extensions, Defendant JAL, the moving party, should have the detailed program of time schedules and explanation to include Plaintiffs need to accomplish its own deadlines as a show of coordinated efforts. The motions for extensions filed in Court by Defendant concentrated only to its own deadlines and were done shortcut without discussing first with the Plaintiffs. Therefore, should Defendant JAL failed to achieve its targeted schedules, JAL should also be responsible for its failure and not to blame to Plaintiffs because those schedules were made by itself.

The Plaintiffs has also schedules to coordinate with Defendant JAL regarding those persons with discoverable information. The aircraft pilot of JAL flight JO981, the two (2)

Cabin Attendants, the three (3) experts, Dr. Richard T. Gill, expert in Human Factors from Applied Cognitive Science of Spokane, Washington USA, Dr. Peter E. Diamond, M.D., from Honolulu Sports Medical Clinic, Inc, from Honolulu, Hawaii, and Dr. Laura Liptai, a recently expert witness disclosed by Defendant JAL, field of expertise is unknown. To arrange the time these expert will be available Plaintiff has to know from Defendant. Therefore, a very tight coordination is needed between the parties to accomplish these activities and its purposes. The requested Scheduling Order has to accommodate both sides. Defendant JAL actions neglected this very important part of the case procedure.

IV.   OTHER RELATED ISSUES.

1-a) The Defendant JAL is asking the Plaintiffs further explanation what they meant of "interruption to information flow", mentioned on page 5., 1st paragraph of Plaintiffs Opposition to Defendant Motion to Continue Discovery and Trial Date (Docket no. 89).

This interruption occurred on or before September 13, 2006, when Ms. Elyze MCdonald new Attorney for Defendant JAL filed the Supplemental Motion to Extend Scheduling Order Deadlines. The exchanged of information changed and momentarily slowed down the process. Before this time, Defendant and Plaintiffs were diligent in observing the proper protocol Pursuant to Rule 16 and 26(f) of the Local Rule of Practice for the District Court of Guam. Plaintiffs believe the transition and transfer of the duties and responsibilities have caused the interruption.

1-b) Defendant JAL has just hired a new counsel."Often extensive preparation has gone

into the case. And it may be very difficult for a new lawyer to adequately familiarize herself with the particulars surrounding the matter (like this Japan Airline case (CIV04-00036) involving highly technical subject. Substitute counsel may not able to master the complexities involved in the time allowed for preparation".

This is another reason for Defendant JAL continuously asking to Extend Scheduling Order Deadlines, an interruption that cause for the case to slow down on its course.

In the Conclusion of Plaintiffs Motion (Docket no. 89), Defendant JAL noticed the incorrectly statement of Plaintiff that JAL has the burden of "Proving" that Mr. Agravante was injured during the flight at issue in this case (CIV04-00036). The incorrect word was a typographical error, however was timely corrected by Plaintiff to read "Disproving" on the Defendant's copy with initial submitted to its counsel office, CARKSMITH BALL, LLP, on January 8, 2007 at 8:24 a.m..This time with the correction stating;" the burden of "Disproving" that Mr. Agravante was injured during the flight on board JAL JO981 on July 20, 2002 is on the shoulder of Defendant. The proof submitted to Defendant that Plaintiff was injured were documented, with Expert Witness Disclosures and written testimony from Captain Antonio Tuano, that JAL pilot flying the aircraft made an Error of Judgment or purposely flying the aircraft by "Static Take-off" that injured the Plaintiff.

2. The citing of the case, Gallegos vs. Woolworth, is not similar to our case. The circumstances is about pro se Plaintiffs willful failure to attend three (3) scheduled depositions. Period. Our case circumstances is about; Defendant failure to recognize Federal Rules of Civil Procedure Rule 16 and 26(f), Local Rule of Practice for the District

of Guam Rule 16.1, Intimidation and Harassment, violation of Rule 4.4, respect for the rights of a third person, Rule 8.4 Misconduct, Rule 11, Sanction, violation of improper purpose to harass and violation of Rule 37.1, the parties shall meet in person in good faith effort…

It cannot be the same because of the circumstances surrounding the case. Therefore, the Court should not entertain this argument because its irrelevant.

3. According to Defendant JAL, regarding Local Rule 37.1 Stipulation (Docket no. 92) filed on January 10, 2007, page 2, Paragraph 7(a)(3); "The Agravantes have not filed a motion for protective order". Observing this Rule will violate Plaintiffs Legal Rights to protection of the law and therefore the exercise of this Rule is unconstitutional. Therefore, the court should deny this argument.

V. RULE 11, SANCTION, VIOLATION OF IMPROPER PURPOSE TO HARASS OR CAUSE UNNECESSARY DELAY NEEDLESS INCREASE IN THE COST OF LITIGATION

1. The transition and transfer of duties and responsibilities of counsels for Defendant JAL has caused unnecessary delay needless increase in the cost of litigation. Usually, a new lawyer according to some sources will take about 6 months to even 1 year to familiarize with the particulars of the case, involving highly technical subject   The Defendant JAL has used a a total time of 6 months to hurdle one step, the Expert Witness Disclosures. And the Defendant has repeatedly changed the Scheduling Order at the expense of the court's resources, time and the Plaintiffs cost for responding Defendant motions.

2.     The Defendant JAL has purposely acted to harass Plaintiffs in two (2) occasions to obtain signatures on stipulations under LR 37.1.

On January 8, 2007, Plaintiff Corita Agravante (wife) received a call from Ms. Elyze MCdonald asking her to participate in the preparation of a stipulation required under LR 37.1 and to sign the document. Mrs. Agravante did not understand the reason for her to sign the document. Mrs. Agravante advice Ms. Elyze MCdonald she will inform her husband and would call her. Ms. Elyze MCdonald added; "IF YOU DO NOT SIGN I WILL FILE A MOTION FOR SANCTION OR DISMISSAL OF THE CASE FOR NON-PARTICIPATION".

On January 9, 2007, Plaintiff Pedro P. Agravante, Jr. (husband), as advised by the wife called Ms. Elyze MCdonald that we should meet and discuss the direction we are going. She replies; what for? Plaintiff Agravante replies; to discuss important matters. But she was so insistent and demanding for Plaintiffs to sign LR 37.1 stipulations. Plaintiffs insisted we should wait because there are other related issues to consider and we should also schedule this meeting at a later date. She was still rushing and insisting for Plaintiffs to sign the stipulation required by LR 37.1, "EVEN OFFER TO HELP PLAINTIFFS IN PREPARING THEIR SEPARATION STIPULATION". Her insistence went as far as intimidating Plaintiff by saying; " IF YOU DO NOT COOPERATE, I WILL FILE A MOTION FOR SANCTION OR DISMISSAL OF THE CASE FOR NON-PARTICIPATION. The Plaintiff and his wife were harassed and intimidated by these statements from Ms. Elyze MCdonald.

## VI.  MS. ELYZE MCDONALD SHOULD RECUSE HERSELF IN THIS CASE

On September 13, 2006, the Defendant Supplemental Motion to Extend Scheduling Order Deadlines (Docket no. 43) with a Supplemental Declaration of Ms. Elyze MCdonald. Her Declaration of Service, she declared she is licensed to practice law before all courts in Guam. She is an attorney for Defendant Japan Airlines International Co., Ltd.. On or before July 17, 2006, her communications with Plaintiffs were through correspondence and on them showed her name was always under Mr. David Ledger's. On October 18, 2006 at about 2: 00 p.m., Plaintiff Agravante dropped a copy of the "Motion to Hear Violation of Ethical Rules and Misconduct.", at the Law Offices of CARLSMITH BALL LLP in Hagatna. Plaintiff inquired who is Ms. Elyze MCdonald. And said; I wanted to meet her personally because she was not formally introduced to him by Mr. David Ledger as his assistant. When she came, Plaintiff looked at her and said; Elyze MCdonald the sister of Jeanine MCdonald? She responded Yes. And Plaintiff Agravante asked her; do you remember my daughter Mariecor? She Responded, Yes. She was a step ahead of me at Saint John's.

At that time, Plaintiff Agravante did not know her actual position in this case, Civil Case No. CIV04-00036. I thought she was just an assistant to Mr. David Ledger. Now recently, by reading the case Docket sheet, her new position is associate attorney at CARLSMITH BALL LLP, and lead attorney for Defendant JAL in this case. It becomes problematic for us as Plaintiffs pro se at the opposite side in this case because Plaintiff Agravante knew her mother, Jenny MCdonald. In the early part of 1980's, Plaintiff Agravante worked together with her at GIBSON DEPARTMENT STORE, now the Guam Premium Outlet in Tamuning.

She worked at the corporate office and Plaintiff Agravante worked at the accounting office. Jim MCdonald at that time worked for Mobile Guam. Plaintiff and the MCdonalds played Baseball together at Tumon Baseball Field, now the Police Central Koban (precinct) is located. Jim MCdonald introduced to me by Jenny at this place we had a team practice. My daughter Mariecor and Jeanine MCdonald, the sister of Ms. Elyze MCdonald were conducting group study at our previous home at Sunrise Villa subdivision in Barrigada. We knew the parents of Ms. Elyze MCdonald.

Plaintiffs believe because of this personal friendship, it is conflicting to Ms. Elyze MCdonald's new position as Lead Counsel for Defendant JAL. Plaintiffs even Volunteered to dropped its Motion to Hear: Violation of Ethical Rules and Misconduct when Mr. David Ledger asked the court to dropped the motion during the hearing on November 20, 2006 because of her. In this hearing, the court warned the Plaintiffs to think of themselves and not for others. Ms. Elyze MCdonald should disqualify herself because of family personal relationships.

V.  ANALYSIS

Defendant constant Motions to Extend Scheduling Order have changed the structure of the Scheduling Order and Discovery Plan. In laymen "lingo", the Rules of the game have been violated in favor of one party. It is no longer in an even keel. The Rules of the game is always changed in the middle of the game. Its integrity is already in question. It can be consider, the Rules of the game do not exist.

In our language, to continue this situation at present form is discriminatory and injustice.

The display of professionalism of Defendant JAL is arrogant and without respect to Federal Rules of Civil Procedure, Local Rule of Practice, Intimidation and Harassment, Violation of Rules of Professional Conduct, Rule 4.4 Respect for the rights of a Third person. Rule 8.4, Misconduct.

Plaintiffs could not understand in spite of these violations, this case has not been decided by sanction against the Dedendant JAL, declare the Scheduling Order and Discovery Plan "Null and Void", and Defendant JAL in Default.

CONCLUSION

The Defendant JAL motion to compel Plaintiffs discovery is not issue in this present situation. The parties should sit down and assess the situation and frame a workable platform to meet goals. One party behind will not accomplish team's objective. What the Defendant JAL wanted to do now is to cover its mistakes by asking the Plaintiff to shorten the discovery. The court cannot make proper analysis and decision to go forward with the case unless both parties are prepared to go to trial. Plaintiff suggest that court should allow the parties time to evaluate the situation whether to go to trial or make concessions of out of court settlement.

Plaintiffs has been known amenable to out of court settlement. The decision to move to that direction is up to Defendant.

DATED: Hagatna, Guam, January 24, 2007

PRO SE

_____
PEDRO P. AGRAVANT, JR

PRO SE

_____
CORITA B. AGRAVANTE

DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of the laws of the United States, that on Januaru 24, 2007, I have served via Hand Deliver, a true and correct Copy of the PLAINTIFFS RESPONSE TO DEFENDANT JAL MOTIONS TO COMPEL DISCOVERY AND TO CONTINUE DISCOVERY AND TRIAL DATES; DECLARATION OF SERVICE upon Defendant counsel at the following address:

    JAPAN AIRLINES INTERNATIONAL CO., LTD.
    C/O CARLSMITH BALL LLP
    Mr. David Ledger
    Ms. Elyze J. MCdonald
    Suite 401, Bank of Hawaii Building
    134 West Soledad Street
    Hagatna, Guam 96910
    Telephone no. 671.472/6813

Executed this 24th day of January, 2007, Hagatna, Guam

                                        _____
                                        PEDRP P. AGRAVANTE, JR.
                                        Plaintiff