CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM
JAN 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>     Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>     Defendant. | CIVIL CASE NO. CIV04-00036<br><br>**DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY; DECLARATION OF ELYZE J. MCDONALD; DECLARATION OF SERVICE** |

  The simple fact of the matter is that Defendant Japan Airlines International Co., Ltd. ("JAL") scheduled Plaintiffs Pedro G. Agravante's and Corita B. Agravante's depositions within the discovery cut-off timeframe, and rescheduled the depositions upon the Agravantes' request and claims of illness and unavailability, but still within the discovery cut-off timeframe. However, the Agravantes have completely failed to cooperate in appearing for their depositions, without justification. They also failed to file motions for protective orders thereby waiving objections to the noticing and scheduling of the depositions. In their opposition, they failed to assert any legally sustainable justification for their failure to appear. Thus, JAL has

4830-5985-0497.1 ORIGINAL

demonstrated grounds for the Court to grant the motion to compel the Agravantes' depositions.

The Agravantes' Opposition raises a number of objections which are substantively unrelated to the motion and their refusal to attend their depositions. Nevertheless, JAL responds to each of those objections:

1. Issues Pertaining to the Scheduling of Discovery.

The Agravantes contend that the case is unstable. There is nothing unstable about the current standing orders of and schedule set by the Court. As the Court is aware from the litigation on this issue, the Agravantes had the opportunity to respond to JAL's motions to extend the deadline to produce expert discovery. *See* Nov. 29, 2006 Order. The Court overruled the Agravantes' objections and maintained the extended Scheduling Order in place. In other words, this is a dead issue.

The Court's deadlines as established by the November 20, 2006 Scheduling Order have been complied with by JAL. In other words, JAL has produced its expert witness disclosures to the Agravantes. JAL does not comprehend the Agravantes' argument that there exists an unstable schedule for this case and how this substantiates their refusal to attend their properly-noticed depositions.

2. JAL Has Cooperated with the Agravantes.

The Agravantes incorrectly cite Local Rule 16.1(b) for the proposition that a pro se plaintiff takes the lead in preparing a scheduling order. Rule 16.1(b) deals with the initial preparation of the Scheduling Order, and states that "It is the responsibility of plaintiff's counsel to initiate the communication necessary to prepare the Scheduling Order. In the event that the plaintiff is proceeding pro se, the defendant shall contact the plaintiff and arrange a meeting to comply with this Rule in the appropriate time frame." JAL was not required to follow Rule 16.1(b) in moving to extend the scheduling order. Instead it complied with Rule 16.5, Extension

of Deadlines Fixed in Scheduling Order, which applies after the Court has signed the Scheduling Order prepared by the parties, which occurred in this case. After the initial Scheduling Order was filed, JAL properly followed Rule 16.5 and received an extension from the Court. In any event, this issue has nothing to do with the present Motion to Compel and the Agravantes' unjustified failure to appear at their depositions.

### 3. JAL Did Not Violate LR 37.1.

Without elaboration, the Agravantes claim that JAL violates LR 37.1. Opp. at 4. JAL asks that this unsupported claim be disregarded by the Court. JAL called the Agravantes to discuss their refusal to attend their depositions. *See* Decl. of Elyze McDonald Regarding Local Rule 37.1 Stipulation, filed Jan. 10, 2007 ("McDonald 1/10 Decl."), ¶ 3. The Agravantes refused to sign any LR 37.1 stipulations. McDonald 1/10 Decl., ¶¶ 5, 6. JAL attempted in good faith to comply with LR 37.1.

### 4. The Court Should Disregard the Agravantes' Arguments Pertaining to Depositions of JAL Representatives.

The Agravantes argue that JAL should be required to coordinate with the Agravantes regarding the scheduling of both parties' depositions. This issue is completely unrelated to the Agravantes' failure to attend their depositions. JAL has no obligation to provide a "detailed program of time schedules and explanation to include Plaintiffs need to accomplish its own deadlines as a show of coordinated efforts." Opp. at 4. Even though the Agravantes are pro se, JAL need not do anything outside of the Local Rules or Rules of Civil Procedure in order to accommodate the Agravantes' need to schedule whatever depositions they seek to take. The Agravantes are free to schedule their own depositions without a meeting between the parties to coordinate their schedules. JAL has advised the Agravantes of this on more than one occasion. McDonald 1/10 Decl., ¶¶ 4, 5.

This issue is also strange because the Agravantes never notified JAL of any depositions and did not request JAL's cooperation to schedule depositions had they chosen to depose any JAL representatives. Whenever the Agravantes mentioned the scheduling of the depositions of JAL representatives as a condition to attending their own depositions, JAL responded that it was available to meet, to which the Agravantes refused to do because of their claim that the Court first needs to rule on the pending Motion to Extend Discovery and Trial Deadlines. McDonald 1/10 Decl., ¶ 5. Thus, JAL has been fully cooperative with the Agravantes.

In addition, this issue is untimely raised. The discovery cut-off date has passed, and as of the date of this Reply the Court has not extended it. Because the Agravantes can no longer schedule depositions, this issue is moot.

Thus, the court should disregard the Agravantes' arguments that JAL should be required to coordinate with the Agravantes regarding the scheduling of both parties' depositions. It is moot and irrelevant to the instant motion to compel.

5. <u>The Agravantes Failed to Move for a Protective Order.</u>

In its Motion to Compel, JAL contended that the Agravantes did not move for a protective order, and thus, did not preserve any objections in failing to attend their depositions. In response the Agravantes argued that "[o]bserving this Rule will violate Plaintiffs Legal Rights to protection of the law and therefore the exercise of this Rule is unconstitutional." Opp. at 7. In fact, the only method of preserving their rights was to file a motion for protective order. In failing to do so, the Agravantes have not preserved any objections to their failure to attend their depositions.

6. <u>The Agravantes' Request for a Recusal of Attorney Elyze McDonald from Representing JAL.</u>

Attorney McDonald did attend the same school as the Agravantes' daughter, Mariecor

Agravante ("Mariecor"), but was three grades after Mariecor. They were not classmates and did not have a personal relationship during that time. Ms. McDonald has not seen or spoken with Mariecor since 1992. Ms. McDonald is unaware of any relationship between Mariecor and her family after 1992. Until Mr. Agravante mentioned to Ms. McDonald that he worked at Gibson's, Ms. McDonald was unaware that her mother had worked with Mr. Agravante. Mr. Agravante's initial disclosures do not disclose his employment at Gibson's. To her recollection, Ms. McDonald has never met Mr. Agravante prior to the litigation. She has never visited the Agravantes' home and has no contact with the Agravantes outside this litigation. Ms. McDonald's family relocated off of Guam in 1995, and returned only briefly between 2000 through 2002. Ms. McDonald is unaware of any relationship between her family and the Agravantes during that time. McDonald Decl. attached hereto, ¶ 5.

There is absolutely no personal relationship and no conflict of interest that would preclude Attorney McDonald from continuing her representation of JAL in defense of the claims raised by the Agravantes.

7. The Agravantes Have Not Served JAL with a Rule 11 Motion.

The Agravantes appear to raise a Rule 11 violation against JAL. Opp. at 7-8. However, JAL has not been served with a Rule 11 motion as required by Rule 11(c)(1)(A). Thus, the Court should disregard the Agravantes' Rule 11 arguments as being improperly filed.

Even if the Court considers the Rule 11 arguments to be properly raised, there has been no misconduct by JAL's counsel. By January 8 and 9 the Agravantes had successfully avoided their depositions for the third time. At that point, JAL had determined to file the motion to compel the depositions, which if found to be warranted, carried the sanctions of attorneys fees and possible dismissal. Fed. R. Civ. P. 37(b)(2), (d). JAL's counsel simply informed the Agravantes of the repercussions of their refusal to attend their depositions and their refusal to

participate in forming the LR 37.1 Stipulation. In fact, JAL's Motion to Compel asks the Court to grant the motion, award JAL its attorneys fees, and issue a warning to the Agravantes that their failure to appear at their depositions may result in dismissal. JAL did not intend to intimidate the Agravantes by warning them of the possible dismissal; it simply informed them of the possibility.

In conclusion, the Agravantes fail to provide any grounds upon which to deny the motion to compel. JAL respectfully asks the Court to GRANT the motion, compel the Agravantes to attend the depositions scheduled by JAL, and issue a warning to the Agravantes that failure to attend those depositions will result in dismissal of the lawsuit.

DATED: Hagåtña, Guam, January 31, 2007.

CARLSMITH BALL LLP

*/s/ Elyze J. McDonald*
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

# DECLARATION OF ELYZE J. MCDONALD

I, ELYZE J. MCDONALD, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am licensed to practice law before all courts in Guam.

4. I am an attorney for Defendant Japan Airlines International Co., Inc. ("JAL").

5. In response to arguments pertaining to a conflict of interest between myself and the Agravantes, I respond as follows: I attended the same school as the Agravantes' daughter, Mariecor Agravante ("Mariecor"), but was three grades after Mariecor. We were not classmates and did not have a personal relationship during that time. I have not seen or spoken with Mariecor since 1992. I am unaware of any relationship between Mariecor and my family after 1992. Until Mr. Agravante mentioned to me that he worked at Gibson's with my mother, I was unaware that my mother had worked with Mr. Agravante. Mr. Agravante's initial disclosures do not disclose his employment at Gibson's. To my recollection, I have never met Mr. Agravante prior to the litigation. I have never visited the Agravantes' home and have no contact with the Agravantes outside this litigation. My family relocated off of Guam in 1995, and returned only briefly between 2000 through 2002. I am unaware of any relationship between her family and the Agravantes during that time.

I declare under penalty of perjury under the laws of Guam that the foregoing is true, correct and complete.

DATED: Hagåtña, Guam, January 31, 2007.

_____
ELYZE MCDONALD

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 31st day of January 2007, I will cause to serve, via certified mail with return receipt requested, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY; DECLARATION OF ELYZE J. MCDONALD upon Pro Se Plaintiffs Agravantes as follows:

>PEDRO P. AGRAVANTE
>CORITA B. AGRAVANTE
>Post Office Box 22281
>Guam Main Facility
>Barrigada, Guam 96921

Executed this 31st day of January, 2007 at Hagåtña, Guam.

_____
ELYZE J. MCDONALD