PEDRO P. AGRAVANTE, JR., Pro se
CORITA B. AGRAVANTE, Pro se
P.O. Box 22281
GMF, Guam 96921
Telephone no. 671. 646/ 8453, 4537
Cell. Phone no. 671.788/7291



FILED
DISTRICT COURT OF GUAM
FEB 26 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>CORITA B. AGRAVANTE<br><br>Plaintiffs<br><br>Vs.<br><br>JAPAN AIRLINES INTERNATIONAL<br>CO., LTD.<br><br>Defendant | CIVIL CASE NO. CIV04-00036<br><br>PLAINTIFFS RESPONSE TO<br>DEFENDANT JAPAN AIRLINES<br>INTERNATIONAL CO., LTD.'S<br>SECOND SUPPLEMENTAL INITIAL<br>DISCLOSURES;<br>DECLARATION OF SERVICE |

1. Background.

In May 2002, KLS CO. LTD., GUAM, USA, was formed in Guam as a joint-venture between Plaintiff Pedro Agravante Jr. and Robert J. Del Rosario, U.S. Citizens, residents of Guam and Hayao Suehiro and Heihachiro Ando, Citizens of Japan, residents of Yokohama, Japan. The primary purpose of which the Corporation was organized and its powers in connection therewith are as follows;

The operation of taxi, bus, limousines, and related Tourism Services.

The document of this joint-venture was officially signed by the parties at the U.S. Embassy in Tokyo, Japan, on May 28, 2002 with Paid-in Initial Capital of $10,000.00. And the ratio of

**ORIGINAL**

of ownerships between the parties and their corresponding positions in the Corporation are as follows:

| Name | Percentage of ownership | Position |
|---|---|---|
| Hayao Suehiro | 51 % | Chairman and President |
| Robert J. Del Rosario | 24 % | Secretary and Vice President International affairs |
| Pedro P. Agravante, Jr. | 24 % | Treasurer and Vice President Local Affairs |
| Heichachiro Ando | 1 % | None |

The company's Incorporation Certificate was issued by the Government of Guam on July 11th, 2002. This was 9 days prior to the accident that injured Plaintiff Agravante on board JAL flight no. JO 981 on July 20, 2002. KLS at that time was just a new company.

On the same day of signing the incorporation, a resolution was issued by the Board of Directors, fixing the salaries and wages of vice presidents and general managers, in this resolution (see exhibit 1.attached), Plaintiff Pedro Agravante was fixed at $5,000.00 per month from June 1, 2002 to December 31, 2002.

In December of 2002, KLS CO., LTD. GUAM, USA business operation in Guam was closed because of the injuries suffered by Plaintiff Agravante and Mr. Robert J. Del Rosario, who has also a Civil Case filed in the District of Guam (CIV04-00028) vs. Japan Airlines International Co., Ltd.. Because of their respective injuries on Board JAL and knowing that they

cannot performed their fiduciary duties and responsibilities to the company, the Board decided to temporarily closed the business.

Mr. Hayao Suehiro, the president of the company agreed to accept a promissory note for the Loan he has given to the company for business operations in Guam the amount of $100,000. (EXH 3)

2. Specific Response by Plaintiffs to JAL Second Supplemental Initial Disclosures.

    A-8.    John Shin, Prestige Automobile Guam

Mr. John Shin, is the president and general manager for BMW, Guam. Plaintiff Agravante has not meet him personally. The BMW 750i automobile was transacted by KLS at the Dealership through Mr. Roland Biscoe, Sales Manager for BMW, Guam. This automobile was procured through First Hawaiin Bank with initial down payment of $ 30,000. The automobile is a part of KLS contract with Guam Hilton to provide a vehicle for Mr. Manfred Pieper used during the duration of the contract.

    A-9.    Mr. Manfred Pieper, General Manager, Guam Hilton.

The transaction of providing him the BMW 750i was in the contract for KLS to secure Taxi Concession at the Guam Hilton. The Concession was a good decision for KLS but due to the accident that happened to Plaintiff Agravante and Mr. Del Rosario on Board JAL on July 20, 2002, it became impossible to continue the operation. The business has decided to close to the expense of the local partners, namely; Plaintiff Agravante and Mr. Del Rosario.

    A-10    Mr. Peter Sgro

He was Mr. Del Rosario's Attorney that handled the negotiation for settlement with

Japan Airlines International Co., Ltd.. But he cannot represent Mr. Del Rosario in court because he was not listed in the Guam Bar at that time. Mr. Peter Sgro ability was limited. For this reason, Mr. Del Rosario decided to terminate his services.

## CONCLUSION

The purpose of the Defendant JAL to find ways to discredit Plaintiffs Agravante's character is unorthodox, and this approach is largely meaningless. To prove this, attached is a copy of Mr. Paul M. Calvo's personal vouch for Plaintiffs character, sound mind, commercial experience and integrity. (see exhibit 2, attached).

DATED: Hagatna, Guam, February 26, 2007

PRO SE

_____
PEDRO P. AGRAVANTE, JR.
Plaintiff

PRO SE

_____
CORITA B. AGRAVANTE
Plaintiff

## DECLARATION OF SERVICE

I, Pedro P. Agravante, Jr., hereby declare under penalty of perjury of the laws of the United States, that on February 26, 2007, I have served via Hand Deliver, a true and Correct copy of the PLAINTIFFS RESPONSE TO DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES: DECLARATION OF SERVICE upon Defendant counsel at the following address:

> JAPAN AIRLINES INTERNATIONAL CO., LTD.
> C/O CARLSMITH BALL LLP
> Mr. David Ledger
> Ms. Elyze J. MCdonald
> Suite 401, Bank of Hawaii Building
> 134 West Soledad Street
> Hagatna, Guam 96910
> Telephone no. 671.472/6813

Executed this 26th day of February, 2007, Hagatna, Guam

_____
PEDRO P. AGRAVANTE, JR
Plaintiff

# EXHIBIT-1

RESOLUTION OF DIRECTORS FIXING SALARY OF
VICE PRESIDENTS AND GENERAL MANAGERS

WHEREAS, PEDRO P. AGRAVANTE, JR. AND ROBERT J. DEL ROSARIO, WERE DULY ELECTED BY THIS BOARD OF DIRECTORS ON THE _MAY_, DAY OF _28_, 2002 TO THE OFFICES OF VICE PRESIDENT LOCAL AFFAIRS AND VICE PRESIDENT INTERNATIONAL AFFAIRS RESPECTIVELY, OF KLS CO. LTD., GUAM U.S.A., AND THE SALARY TO BE PAID TO PEDRO P. AGRAVANTE, JR. AND ROBERT J. DEL ROSARIO AS COMPENSATION FOR SERVICES RENDERED IN THE CAPACITY OF VICE PRESIDENT LOCAL AFFAIRS AND VICE PRESIDENT INTERNATIONAL AFFAIRS OF THIS COMPANY WAS NOT FIXED, BE IT

RESOLVED, THAT THE SALARY OF PEDRO P. AGRAVANTE, JR. AS VICE PRESIDENT LOCAL AFFAIRS OF THIS COMPANY IS HEREBY FIXED AT FIVE THOUSAND U.S. DOLLARS ($ 5,000) PER MONTH FROM JUNE 1, 2002 TO DECEMBER 31, 2002 TO BE PAID ON THE 1ST DAY OF EACH MONTH.

RESOLVED, THAT THE SALARY OF ROBERT J. DEL ROSARIO AS VICE PRESIDENT INTERNATIONAL AFFAIRS OF THIS COMPANY IS HEREBY FIXED AT FIVE THOUSAND U.S. DOLLARS ($ 5,000) PER MONTH FROM JUNE 1, 2002 TO DECEMBER 31, 2002 TO BE PAID ON THE 1ST DAY OF EACH MONTH.

05/28/02  末廣征夫
HAYAO SUEHIRO
PRESIDENT

ROBERT J. DEL ROSARIO                 6/28/02
SECRETARY

PEDRO P. AGRAVANTE, JR.               5/28/02
TREASURER

SEAL

# EXHIBIT·2

# PAUL M. CALVO
## 138 Martyr Street
## Hagatna, Guam 96910-5105

January 4, 2002

To Whom It May Concern:

I personally have known Mr. Pete Agravante and his associates in their business undertakings on Guam for many years. I can thereby vouch for his sound mind, commercial experience, and integrity.

He is in Japan with his associates for the purpose of inviting investors to establish business on Guam, and I give my blessings and support to him in his endeavor.

The Island of Guam, as beautiful as it is, need diversity in investments and with your involvement, Guam will surely progress in the right direction.

Should you have any questions about investment opportunities in Guam wherein you may need my advice, I am available to answer your questions and to support you in any way I can.

And, welcoming and accepting my good friend, Mr. Peter Agravante, is a gesture of goodwill, and I thank you for it.

Sincerely,

Paul M. Calvo

Telephone: (671) 472-6852
Facsimile: (671) 472-6853
Email: cei@calvoent.com

# EXHIBIT-3

# PROMISSORY NOTE

$100,000.00                                                                 Hagåtña, Guam

                                                                    February __, 2003

FOR VALUE RECEIVED, Robert J. Del Rosario, whose Social Security Number is ___-__-____ and whose mailing address is 110 Calamendo Loop, Liguan Terrace, Dededo, Guam 96929 (the "Maker"), promises to pay to the order of Hayao Suehiro, whose address is Sankyo Seisakusho Co., Ltd., Tsuzuki-ku, Ikebe-cho 3290, Yokohama City, Japan 224-0053, the sum of One Hundred Thousand dollars ($100,000.00)(the "principal amount") together with interest thereon as provided herein.

The unpaid principal balance of this Note shall bear interest at the rate of one (1%) percent per month, compounded monthly. Monthly payments of interest only in the amount of One Thousand Dollars ($1,000.00) shall be due and payable, in advance, on each one-month anniversary of the date first set forth above. The first such payment shall be due and payable upon the twelfth (12th) month anniversary of the date first set forth above and payments shall continue thereafter for the next eleven (11) months. On the twenty-fourth (24th) month anniversary of the date first set forth above, the entire principal balance of this Note, together with all accrued interest and any other charges properly due hereunder, shall be due and payable in full.

The amount of any delinquent payment of principal and/or interest (i.e., not paid within ten (10) days of notice) shall bear interest at the rate of two (2%) percent per month, compounded monthly, from the date due to the date payment is made, and in the event that the holders exercise their right to accelerate this Note as provided herein, upon default, then the amount so accelerated shall bear interest at the rate of two (2%) percent per month, compounded monthly, from the date of notice of such acceleration to the date payment is made. This Note shall be prepayable in whole or in part at any time or times.

The Maker also agrees to pay all costs and expenses incurred by the holders hereof, including all reasonable attorneys' fees, in connection with the collection of this Note and the indebtedness evidenced hereby, or the enforcement of the holders' rights hereunder.

At the option of the holders, the entire principal balance of this Note, together with accrued interest thereon, shall become immediately due and payable without further notice or demand, and notwithstanding any prior waiver of any breach or default or other indulgence, upon the occurrence at any time of any one or more of the following events: (i) default in making any payment of principal or interest, but only if such default continues for ten (10) days after written notice thereof is sent by post paid certified mail to the Maker; (ii) execution of a trust mortgage, insolvency, appointment of a receiver for any part of the property of, assignment for the benefit of creditors by, or the filing of a petition in bankruptcy by, or the filing of a petition in bankruptcy or the commencement of any proceedings under any bankruptcy or insolvency laws or any laws relating to the relief of debtors, readjustment of indebtedness, composition or extension by or against the Maker; or upon the dissolution or termination of the Maker.

The Maker hereby: (a) waives presentment, demand, protest, suretyship defenses and defenses in the nature thereof; (b) waives any defenses based upon and specifically assents to any and all extensions and postponements of the time for payment, changes in terms and conditions and all other indulgences and forebearances which may be granted by the holders to any party now or hereafter liable hereunder; and (c) agrees to be bound by all of the terms contained in this Note.

No delay or omission on the part of the holders in exercising any right hereunder shall operate as a waiver of such right, or of any other right of such holders, nor shall any delay, omission or waiver on any one occasion be deemed to be a bar to, or waiver of, the same or of any other right on any future occasion.

Payment of this Note and the performance of its provisions are secured by a security

agreement executed concurrently herewith by the Maker for the security of the holders.

Executed as a sealed instrument effective the day first set forth above.

_____
ROBERT J. DEL ROSARIO

GUAM              )
                  ) ss:
CITY OF HAGÅTÑA   )

On this 18th day of February, 2003, before me a Notary Public in and for Guam, personally appeared ROBERT J. DEL ROSARIO, known to me to be the person whose name is subscribed to in the foregoing instrument and acknowledged to me that he executed the same as his own free act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

NORMALOU G. MANIBUSAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Aug. 8, 2004
P.O. Box 20248, GMF, Guam 96921

) SEAL (