PEDRO P. AGRAVANTE, JR., Pro se
and CORITA B. AGRAVANTE, Pro se
213 Calamendo street, Liguan Terrace
Dededo, Guam 96921
Telephone no. 671.646/8453, 4537
Cell. Phone no. 671.646/8453



**FILED**

DISTRICT COURT OF GUAM

MAR 1 2 2007 mbσ

**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR.<br>CORITA B. AGRAVANTE<br><br><br>Plaintiffs<br><br><br><br>JAPAN AIRLINES INTERNATIONAL CO.,<br>   LTD.<br><br><br>Defendant<br><br>_____/ | CIVIL CASE NO. 04-00036<br><br>MOTION FOR CLARIFICATION<br>TO PENDING MOTION FOR<br>RECONSIDERATION AND TRIAL<br>DATES:<br>DECLARATION OF SERVICE |

I.    Background.

On July 9, 2004, Plaintiffs signed the Attorney/Client Contingency Fee Contract with

Attorney William Gavras of the Law Offices of Gorman & Gavras in Hagatna, Guam to handle

this civil case vs. Japan Airlines International Co., Ltd. for Plaintiffs injuries suffered on board

JAL flight no. JO 981 on July 20, 2002.

On July 20, 2004, exactly two (2) years after the accident, Atty. William Gavras filed a

formal Complaint in relation to the injuries suffered by the Plaintiff.

On February 8, 2005, Defendant JAL through the Law Offices of CARLSMITH BALL

LLP, in Hagatna sent its First Request for Answer to Interrogatories and First Request for

Documentation. Attorney William Gavras did not inform his client, Plaintiff Agravante the existence of these request until in the latter part of June 2005. The corresponding responses for these initial Discovery should have been accomplished 30 days from the date of request. Therefore, these responses had been long overdue at that time of over 120 days, enough for Defendant JAL to construed as an action of abandonment and could be ground for dismissal.

On or about the early part of April of 2005, Attorney David Ledger, counsel for Defendant JAL warned Attorney William Gavras the responses for the initial discovery has been 60 days long overdue and that his client JAL may not allow for additional days extension. Because of this warning, Attorney William Gavras started to work with the Plaintiffs to prepare for the responses for the next 2 weeks with Jeanil, one of his Para-legal secretary. In the latter part of July 2005, Plaintiffs Agravante were called by his office to come-by to sign the documents and on that certain day Plaintiffs waited for Attorney William Gavras. He did not attend during the signing, because he was busy. Jeanil asked Plaintiff instead to come back the following day however, were required put their respective signatures on the paper before leaving the office.

The following day, Plaintiff Pedro P. Agravante came to obtain the copy of the document with William Gavras signature. In the meeting, Attorney William Gavras started to discourage the Plaintiff to pursue the case because he did not believe in the case. He even was laughing and continued insulting the Plaintiff about his religious belief.

At that very moment, Plaintiff was wondering what happened with his mind, acting very strange. Obviously, he did not even look in his files about the Static take-off that can cause injury to airline passengers according to the testimony of Captain Antonio Tuano. The expert witness for the Plaintiff case. Even to asked Plaintiff Pedro Agravante's medical records.

The questionable part of his action was, he accepted the case by signing a Attorney/Client Contingency Fee Contract on July 9, 2004 and filed Plaintiff's Complaint for Damages vs. Japan Airlines International Co. Ltd. on July 20, 2004, in the District Court of Guam. Besides that, he will not prolong holding the case for one (1) year if he did not believe in the case.

Plaintiffs Agravante believe he abandoned the case because he was not able to ask for an extension from Defendant JAL for additional time to respond because it was already long over due. On August 5, 2005, Plaintiff decided to terminate his services. After this date, Plaintiffs was left to fend for themselves and was forced to handle their case without counsel.

II. THE CASE DEVELOPMENT.

On November 15, 2006, Defendant JAL filed its Second Motion to Extend Scheduling Order Deadlines.(Docket no. 65.) It explained, the request for an extension was because of the difficulty of the process of securing the data that is beyond JAL's control, and that the delays

is necessitated, and for a good cause exist, it justifies time for JAL to meet its expert witness disclosures.

On November 27, 2006, the Plaintiffs filed a response to Defendant Motion (Docket no.74) to document in writing what has occurred in Court.

On November 29, 2006, a Court Order (Document no. 77.1) was issued in relation to what had occurred on the day of the hearing on November 20, 2006. Accordingly, it said, the Plaintiffs had raised untimely objections. The Plaintiffs responded, they did not object, instead agreed to the changes requested by Defendant JAL.

The Defendant JAL went ahead, the Plaintiffs untimely objections included; because there have been many changes to the original Scheduling Order and Discovery Plan, the court should declare it "Null and Void" and should find the Defendant "technically" in default for causing these delays. Because of Defendant JAL "Diversionary Tactics", the Court responded, as for Plaintiff other request, the Court will deny said request.

On December 12, 2006, Plaintiff filed a Motion for Reconsideration to Hear Plaintiffs Response to Defendant Second Motion. (Docket no. 78), should reverse its Order particularly the following issues: To declare the Scheduling Order and Discovery Plan "Null and Void" because it has already lost its integrity. Should find Defendant JAL "Technically in Default"

for causing it because the Order was granted without proper deliberation. The Court until at present time had not responded to this Motion for Reconsideration that the Plaintiffs are still waiting.

The issues of the Defendant JAL continuously mangling the Scheduling Order Deadlines to fit for its purposes and allowed by the Court is injustice. For the Plaintiffs, the Scheduling Order and Discovery Plan do not exist because they do not serve both parties litigating this action in court. (Civil Case no. CIV04-00036).

## CONCLUSION

Plaintiffs Agravante are now asking the Court with humility and deep respect to look into this matter as human beings and what is right. And to respectfully request to reverse the Court Order issued on November 29, 2006 (Document no. 77-1), for both parties to have a new Scheduling Order and Discovery Plan, and to allow the Plaintiff to hire a new counsel according to the U.S. Constitution's Fifth Amendment.

DATED: Hagatna, Guam, March 12, 2007.

PRO SE

PEDRO P. AGRAVANTE, JR.
Plaintiff

PRO SE

CORITA B. AGRAVANTE
Plaintiff

DECLARATION OF SERVICE

I, PEDRO P. AGRAVANTE, JR., hereby declare under penalty of the laws of the

United States, that on March 12, 2007, I have served via Hand Deliver, a true and correct copy

MOTION FOR CLARIFICATION TO PENDING MOTION FOR RECONSIDERATION AND

TRIAL DATES;

DECLARATION OF SERVICE upon Defendant counsel at the following address;

> JAPAN AIRLINES INTERNATIONAL CO., LTD.
> C/O CARLSMITH BALL LLP
> Mr. David Ledger
> Ms. Elyze J. MCdonald
> Suite 401, Bank of Hawaii Building
> 134 West Soledad Street
> Hagatna, guam 96910
> Telephone no. 671.472/6813

Executed this 12, of March, 2007, Hagatna, Guam.

_____
PEDRO P. AGRAVANTE, JR
Plaintiff