PEDRO P. AGRAVANTE, JR, PRO SE
And CORITA B. AGRAVANTE, PRO SE
P.O. Box 22281
Guam Main Facility
Barrigada, Guam 96921
Telephone no. 671. 646-8453,4537
Cell. Phone no. 671.788-7291

FILED
DISTRICT COURT OF GUAM

JUL 10 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

PEDRO P. AGRAVANTE, JR
CORITA B. AGRAVANTE

Plaintiffs

JAPAN AIRLINES INTERNATIONAL CO., LTD.,

Defendant

CIVIL CASE NO. CIVO4-00036

MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT

1. BACKGROUND.

During the hearing of Summary Judgment on July 6, 2007. I was confused and I panic. Though I have been working in this case for almost 24 months as pro se, I was not familiar in front of a Judge. The previous hearing I have experienced was regarding responding to the Scheduling Order and Discovery Plan and other topics pertinent to the case. And have never been questions in depth with regards to the case. There were about 21 Motions, this either to respond or to file my Motions. I was the sole responsible person and no one else.

Today, I would like to ask an apology for my actions in Court that day which are uncalled for and to file a Motion for Reconsideration.

2. POINTS TO DISCUSS FOR RECONSIDERATION.

On the early part of the hearing, there was three (3) questions that Defendant JAL said the Plaintiffs Agravante fail to provide the Court with any supported evidence to establish a genuine issue

ORIGINAL

of material fact sufficient to avoid summary judgment. Under the Warsaw Convention, an alleged injury during an international flight, and such evidence must show 1) that, there was an unusual or abnormal event external to the passenger that causes the passenger injury. 2) that, the accident was something other than the passenger's unexpected interaction with the normal flight conditions. 3) that, Mr. Agravante did not report any injuries or make any personal claim or statement to JAL personnel during the flight; Mr. Agravante then waited for two years until seeing a doctor to report any physical ailments allegedly related to the flight no 981 on July 20, 2002.

ANALYSIS:

1) That. there was an unusual or abnormal event external to the passengers that causes the passenger's injury.

ANSWER: At that time of the accident, the abnormal event was the way the aircraft was flown. I described it as the aircraft "suddenly jolted and went fast-forward" and took off to the air. That the **causation** part of the **accident** was the **static or standing takeoff**, of which both parties are in agreement that indeed, Captain Hideo Masuhara had flown the aircraft in this manner. This was the unusual or abnormal event that is external to the passengers that caused my injury.

2) That, the accident was something other than the unexpected passenger's interaction with the normal flight conditions.

ANSWER: This is an undermining statement. The actual situation is that, I have not seen the accident involved someone killed in that flight due to the runaways carts. I did not have emotional trauma that will caused me to have an own internal reaction to what I have seen in front of me. What I experience was that I felt there was something wrong the way the aircraft was flown. It was not a normal flight.

3) That, Mr. Agravante did not report any injuries or make any personal claims or statement to JAL personnel during the flight. Mr. Agravante then waited for 2 years until seeing a doctor to

report any physical ailments allegedly related to the flight. There is no plausible link between Mr. Agravante allegedly injury and the takeoff of JAL flight no. 981 on July 20, 2002. As admitted by Mr. Agravante, was purely the result of his own internal reaction with the usual and normal operation of the aircraft.

ANSWER: When JAL arrived at the airport in Guam. I already have pain in my back, numbness in my arms, neck and shoulder. I slammed hard backward to my seat and I felt pain like a whiplash. I submitted my report to an employee of JAL at the airport upon arrival on Guam on July 21, 2002.

In my report, I wrote what happened during that flight of JAL JO 981 on July 20, 200 and I explained what went wrong during that flight. I said; the aircraft suddenly jolted and went fast-forward and took off to the air. I purposely reported this because it will explain how I get this injury in my back. The specifics of the injury will come later on should I file a complaint. The statute of limitation for this case is 2 years. I still have enough time to see a doctor and to document my injuries. This is the reasons I did not seek or consult a doctor for over 2 years. I thought it was minor and it will just go away. Instead, I asked my wife to massage the injured area before going to bed with oil and alcohol. It was giving me relief at that time.

On August 8, 2004, I went to see Dr. Donald Preston, Internal Medicine at the Guam Adult-Pediatric Clinic in Dededo. He examine me. He said my neck movement is abnormal and my shoulder joints are abnormal and I need an X-ray and later MRI Scanning examinations on the same areas

Then, on August 2, 2005, almost 1 year passed, because of my worsening condition, I went back to see Dr. Donald Preston. He referred me to LMR X-ray pro at Oka, in Tamuning for my back pain. The result of my X-ray revealed; there is narrowing of the disc spaces of C-5-6, and C-6-7 and encroachment in the neuroforamina bilaterally at C-5-6, and C-6, C-3-4 on the left.

What is the link? The link was the statement in exhibit 1, (not so visible),"57 years old person accident on July 20, 2002, JAL takeoff filed claim in Court". The 3 exhibits were link because of this

specific statements. The Incident Report, the X-ray and this GAPC progress notes.

On the other hand, Defendant JAL said; I admit it was my own internal reaction with usual normal operation of the aircraft that cause my injury. I did not say this in any of my motions. This was just statement by JAL to create a situation, and it was not true. I have not seen anybody during that flight of JAL JO981 that died in front of me that will cause an internal reaction to me. What I noticed at that time was the manner the aircraft was flown abruptly or by static takeoff that cause my back injury.

Dr. Peter Elliot Diamond

These statements was part of his Deposition: it said; "AND I JUST QUALIFIED THAT BECAUSE HE HAD TWO (2) OR THREE (3) MILLIMETERS OF SUBLUXATION, NOW, SUBLUXATION IS WHEN A JOINT OR 2 SLIDE ON EACH OTHER MORE THAN IS NORMAL, BUT ENOUGH TO ACTUALLY GET OUT OF THE JOINT, NOT ACTUALLY DISLOCATE" is a revealing statement of the injury of the spine.

What is Gate?

The way someone walk. It is the cadence, the rhythm. It breaks down into literally hundreds of movements all incorporated in a fluid mechanism.

Dr. Peter Elliot Diamond did not see me personally. He was stating his opinion about my x-ray film.

I was referred to Dr.Steven Hayashida, a Neurosurgeon from Honolulu, Hawaii. He was a visiting doctor in Guam. But at that time, He was no longer coming to Guam. But he told me your GATE is not coordinated, which means you have problems with your spinal cord. I was referred by Dr. Alix Zenet to him. (See exhibit II)

Captain Antonio Tuano.

I misunderstood, what he told me. He said, the flight on July 20, 2002 to fly the aircraft with static takeoff was uncalled for. The reason is because distance the of Japan to Guam is very close.

It was very seldom or unusual to fly the aircraft in this manner. But, according to him, it is the prerogative or a choice of the pilot to fly his aircraft. Whatever will happen to the aircraft, it was his sole responsibility.

Pursuant to Local Civil Rule 7.1 (i), a party may seek the reconsideration of a decision by the Court, specifically, Rule 7.1 (i) provides;

MOTION FOR RECONSIDERATION. A motion for reconsideration of the decision on any motion may be made only on the grounds of;

1. A material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could have been known to the party moving for reconsideration at that time of such decision, or

2. The emergence of a new material facts or a change of law occurring after the time such decisions, or

3. A manifest showing of a failure to consider material facts presented to the Court before such decision.

As outlined, the Plaintiffs Motion for Reconsideration discloses a new material facts applicable Pursuant to Local Rule 7.1 (i), a party may seek the reconsideration of a decision by the Court.

CONCLUSION

The Plaintiff was able to respond according to the need of the Defendant and that there were some evidence that are very important to the case that were not discussed. One issue of key evidence that link the Incident Report and X-ray was GAPC progress notes, that states "57 year old person JAL accident 7/20/02 takeoff filed claim in Court". The medical referral by Dr. Alix Chenet to Dr. Steven Hayashida that I have a GATE problem. These are new material facts.

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant this Motion for Reconsideration.

DATED: Hagatna, Guam, 10th, July 2007

PRO SE

PEDRO P. AGRAVANTE, JR.
Plaintiff

PRO SE

CORITA B. AGRAVANTE

# EXHIBIT I

GAPC PROGRESS NOTES

Patient Name: [illegible] Patient # [illegible]

Bill #

Date 9/08/04 DOB

Chief complaint [illegible]

History of Present Illness (Location, quality, severity, duration, timing, context, modif. Factors, assoc. signs): 57 yo [illegible] accident 7/20/[illegible] [illegible]

**Review of Systems**

| | | |
|---|---|---|
| Constitutional | normal | abnormal |
| Eyes | normal | abnormal |
| ENT | normal | abnormal |
| CV | normal | abnormal |
| Respiratory | normal | abnormal |
| GI | normal | abnormal |
| GU | normal | abnormal |
| MS | normal | abnormal |
| Skin/breast | normal | abnormal |
| Neurologic | normal | abnormal |
| Psychiatric | normal | abnormal |
| Endocrine | normal | abnormal |
| Blood/lymph | normal | abnormal |
| Allergy/Immune | normal | abnormal |

**Past/Family/Social history**

Medicine allergies NKDA marital status ______ Medications [illegible]

Smoker ______ Alcohol use ______

Exercise presently ______ Past surgeries ______ Family history ______

**Physical Exam** BP 140/80 Pulse 90 Temp. 98.1° RR 20 weight 140 #

| | | | |
|---|---|---|---|
| **Constitution** | Appearance | normal | abnormal |
| **Eyes** | Conjunctiva/lids | normal | abnormal |
| | Pupils/ iris | normal | abnormal |
| | Fundus exam | normal | abnormal |
| **ENT** | Inspect ears/nose | normal | abnormal |
| | Exam TM/canals | normal | abnormal |
| | Exam hearing | normal | abnormal |
| | Inspect-exam nares | normal | abnormal |
| | Inspect lips/teeth/gums | normal | abnormal |
| | Exam oral cavity | normal | abnormal |
| **Neck** | Exam neck | normal | abnormal |
| | Exam thyroid | normal | abnormal |
| **Respiratory** | Assess resp. effort | normal | abnormal |
| | Percussion chest | normal | abnormal |
| | Palpation chest | normal | abnormal |
| | Breath sounds | normal | abnormal |
| **CV** | Palpate heart | normal | abnormal |
| | Auscultate heart | normal | abnormal |
| | Exam Carotid artery | normal | abnormal |
| | Exam abd. Aorta | normal | abnormal |
| | Exam femoral artery | normal | abnormal |
| | Exam pedal pulses | normal | abnormal |
| | Exam edema/varicose | normal | abnormal |
| **Breasts** | Inspect | normal | abnormal |
| | Exam breasts | normal | abnormal |
| **Lymphatics** | Neck | normal | abnormal |
| | Axilla | normal | abnormal |
| | Groin | normal | abnormal |
| | Other | normal | abnormal |
| **GI** | Exam Abd | normal | abnormal |
| | Exam liver/spl | normal | abnormal |
| | Exam hernia | normal | abnormal |
| | Exam anus/rect | normal | abnormal |
| **GU(male)** | Ex. Scrotum/test. | normal | abnormal |
| | Exam penis | normal | abnormal |
| | Exam prostate | normal | abnormal |
| **GU(female)** | Ex. Peri /vagina | normal | abnormal |
| | Ex. Urethra | normal | abnormal |
| | Ex. Bladder | normal | abnormal |
| | Exam cervix | normal | abnormal |
| | Exam uterus | normal | abnormal |
| | Exam adnexa | normal | abnormal |
| **MS** | Ex. Gait/station | normal | abnormal |
| | Ex. Digits/nails | normal | abnormal |
| | Ex. Joints/m/bone | normal | abnormal |
| | Ex. ROM | normal | abnormal |
| | Ex. Stabl /laxity | normal | abnormal |
| | Ex. M. tone and str | normal | abnormal |
| **Skin** | Inspect skin | normal | abnormal |
| | Exam. Skin | normal | abnormal |
| **Neurologic** | Ex. Cranial n. | normal | abnormal |
| | DTR's | normal | abnormal |
| | Sensation | normal | abnormal |
| **Psychiatric** | Jdgment/insight | normal | abnormal |
| | Orientation | normal | abnormal |
| | Memory | normal | abnormal |
| | Mood/affect | normal | abnormal |

Coded by

X MSE

__ SOE

**Additional PE for Single Organ System Exam**

**Lab Data**

**Analysis/Plans** [illegible]

ok 10

INCIDENT REPORT

Flight no. JO 981

Bound from Narita to Guam,

Time of incident: About 10:20 a.m.

Day/Date: 7/20/02, Saturday

The plane was on standbye waiting for the control tower for a "GO" signal. The plane suddenly jolted and (START TAKE OFF) went fast forward, and at the same time a big banging scary sound can be heard coming from the front of the airplane where food were prepared, then 3 large metal food handling trays rolled out, dislodged from its holding panels running out onto the passengers seats, hitting or striking seat nos. 1 G and 1 H, damaging the right side of seat no. 1 G and hitting the left foot of one (1) passenger, Mr. Robert J. Del Rosario who was seating in 1 H.

It took 5 minute for 3 attendants to take out the 3 trays from the alley.

Result:

1. Passenger Robert J. Del Rosario suffered fractured left foot, complaining about pain, shortness of breathing, nervo[us] frighten by the incident.

2. Gross negligence on the part of the airline attendants for not properly securing the 3 large metal food handling trays.

WITNESSES;

Pedro P. Agravante, Jr.
A passenger, Flight no. JO 981
A companion of Robert J. Del Rosario during the flight
Seat no. 2 G, 3 feet away from the incident

Susum Nito
Japanese resident
Passenger seat no. 1 G

**LMR, X-Ray Pro**

647-XPRO (9776)

241 Farenholt Avenue, Suite 107 Tamuning, Guam 96911

X-Ray No: 21132

Patient Name: AGRAVANTE, PEDRO

D.O.B.: 10/5/46

Examination: C-SPINE, 4VS.

Date: 8/2/05

Relevant Diagnosis: PAIN

Requesting Physician: DR. PRESTON

**Findings:**

AP, lateral and oblique views of the cervical spine were obtained. There is mild straightening of the normal lordotic curvature at the lower cervical spine. The vertebral bodies are normal in height. Small marginal osteophytes are noted at C-5,6 and 7. There is mild narrowing of the disc spaces of C-5-6 and C-6-7. There is moderate encroachment into the neuroforamina bilaterally at C-5-6 and C-6-7 and to a lesser degree at C-3-4 on the left.

**Impression:**

Mild to moderate lower cervical spondylosis with disc space narrowing as described above.

**Interpreting Radiologist:**

**D. MICHAEL MUDD, M.D.**

**VINCENT LIZAMA, M.D.**
**VLjb 8/2/05**

Exhibit 2

**Guam Adult-Pediatric Clinic**

612 N. MARINE DRIVE, SUITE #8,
DEDEDO, GUAM 96929
PHONE: 671-633-GAPC (4272)

☐ Don Preston, MD ~ *Internal Medicine*
☑ Alix Chenet, MD ~ *Internal Medicine*
☐ Antonio Apellanes, MD ~ *Pediatrics*
☐ Marina Apellanes, MD ~ *Pediatrics*

# REFERRAL FORM

DATE: 8/09/05

PATIENT'S NAME: Pedro Asravante

DATE OF BIRTH: ______ PATIENT'S NO. ______ INSURANCE: SP

ALIX B. CHENET, M.D.

FROM (Attending Physician): Chen

TO (Consulting Physician): Dr Hayashida 777-0795

REASON FOR CONSULT:

Pt with Rt shoulder Rotator Cuff ? Tear and Cervical Spondylosis c̄ ? Radiculopathy

## REPORT

App for Eval

FINDINGS:

DIAGNOSIS

RECOMMENDATIONS:

SIGNATURE (Consultant): ______ Date: ______