CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM

JUL 23 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PEDRO B. AGRAVANTE and CORITA B. AGRAVANTE, <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV004-00036 <br><br> **DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION; DECLARATION OF SERVICE** |

I. **INTRODUCTION**

At the culmination of this three-year long case, during which both the Court and Japan Airlines endured repeated frivolous filings by Plaintiffs Pedro B. Agravante and Corita Agravante and which ended in summary judgment in favor of Defendant Japan Airlines International Co., Ltd. ("JAL"), the fitting finale is denial of, and an award in favor of JAL for the costs and expenses for responding to, a wholly meritless and unsubstantiated Motion for Reconsideration of the Court's Decision granting summary judgment.

Plaintiffs' Motion is the paradigm "second bite at the apple" which Rule 60 is specifically

intended to avert. The Motion fails to present any new facts or a change in the law, and fails to show how the Court failed to consider any material facts the first time around. The failure to point to anything new signifies that the Court can deny the Motion outright without a hearing and award JAL appropriate sanctions.

The time that the Court and that JAL have expended and will expend in responding to this meritless motion is but a drop in the total amount of time and resources the Court and JAL have invested in this case, which the Court has labeled as frivolous and as a waste of its resources. The Court has warned the Agravantes repeatedly that its frivolous conduct is sanctionable. Sanctions can no longer be withheld and the time to impose them is now.

## II. PLAINTIFFS DO NOT MEET THE CRITERIA FOR A MOTION FOR RECONSIDERATION.

Local Rule 7.1(i) provides the elements with which the Court examines Plaintiffs' Motion for Reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> ***No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.***

LR 7.1(i) (emphasis added).

Although Plaintiffs cite LR 7.1(i), they fail to comply with its standards. The Rule is not

included in the Court's Local Rules just to take up space, and it is hardly subject to differing interpretations. Rather, the prerequisites for reconsideration are as clear as they can be. Plaintiffs provide no new facts or a change in the law, and make no manifest showing that the Court failed to consider material facts in granting JAL's summary judgment motion.

Plaintiffs first state that the static or standing takeoff was unusual or abnormal. They made this claim earlier, and after examining all available pertinent evidence and facts the Court rejected it. The Court properly found that there was nothing or unusual about the takeoff because the takeoff occurred according to industry standard and JAL policy. July 9, 2007 Order re Mot. for Summary Judgment at 6.

Mr. Agravante claims that he had an internal reaction in that he felt there was something wrong with how the aircraft was flown. However, this does not point to any mistake in law or fact, or any failure by the Court to consider any material fact. The Warsaw Convention requires an external occurrence, and here, Mr. Agravante mentions only an internal reaction he experienced.

Also, Mr. Agravante unabashedly claims that his mention of the plane jolting forward in the Incident Report shows that he did point out he suffered an injury to his back. However, JAL is not required to read Mr. Agravante's mind and determine that he experienced an injury to himself, particularly when he mentions an injury of another person. Moreover, this argument is not a new issue of fact or law or a material fact that the Court failed to consider. The Court considered the Incident Report and rejected Mr. Agravante's claim that he suffered any injury.

Indeed the only "material fact" that Plaintiffs claim is "new" is that Dr. Hayashida told Mr. Agravante he had a gait problem. This allegation *could have been, but was not*, properly presented during the summary judgment proceedings, and therefore is not "new" within the

meaning of LR 7.1. That no mention was made at the summary judgment stage -- or any other stage of this three year old case -- is hardly surprising as the flight on JAL was never singled out as causation for any alleged "gait problem" nor was it was ever raised as a basis for compensation. There is a total lack of proof that the flight was in any way linked to the alleged gait problem. Moreover, it is not a material fact because it is unsubstantiated by any affidavit, as is required by Rule 56. Therefore, there is nothing before the Court for reconsideration.

The Motion for Reconsideration has no basis in fact or law, and should be denied outright.

## III.   SANCTIONS ARE WARRANTED.

At the hearing on the motion for summary judgment, this Court stated that this case was frivolous. In its decision, the Court said that to submit this case before a jury would be a "waste of judicial resources." July 9, 2007 Order re Mot. for Summary Judgment at 8. However, the hearing on the summary judgment motion was not the first time the Court has noticed the Agravantes' failure to comply with the Rules of the Court or the first time that the Agravantes have asserted a frivolous argument. Rather the Agravantes have been on clear notice that the Court does not tolerate their frivolous filings.

Throughout this litigation, the Agravantes have wasted this Court's resources and forced JAL to unnecessarily incur attorneys' fees and costs to respond to frivolous filing and claims. On February 2, 2007, the Magistrate issued an Order granting JAL's motion to compel the Agravantes to attend their noticed depositions, which they failed to do after they asked to reschedule the depositions three times. *See* Feb. 2, 2007 Order. Although the Court denied JAL's request for fees and costs for compelling the Agravantes depositions and for scheduling and rescheduling the depositions three times, it stated that it "will not hesitate to impose sanctions if the Plaintiffs fail to attend the upcoming deposition. Furthermore, the Plaintiffs are

placed on notice that failure to comply with this Order may result in the dismissal of this action and/or the finding of the Plaintiffs in contempt of court." Feb. 27, 2007 Order at 1-2.

The Agravantes' defiance of the Court's orders continued however, to the extreme detriment of this Court and JAL. The Agravantes increased the costs in this case by failing to pick up their mail, by filing frivolous motion after frivolous motion, and by their general conduct. For example, the Agravantes failed to participate in a LR 37.1 stipulation on JAL's Motion to Compel the Agravantes' depositions, for no good reason. *See* Decl. of Elyze McDonald Regarding Local Rule 37.1 Stipulation, filed Jan. 10, 2007.

As noted, three times the Agravantes promised, but failed, to attend their depositions. Their conduct in failing to attend those depositions was outright deceptive. JAL first noticed the Agravantes' depositions for December 14, 2006, which it rescheduled and renoticed due to the Agravantes' claims of illness, even though Mrs. Agravante did not appear ill when she requested the continuance. *See* Decl. of Elyze McDonald, filed Dec. 22, 2006 ("McDonald 12/22 Decl."), ¶¶ 6-7, 9. JAL believed that Mrs. Agravante fabricated her illness in order to avoid being deposed, as evident by the fact that Mrs. Agravante called Attorney McDonald from her workplace to report that she was ill. McDonald 12/22 Decl., ¶ 6.

Nevertheless, accommodating the Agravantes' schedules JAL rescheduled and renoticed the depositions for December 28, 2006. The day before the December 28 deposition, Mr. Agravante informed JAL that he was unilaterally holding off the deposition because JAL had filed a motion to continue the discovery and trial dates. *See* Decl. of Elyze McDonald, filed Dec. 29, 2006 ("McDonald 12/29 Decl."), ¶¶ 7-8. The Agravantes were put on notice that their depositions would proceed as scheduled. McDonald 12/29 Decl., ¶ 8. On the day of the December 28 deposition, Mr. Agravante called JAL and advised that he could not attend his

4832-1126-3489.1.051729-00007          Page 5 of 9
Case 1:04-cv-00036   Document 136   Filed 07/23/2007   Page 5 of 9

deposition because of his service on the Superior Court grand jury which meets on Thursdays. McDonald 12/29 Decl., ¶ 10. Until the day of the December 28 deposition, Mr. Agravante had never advised JAL of his unavailability to be deposed on a Thursday because of his grand jury service. McDonald 12/29 Decl., ¶ 10. Again accommodating the Agravantes' schedules, JAL renoticed the depositions for January 5, 2007. Again, the Agravantes unilaterally canceled their depositions because they believed they did not have to appear while the motion to extend deadlines was pending. *See* Decl. of Elyze McDonald, filed Jan. 10, 2007, ¶ 5. As already noted, the Court declined to sanction Plaintiffs, however, at the current stage of this case, the Court has before it a pattern of deceptive and frivolous conduct that is not isolated to Plaintiffs' depositions, and not isolated to their failure to cooperate.

Their frivolous conduct extends to their filings before the Court. Plaintiffs are familiar with the standards for motions for reconsideration, and yet, knowingly filed the present Motion for Reconsideration knowing that they were not presenting any new facts or law. The instant motion for reconsideration is not Plaintiffs' first in this action. On December 12, 2006, Plaintiffs filed a "Motion for Reconsideration to Hear Plaintiffs Response to Defendant Second Motion." Plaintiffs' December 12, 2006 Motion for Reconsideration similarly failed to meet the standard required by Local Rule 7.1(i). It was noted within the opposition briefing that the Motion was frivolous. *See* JAL's Opposition to Pl.'s Mot. for Reconsideration to Hear Pls. Response to Def. Second Mot., filed Dec. 22, 2006.

Plaintiffs filed numerous baseless filings claiming that counsel for JAL had ethical conflicts and attacking counsel's integrity, and asking for the disqualification of counsel. *See* Petition to Take-Off from the Case Defendant's Counsel due to Conflict of Interest, filed November 28, 2005; Motion to Seek New Counsel or for the Court to Appoint Advising Counsel

to Assist Plaintiff in this Action, filed on October 2, 2006; Motion to Hear Violations of Ethical Rules and Misconduct, filed on October 18, 2006. *See also* Pl.s' Response to Def. JAL Mots. to Compel Discovery and to Continue Discovery and Trial Dates, filed Jan. 24, 2007 (seeking to disqualify Attorney McDonald). The Court's response to these repeated attempts to disqualify counsel, which JAL was required to respond to each time:

> While the court will not impose sanctions upon Plaintiffs for their repeated attempts to re-litigate this issue, the Court's tolerance is not infinite. The Court warns the Plaintiffs that although they are proceeding pro se, they will not be treated more favorably than parties who are represented by counsel, nor must they ignore the rules of procedure that govern all litigants. The Court will not hesitate in imposing reasonable sanctions if warranted.

Nov. 15, 2006 Order at 8

Plaintiffs even made an issue out of the simple task of picking up their mail. Plaintiffs complained that they were not served with motions, even though it was clear that motions were being mailed by certified mail to Plaintiffs' address as noted on their pleadings. *See* Nov. 15, 2006 Order at 6-8. During a hearing on November 20, 2006, the Court instructed Plaintiffs to check their mailbox once a week. *See* Civil Minutes, filed Nov. 20, 2006. Even after that instruction, Plaintiffs continued to fail to pick up their mail. *See* Decl. of Elyze McDonald, filed Dec. 22, 2006.

The Court has repeatedly warned the Agravantes that they should not present any groundless motions or would be subject to sanctions. Plaintiffs have disregarded the Court's warnings, wasted the Court's resources, and engaged in conduct warranting Rule 11 sanctions. JAL has spent tens of thousands of dollars defending this frivolous case, defending repeated frivolous filings, and defending the integrity of its counsel. While JAL has repeatedly asked for sanctions, the Court has resisted in favor of warnings. The Court's consistent warnings that sanctions may be awarded, however, have not had the desired impact on Plaintiffs.

The impact of this frivolous case on JAL extends beyond the economics of its defense, which required the retention of two expert witnesses and the involvement of off-island witnesses. It involves the time and attention, spanning over three years, that JAL personnel have devoted for a case that has so clearly proven to be meritless. It involves the efforts of its counsel in dealing with difficult opponents who have defied the Court's orders that they follow the Court's rules and procedures.

Plaintiffs' conduct warrants sanctions in an amount equal to that spent in defending this entire case. Should the Court allow an award of sanctions, JAL seeks an award of its fees in responding to this Motion for Reconsideration, and every past Motion, filing, and action that the Court has found to be sanctionable. JAL will furnish such fees and costs upon the Court's ruling.

## IV. CONCLUSION

Plaintiffs present no basis warranting a reconsideration of the Court's Order granting JAL's Motion for Reconsideration. Even more, Plaintiffs' Motion for Reconsideration is one more frivolous filing in a long sequence of frivolous filings and conduct committed on behalf of Plaintiffs. JAL respectfully requests an order denying the instant Motion and awarding sanctions to compensate it for having to respond to Plaintiffs' endless string of frivolous activities.

DATED: Hagåtña, Guam, July 23, 2007.

CARLSMITH BALL LLP

*/s/ Elyze J. McDonald*
ELYZE J. MCDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

4832-1126-3489.1.051729-00007 Page 8 of 9
Case 1:04-cv-00036 Document 136 Filed 07/23/2007 Page 8 of 9

## DECLARATION OF SERVICE

The undersigned hereby certifies that on the 23d day of July 2007, I will cause to serve, via certified mail, returned receipt requested, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION; DECLARATION OF SERVICE; upon Pro Se Plaintiffs as follows:

>PEDRO P. AGRAVANTE, JR.
>CORITA B. AGRAVANTE
>Post Office Box 22281
>Guam Main Facility
>Barrigada, Guam 96921

DATED: Hagåtña, Guam, July 23, 2007.

_____
ELYZE J. MCDONALD