DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| PEDRO P. AGRAVANTE, JR. and CORITA B. AGRAVANTE,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INT'L CO., LTD.,<br><br>Defendant. | Civil Case No. 04-00036<br><br>**ORDER RE MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT** |

This case is before the court on the Plaintiffs' Motion for Reconsideration of Summary Judgement. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the court hereby **DENIES** the motion and issues the following decision.

**BACKGROUND**

This action was filed on July 20, 2004. The Plaintiffs alleged negligence on the part of the Defendant, resulting in injuries sustained by Plaintiff, Mr. Agravante while on board a flight from Japan to Guam operated by the Defendant, Japan Airlines International Co., Ltd. (JAL).

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

The Plaintiff, Mrs. Agravante also brought a loss of consortium claim against the Defendant.

After a number of baseless filings by the Plaintiffs, the Defendant JAL filed the summary judgment motion in question. The court considered the evidence presented by the parties and had a lengthy hearing on the motion. The court concluded that the Plaintiffs had failed to come forward with any admissible evidence showing a genuine issue that should be submitted before a jury. Accordingly, the motion was granted. On July 10, 2007, the Plaintiffs filed the instant motion to reconsider the court's July 9, 2007 Order.

## DISCUSSION

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a prior order. Specifically, Rule 7.1(i) provides:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion</u>.

Local Civ. R. 7.1(i) (emphasis added).

The Plaintiffs' motion does not state or otherwise suggest that there is a basis for reconsideration under any of the foregoing grounds recognized under the Local Rule 7.1. The Plaintiffs have failed to demonstrate a material difference in fact or law, the emergence of new facts or a change in law, or provide a manifest showing of a failure to consider material facts presented to the court. It is clear that the Plaintiffs seek another review of the same arguments they previously made in hopes of getting the court to change its prior ruling.

Motions to reconsider are appropriate only in rare circumstances:

- 2 -

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Urtuzuastegui v. U.S.* 2001 WL 175940, *1 (D.Ariz.,2001) (citations omitted).

A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through -- rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

In ruling on the motion, this court did not summarily make a ruling without due accord given the matter. As noted the Plaintiffs' motion to reconsider neither discloses any new facts that the court was unaware of, nor does it reveal any manifest error of law in the court's ruling. *In re Agric. Research & Tech. Group,* 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts"). Accordingly, this court does not find that the Plaintiffs have made any kind of showing justifying this court to grant the relief they seek.

As an aside, the Defendant has asked that the Plaintiffs be sanctioned for the filing of this motion. At this time, the court will not sanction the Plaintiffs. However, should the Plaintiffs persist in their efforts to have this matter reconsidered further this court will not hesitate to impose sanctions.

## CONCLUSION

Upon consideration of the foregoing, the court finds that the Plaintiffs are requesting the court to rethink what it has already thought through. Such a request does not warrant a granting of the motion for reconsideration. Therefore, the Plaintiffs' Motion for Reconsideration is **DENIED**. Additionally, the Plaintiffs should heed this court's strong warning that should they file any further frivolous pleadings they risk being sanctioned.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jul 27, 2007**